# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL PRESS CLUB JOURNALISM INSTITUTE, et al. | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civ. Act. No. 18-2932 (RC) |
| v. | ) ) | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al. | ) ) ) ) | |
| Defendants. | ) | |

## ANSWER

Defendant United States Immigration and Customs Enforcement ("ICE") and the United States Department of Homeland Security ("DHS") (collectively, "Defendants"), hereby answer the Complaint for Relief filed by National Press Club Journalism Institute ("NPCJI" or the "Institute") and Kathy Kiely ("Kiely") (collectively, "Plaintiffs" ) as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff is not entitled to compel the production of records exempt from disclosure by one or more exemptions of the Freedom of Information Act ("FOIA"), 5 U.S.C § 552.

### THIRD DEFENSE

The Complaint, including paragraphs 10-33, among others, violates Fed.R.Civ.P. 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Fed.R.Civ.P. 12(f).

**FOURTH DEFENSE**

Plaintiffs have not named United States Citizenship and Immigration Services ("USCIS") as a party in this action and define the term "Defendants" as used in the Complaint as referring only to ICE and DHS.  (Compl. ¶ 1)

**FIFTH DEFENSE**

The FOIA request at issue, which is attached as Exhibit A to the Complaint, was submitted to ICE, and not to DHS.

In response to the numbered paragraphs of the Complaint, Defendants respond as follows:

**COMPLAINT[1]**

1.  The allegations contained in Paragraph 1 consist of Plaintiffs' characterization of this action and the relief they seek, to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiffs purport to bring this action under FOIA, and Defendants deny the remaining allegations contained in this paragraph.

2.  The allegations contained in Paragraph 2 consist of Plaintiffs' characterization of this action and the relief they seek, and otherwise asserts conclusions of law, to which no response is required.  Defendants respectfully refer the Court to the FOIA request at issue, attached as Exhibit A to the Complaint, for a full and accurate description of its content and deny the remaining allegations in this paragraph, as well as any allegations inconsistent with the content of the FOIA request.

3.  Defendants lack knowledge or information sufficient to form a belief as to the truth of

---

[1]   Defendants have included the headings listed in the Complaint simply to assist in reading the pleadings and do not admit the accuracy of those headings to the extent they can be construed as asserting allegations of fact.

the allegations in the first three sentences of this paragraph and therefore deny those allegations. With respect to the allegations in the fourth sentence of paragraph 3, the allegations are denied as records have been released to Plaintiffs as of the date of this Answer.  The remaining allegations assert conclusions of law to which no response is required.  To the extent any response is required, the allegations are denied.

## JURISDICTION

4.   The allegations contained in Paragraph 4 constitute Plaintiffs' conclusion of law regarding subject matter jurisdiction and personal jurisdiction, to which no response is required.

5.   The allegation contained in Paragraph 5 constitute Plaintiffs' conclusion of law regarding venue, to which no response is required.

6.   Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny them.

7.    Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny them.

8.   ICE admits that it is an agency within the meaning of FOIA and a component of DHS, and that ICE headquarters is located at 500 12th Street, SW, Washington, DC 20563.  The remaining allegations assert conclusions of law to which no response is required.  To the extent any response is required, the allegations are denied.

9.    DHS admits that it is an agency within the meaning of FOIA, and that its headquarters is as stated in this paragraph.  In response to the remaining allegations in this paragraph, those allegations assert conclusions of law to which no response is required.  To the extent any response is required, the allegations are denied.

## FACTUAL ALLEGATIONS
### Background

10-33.    The allegations contained in paragraphs 10 through 33 are Plaintiffs' characterization of alleged background information and argument.  These paragraphs do not

contain allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.  To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs based on a reasonable investigation of facts pertinent to the resolution of the claims at issue in this FOIA action and therefore deny the allegations on that basis.  In further response, to the extent the allegations in these paragraphs refer to official government reports or legal decisions, Defendants refer the Court to those documents for a complete and accurate statement of their contents and deny the allegations to the extent inconsistent with the content of those documents.

## Plaintiffs' FOIA Request

34-37. The allegations contained in paragraphs 34 through 37 are Plaintiffs' characterization of its FOIA Request which was received by ICE on June 7, 2018.  To the extent that a response is required, Defendants respectfully refer the Court to the FOIA Request which is attached to the Complaint at Exhibit A for a true and complete statement of its content and denies the allegations in this paragraph to the extent inconsistent with the content of the FOIA request.

38. The allegation contained in paragraph 38 asserts a conclusion of law. To the extent a response is required, the allegation is denied.

## Defendants' Treatment of Plaintiffs' FOIA Request

39. ICE admits the allegations in paragraph 39, and refers the Court to Exhibit B to the Complaint for a complete and accurate statement of its contents.

40-41. In response to the allegations in these paragraphs, ICE refers the Court to ICE's Acknowledgment Letter attached to the complaint at Exhibit B for a true and complete statement of its contents and denies the allegations in these paragraphs to the extent inconsistent with the content of ICE's Acknowledgement Letter.

42-43. The allegations in these paragraphs pertain to USCIS, which is not a named

party in this action. To the extent any response is required, Defendants refer the Court to Exhibit C to the Complaint for a complete and accurate statement of its contents, and deny the allegations in these paragraphs to the extent inconsistent with the content of that document.

44. In response to the allegations in this paragraph, Defendants refer the Court to Plaintiff's appeal, which is attached as Exhibit D, for a complete and accurate statement of its contents. Defendants deny the allegations to the extent inconsistent with the content of that document.

45. ICE admits the allegations in paragraph 45.

46. Defendants respectfully refer the Court to Exhibit E of the Complaint for a complete and accurate statement of its contents, and deny the allegations to the extent inconsistent with the content of that document.

47-48. The allegations in these paragraphs pertain to USCIS, which is not a named party in this action. To the extent any response is required, Defendants refer the Court to Exhibit C to the Complaint for a complete and accurate statement of its contents, and deny the allegations in these paragraphs to the extent inconsistent with the content of that document.

49. Defendants deny that any FOIA request was issued to DHS that would warrant any communication from DHS. Defendants further aver that, as of the filing date of the Answer, further communications have occurred from ICE and USICS and, on that basis, deny the allegations in this paragraph.

50. Defendants deny that any FOIA request was issued to DHS that would require the release of any records from DHS. Defendants further aver that, as of the filing date of the Answer, documents have been released to Plaintiff by ICE and USCIS and, on that basis, deny the allegations in this paragraph.

51. In response to the allegations in this paragraph, Defendants refer the Court to the dates on the referenced documents relative to the filing date of the Complaint, and deny the allegations to the extent inconsistent with those dates.

## CAUSES OF ACTION

### Count I

52. Defendants incorporate by reference their responses to all preceding paragraphs.

53. Defendants admit the allegation in paragraph 53.

53. The allegation in paragraph 54 asserts a legal conclusion.  To the extent a response is required, Defendants deny the allegation.

55.  The allegation in paragraph 55 asserts a legal conclusion.  To the extent a response is required, Defendants deny the allegation.

56.  The allegations in paragraph 56 assert a legal conclusion. To the extent a response is required, Defendants deny the allegation.

### Count II

57.   Defendants incorporate by reference their responses to all preceding paragraphs.

58.   Defendants admit the allegation in paragraph 58.

59. The allegation in paragraph 59 asserts a legal conclusion.  To the extent a response is required,Defendants deny the allegation.

60.  Defendants deny the allegation in paragraph 60.

61.  The allegation in paragraph 61 asserts a legal conclusion.  To the extent a response is  required, Defendants deny the allegation.

62. The allegation in paragraph 62 asserts a legal conclusion.  To the extent a response is required, Defendants deny the allegation.

48[2].  The allegation in paragraph "48" asserts a legal conclusion.  To the extent a response is required, Defendants deny the allegation.

49.  The allegation in paragraph "49" asserts a conclusion of law.  To the extent a response is required, Defendants deny the allegation.

### Count III

---

[2] Defendants note that Plaintiffs' Complaint includes two erroneously numbered paragraphs (paragraph 48 and 49). Defendants have answered using the same erroneous numbering convention to mirror the Complaint.

63. Defendants incorporate by reference their responses to all preceding paragraphs.

64. Defendants admit the allegation in paragraph 64.

65. The allegation in paragraph 65 asserts a conclusion of law.  To the extent a response is required, Defendants deny the allegation.

66. The allegation in paragraph 66 asserts a conclusion of law.  To the extent a response is required, Defendants deny the allegation.

67. The allegation in paragraph 67 asserts aa conclusion of law.  To the extent a response is required, Defendants deny the allegation.

68. The allegation in paragraph 68 asserts a conclusion of law. To the extent a response is required, Defendants deny the allegation.

## Count IV

69. Defendants incorporate by reference their responses to all preceding paragraphs.

70-72.   The allegations in these paragraphs assert conclusions of law to which no response is required.  To the extent any response is required, the allegations are denied.

## **REQUESTED RELIEF**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.  The remainder of the Complaint sets forth Plaintiffs' prayer for relief to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief for which Plaintiffs pray.

    Respectfully submitted,

    JESSIE K. LIU, D.C. Bar #472845
    United States Attorney

    DANIEL F. VAN HORN
    D.C. BAR # 924092
    Civil Chief

By: _____/s/_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov