UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL PRESS CLUB JOURNALISM
INSTITUTE, *et al.*,

    *Plaintiffs*,

    v.

U.S. IMMIGRATION AND CUSTOM
ENFORCEMENT, *et al.*,

    *Defendants*.

Civil Action No. 18-2932 (RC)

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO
FILE REPRESENTATIVE SAMPLE *VAUGHN* AND
PARTIAL CONSENT MOTION FOR EXTENSION TO
<u>FILE MOTION FOR SUMMARY JUDGMENT</u>**

    Defendants U.S. Immigration and Customs Enforcement (ICE) and U.S. Citizenship and Immigration Services (USCIS) hereby reply to Plaintiffs' Opposition (Doc. 45).

**I.**    **There is Good Cause to Grant a 90-day Extension**

    "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court has wide discretion in scheduling matters. *See Beale v. District of Columbia*, 545 F. Supp. 2d 8, 15 (D.D.C. 2008).

    Counsel for Defendants began his position as an Assistant United States Attorney on Monday, October 24th – 16 days ago. As is evident from the docket, he filed his Notice of Substitution of Counsel one week later on Monday, October 31st – 9 days ago. Before undersigned counsel was substituted into this case, prior counsel for Defendants repeatedly engaged with Plaintiffs about narrowing the scope of records for the *Vaughn* index. Although the

parties disagree about the scope, they nonetheless engaged in good faith efforts to try and resolve the issue. Unable to resolve the issue, prior counsel for Defendants timely filed their motion.

Given the wide discretion that the Court has in scheduling matters and the facts above, Defendants contend that there is good cause to grant a 90-day extension – 30 days more than what Plaintiffs already consent to. As mentioned earlier, Defendants have been diligent in their efforts to narrow the scope of the *Vaughn* index with Plaintiffs. A 60-day extension, further, would require a response during the holidays. And given that undersigned counsel is new to the case (and the office, as well), an extra 30 days would greatly benefit both Defendants and the Court by enabling Defendants' new counsel a more adequate time to prepare what for him will be his first summary judgment brief in a FOIA matter. The requested extension should allow for a more carefully researched and drafted brief that will benefit the Court by more appropriately addressing the issues in this case. Moreover, the requested extension should also allow the parties a more sufficient opportunity to address amicably whether the issues can be narrowed, thereby saving the Court from needing to decide issues on which the parties may be able, with sufficient time, to reach agreement.

Case law supports this extension. In *Beale v. District of Columbia*, defendant District of Columbia sought an extension of discovery four days after the deadline had passed. 545 F. Supp. 2d 8, 12 (D.D.C. 2008). A significant reason for the delay was personnel changes in the office. *Id.* Although Magistrate Judge Kay was sympathetic to the plaintiffs' position, he ultimately concluded that there was good cause to grant an extension after the fact:

> While the Court is sympathetic to Plaintiffs' position in this matter, particularly in light of the history of delays in this case, the Court must consider the circumstances and timing of prior counsel's withdrawal of his appearance and the efforts being made by the Office to staff this case with three attorneys who are diligently working to familiarize themselves with this litigation.

*Id.* at 13. The plaintiffs appealed Magistrate Judge Kay's opinion, but the district court stated that the loss of counsel may constitute good cause for reopening discovery. *Id.* at 15. Similar to what Plaintiffs argue here, the plaintiffs in *Beale* also argued that 90 days was not brief and that they were prejudiced by a two-year delay in the case, but the district court rejected those arguments, finding that Magistrate Judge Kay's extension was not clearly erroneous. *Id.* at 19. Here, unlike in *Beale*, the issue is not 90 days, but 30 days. Although Plaintiffs indicate that they would be prejudiced by the "excessive" delay, they would not. Newly assigned counsel, however, would greatly benefit from an extra 30 days, being that he is new to the office and still getting up to speed on a very substantial docket of complex cases.

Considering the diligence of prior counsel, the approaching holidays, and the addition of new counsel, Defendants contend that there is good cause to grant a 90-day extension – 30 days more than what Plaintiffs have consented to.

**II.      Defendants Should Be Permitted to File a Representative *Vaughn***

        A.      <u>The Number of Pages at Issue Supports a Representative *Vaughn*</u>

"[R]epresentative sampling is 'an appropriate procedure to test an agency's FOIA exemption claims when a large number of documents are involved.'" *Campaign for Responsible Transplantation v. U.S. Food and Drug Admin.*, 180 F. Supp. 2d 29, 33 (D.D.C. 2001) (citation omitted). "The D.C. Circuit held that it is within the trial judge's discretion to choose random or representative sampling, as the specific case may require." *Id.* at 34.

Plaintiffs state in their Opposition that Defendants have not made "any effort" to argue that the standard for providing a representative *Vaughn* has been met. Doc. 45 at 4. That is inaccurate. Defendants have indicated that there are more than 3,000 pages at issue here, as well as two spreadsheets with 9,700 rows and five columns of information, and 10,500 rows and 14 columns of information. Doc. 42 at 5-6. In support of Defendants' argument to provide a

representative sample of 388 pages and a portion of the two spreadsheets, Defendants cited numerous cases. Doc. 42 at 5. For example, Defendants cited *Bonner v. U.S. Department of State*, a case where 63 documents were included in a sample out of 1,776 at issue. 928 F.2d 1148, 1151 (D.C. Cir. 1991). Defendants also cited *Allen v. Department of Defense*, a case where 350 documents were included in a sample out of 5,000. 658 F. Supp. 15, 23 (D.D.C. 1986). The above facts and cases cited support Defendants' argument that a representative sample of 388 pages is appropriate.

The cases cited by Plaintiffs against using a representative sample actually support otherwise. For example, Plaintiffs cite *Alliance Defending Freedom v. Internal Revenue Service*, Civ. A. No. 15-0525 (EGS) (D.D.C. Dec. 22, 2016), ECF No. 23. True, that case involved 10,850 pages withheld in full – more than at issue here – but the Court ordered a random sampling of 2% of those 10,850 pages, which equates to 217 total – less than what Defendants are offering in this case. *Id.* at 7. Plaintiffs also cite *Competitive Enterprise Institute v. U.S. Environmental Protection Agency*, a case where 6,698 documents were at issue. Civ. A. No. 12-1617 (JEB), 2013 WL 12453279, at *1 (D.D.C. June 27, 2013). There, the Court ordered that the agency *Vaughn* 10% of the fully withheld documents and 1% of the partially withheld ones, or 222 documents total. *Id.*

Furthermore, cases cited by both parties as support for their respective positions actually support Defendants more. For example, in *Meeropol v. Meese*, the D.C. Circuit affirmed a lower court's decision to sample 1% of documents totally or substantially withheld, which equated to 301 pages total – again, less than what Defendants are offering to sample here. 790 F.2d 942, 959 (D.C. Cir. 1986). And in *Weisberg v. U.S. Department of Justice*, the D.C. Circuit affirmed two representative samples ordered by the lower court – one for roughly 300 pages and another

for 400 pages – reflecting that the 388 pages that Defendants have offered here is right in line with precedent. 745 F.2d 1476, 1489-90 (D.C. Cir. 1984).

Plaintiffs rely extensively on one case in support of their position that a representative sample is inappropriate here: *Stonehill v. U.S. Dep't of Just. Tax Div.*, Civ. A. No. 19-03770, 2022 WL 407145 (D.D.C. Feb. 10, 2022). Plaintiffs argue that the number of documents in this case, as opposed to the number of pages, makes a representative sample inappropriate. Doc. 45 at 5. However, the D.C. Circuit has considered this argument before and rejected it:

> We reject as well the contention that the district court erred in examining sample *pages*, rather than entire documents. Some of these documents were over 100 pages long. Since the pages sampled were from documents which were all totally or substantially withheld, the FBI was maintaining that no segregable, non-exempt material existed within them. Such claims may properly be tested through an examination of randomly selected pages.

*Meeropol v. Meese*, 790 F.2d 942, 959 (D.C. Cir. 1986) (emphasis in original).

The plethora of cases cited by the parties, if anything, supports the position that whether to have a representative *Vaughn* index is within the Court's discretion, and the number of pages at issue here are numerous enough such that one is appropriate.

      B.      <u>The Method of Sampling Proposed by Defendants is Representative of the Whole</u>

Defendants offered to *Vaughn* the following:

1. all of the 174 pages of ICE records withheld in full;

2. every 15th page of the approximately 3,000 pages of ICE records released in part, encompassing approximately 200 pages of the released in part pages;

3. every 15th page of the 217 pages of consult records, encompassing approximately 14 pages; and

4. the specific rows in each of the two spreadsheets that reference one or both individuals.

The method of sampling proposed by Defendants has been widely used by courts over many years. *See, e.g.*, *Alliance Defending Freedom*, ECF No. 23, at 8 (D.D.C. Dec. 22, 2016)

5

(providing for sampling of every 50th page of documents fully withheld); *Competitive Enter. Inst.*, 2013 WL 12453279, at *2 (D.D.C. June 27, 2013) (sampling of every 10th fully withheld document and every 100th partially withheld document); *Meeropol*, 790 F.2d at 956 (sampling of every 100th page); *Weisberg*, 745 F.2d at 1489-90 (sampling of every 200th page out of 60,000). Courts have consistently used this method because it is unbiased and allows the Court to extrapolate a whole from a sample. *Cf. Weisberg*, 745 F.2d at 1490 ("There is no contention that the integrity of the *Vaughn* index is questionable, nor could there be in view of the fact that the sampling was random.").

Plaintiffs assert, however, that the above method is unreliable. Doc. 45 at 5-7. They assert that the above method would produce numerous duplicate documents based on their "review of the records produced in part or in full to date." *Id.* That characterization, however, is misleading. By their own admission, they are including records produced "in full" in their assessment when, under Defendants' proposal, the produced "in full" pages would not even be part of the sampling. Defendants instead propose to include on the *Vaughn* all pages withheld in full as well as every 15th page of the pages withheld in part. Defendants do not propose to include in the sampling the over 11,000 pages produced in full. As such, the representative sample produced by Defendants would, in fact, be sufficiently reliable.

The method of sampling proposed by Defendants has been used by the courts over the years because it is a sufficiently reliable and unbiased way to represent the whole. Defendants urge the Court to adopt the same method here.

    C.    <u>The Foreseeable Harm Provision of FOIA Does Not Preclude a Representative *Vaughn*</u>

"An agency shall withhold information . . . only if the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b)."

6

5 U.S.C. § 552(a)(8)(A). "[A]n agency must release the document unless doing so would reasonably harm an exemption-protected interest." *Jud. Watch, Inc. v. U.S. Dep't of Comm.*, 375 F. Supp. 3d 93, 100 (D.D.C. 2019).

Plaintiffs' argument that the foreseeable harm requirement precludes the use of a representative *Vaughn* is self-defeating. After making that argument that a representative sample is inappropriate because of FOIA's foreseeable harm provision, Plaintiffs acknowledge that they are not contending that a sample *Vaughn* can never be used in FOIA litigation. Doc. 45 at 7-8. The foreseeable harm provision does not preclude a sample *Vaughn* here. And, of course, if the sample *Vaughn* supports doubts about the propriety of the agencies' reasonable harm determinations, then the Court would retain discretion to order a more comprehensive *Vaughn* index.

### D. Defendants Do Not Object to Plaintiffs Proposing a Different 388 Pages to *Vaughn*

Plaintiffs, in the alternative, suggest that the Court direct Plaintiffs and Defendants to each designate between 300 and 500 pages for inclusion in Defendants' *Vaughn* index. Doc. 45 at 8-9. Defendants have already proposed that they include a *Vaughn* of 388 pages, made up of the 174 pages withheld in full, 200 pages withheld in part based on a sampling process, and 14 pages withheld in part after consultations with other entities with equities in the subject records also based on a sampling process. Doc. 42 at 5-6. If Plaintiffs want to designate their own 388 pages, Defendants would not object and would be willing to *Vaughn* those chosen by Plaintiffs instead of the ones proposed by Defendants.

## CONCLUSION

For the foregoing reasons, and those set forth in Defendants' motion, the Court should grant the requested 90-day extension for Defendants to file their motion for summary judgment

7

and should adopt either Defendants' proposal for a representative sample *Vaughn* as set forth in Defendants' motion or adopt Plaintiffs' alternative proposal as modified by Defendants immediately above.

Date:   November 9, 2022

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   */s/ Sam Escher*
Sam Escher, D.C. Bar No. 1655538
Assistant United States Attorney
601 D Street N.W.
Washington, D.C. 20530
(202) 252-2531
Sam.Escher@usdoj.gov

*Counsel for Defendants*