UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PRESS CLUB JOURNALISM INSTITUTE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOM ENFORCEMENT, et al., <br><br> Defendants. | Civil Action No. 18-2932 (RC) |

**DEFENDANTS' OPPOSED MOTION FOR AN EXTENSION OF TIME
TO FILE A MOTION FOR SUMMARY JUDGMENT**

Defendants U.S. Immigration and Customs Enforcement (ICE) and U.S. Citizenship and Immigration Services (USCIS) hereby file this Motion for an Extension of Time to File a Motion for Summary Judgment. Defendants seek a three-month extension from the date that the Court rules on this motion to file a Motion for Summary Judgment, to be supported by a *Vaughn* index addressing approximately 3,200 pages that were withheld in part or in full during the two years of rolling productions in this litigation. The parties met and conferred about this motion on Thursday, January 19, 2023, via email. Plaintiffs oppose this motion and intend to file an opposition.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "District courts enjoy broad discretion when deciding case management and scheduling matters." *Assassination Archives & Rsch. Ctr. v. Dep't of Just.*, Civ. A. No. 18-1868 (TNM), 2022 WL 17976438, at *2 (D.D.C. Feb. 14, 2022).

As the Court is aware, on October 24, 2022, Defendants filed a motion for a 90-day extension to file a motion for summary judgment, and a motion to file a *Vaughn* index using a representative sample of the withheld materials. *See* ECF No. 42. Defendants filed that motion after repeatedly trying to work with Plaintiffs to narrow the issues to focus further litigation on the matters actually in dispute, as narrowing would conserve both party and judicial resources. *See, e.g.*, Email from J. Simon (July 20, 2022), Ex. A hereto; Email from A. Hughes (Sep. 30, 2022), Ex. B hereto. Although Plaintiffs agreed not to contest the withholding of social security numbers, dates of birth, home addresses, and personal phone numbers for persons for whom Plaintiffs had not provided a privacy waiver, in the main Plaintiffs declined Defendants' invitation to narrow the issues. *See id.* Plaintiffs opposed Defendants' motion on November 2, 2022, *see* ECF No. 45, and Defendants filed their reply on November 9, 2022, *see* ECF No. 46. On January 5, 2023, the Court granted in part and denied in part Defendants' motion. *See* Min. Order. The Court ordered Defendants to include a *Vaughn* index of all the documents at issue when filing its motion for summary judgment by January 25, 2023. *See id.*

Unfortunately, given the limited resources at ICE, Defendants will not be able provide the Court with a summary judgment motion and supporting documentation by January 25, 2023. If required to do so, Defendants will not be able to offer the Court briefing or supporting materials that will enable the Court to carefully weigh the issues presented in this case and to appropriately protect the significant interests that underlie the Defendants' withholdings, including, among other important considerations, the substantial privacy interests of third parties. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("'[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'"). "FOIA expressly recognizes that 'important interests [are] served by [its] exemptions,' and '[t]hose exemptions are as much a part

of [FOIA's] purpose[s and policies] as the [statute's disclosure] requirement.'" *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019) (citations omitted; alterations in original). The Court should accord Defendants the time necessary to show why these "important interests" justify the withholdings in this case, and, as shown herein, there is good cause for doing so.

When Defendants originally proposed the January 25, 2023, deadline, they did so in the expectation that the Court would grant their motion for a *Vaughn* index of a representative sample. In other words, if the Court denied their motion—as the Court ultimately did—then Defendants would need substantially more time to create an adequate *Vaughn* index of all the pages at issue.

Currently, Defendants do not have adequate resources to process FOIA requests, both in this case and in numerous others, both those in litigation and those pending administratively. At the end of Fiscal Year 2021 ("FY2021") (the most recent fiscal year for which a FOIA annual report for the Department of Homeland Security is available), ICE had 4,212 pending requests. *DHS FY2021 Annual FOIA Report* at 15, https://www.dhs.gov/sites/default/files/2022-03/FY%2021%20DHS%20Annual%20FOIA%20Report.pdf. Further, it only had 57.7 "full time" staff to process these requests. *Id.* at 27. In the 2022 Chief FOIA Officer Report, ICE reported that the cause for its backlog was that it "received requests at a rate that exceeded the resources available to complete the work. The increase in backlog was attributed to staffing vacancies, [and] an increase in the complexity and number of requests received." *2022 DHS Chief FOIA Officer Report* at 29, https://www.dhs.gov/sites/default/files/2022-03/22_0314_privacy_2022_dhs_chief_foia_officer_report_508.pdf. ICE proffered several ways to reduce its backlog, including, notably, "redistributing staff to focus on the backlog," having "ICE personnel, including supervisors, work[] overtime for several months," and detailing "a supervisor from the U.S. Secret Service to assist in this effort to reduce the backlog." *See id.* at 32.

Unfortunately, despite these efforts to manage its FOIA requests, Defendants are still grossly understaffed and underresourced. For Defendants to be able to draft and file an adequate motion for summary judgment, declaration, and *Vaughn* index for approximately 3,200 pages (in lieu of the 388 pages proposed for the sample *Vaughn*), while still being able to manage their responsibilities in other cases, they need more time. Specifically, Defendants request a three-month extension from the date that the Court rules on this motion.

## CONCLUSION

For the foregoing reasons, the Court should extend by three months, from the date that the Court rules on this motion, the deadline for Defendants' summary judgment motion.

Date:   January 20, 2023                    Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   */s/ Sam Escher*
SAM ESCHER, D.C. Bar #1655538
Assistant United States Attorney
601 D Street N.W.
Washington, D.C. 20530
(202) 252-2531
Sam.Escher@usdoj.gov

*Counsel for Defendants*