UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PRESS CLUB JOURNALISM INSTITUTE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOM ENFORCEMENT, et al., <br><br> Defendants. | Civil Action No. 18-2932 (RC) |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO ITS
MOTION FOR AN EXTENSION OF TIME TO
FILE A MOTION FOR SUMMARY JUDGMENT AND
<u>SUPPORTING DOCUMENTATION</u>**

Defendants U.S. Immigration and Customs Enforcement ("ICE") and U.S. Citizenship and Immigration Services ("USCIS") hereby file this Reply to Plaintiffs' Opposition to its Motion for an Extension of Time to File a Motion for Summary Judgment and Supporting Documentation.

To begin, Defendants vehemently deny that any of its conduct throughout this litigation was "frivolous." *See* Pls.' Opp'n at 3, ECF No. 49. There is no need for counsel to make such a serious allegation against a party simply because they disagree with the other side's arguments. Nothing that Defendants have done in this matter comes remotely close to being frivolous.

Rule 1 of the Federal Rules of Civil Procedure states as follows: "[These Rules] should be construed, administered, and employed by the court and *the parties* to secure the *just, speedy, and inexpensive* determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). The 2015 Amendment to Rule 1 further states as follows:

> Most lawyers and parties cooperate to achieve these ends. But discussions of ways to improve the administration of civil justice regularly include pleas to discourage

>over-use, misuse, and abuse of procedural tools that increase cost and result in delay. Effective advocacy is consistent with – and indeed depends upon – cooperative and proportional use of procedure.

See Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment.

As detailed in Defendants' opening motion, they do not have adequate resources to process FOIA requests. *See* Defs.' Mot. at 3-4, ECF No. 48. This is supported by the Annual FOIA Report and Chief FOIA Officer Report. *See* Defs.' Mot. at 3. Because they are so understaffed and under-resourced, and, in light of those constraints, to attempt to prioritize the materials in which Plaintiffs are most interested, they reached out to Plaintiffs numerous times to try to narrow the issues and focus Defendants' efforts for Plaintiffs' benefit. *See* Email from J. Simon at 2 (July 20, 2022), ECF No. 48-1; Email from A. Hughes at 1 (Sept. 30, 2022), ECF No. 48-2. Throughout the litigation, Plaintiffs have maintained the same posture: no. *See, e.g.*, Pls.' Opp'n at 4 ("But there is no obligation for Plaintiffs to do so . . . ."). Plaintiffs' position that, essentially, it does not matter how understaffed or under-resourced federal agencies are, *see* Pls.' Opp'n at 3 ("[T]hat is neither a new problem nor one that is unique to Defendants or this FOIA litigation."), is wholly inconsistent with the first rule of litigation. *See* Fed. R. Civ. P. 1. A party's resources are one of the most important, central factors to consider, no matter how indifferent Plaintiffs may feel about it or want it to be. *Cf.* Fed. R. Civ. P. 26(b)(1) (including "the parties' resources" in the scope of discovery). Moreover, Defendants appropriately work to balance their limited resources so that they can make progress across the broad range of FOIA requests that they receive, including from requestors who are not as aggressive as Plaintiffs here. Such other requestors should not be prejudiced just because certain requestors make unachievable demands. *Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 615 (D.C. Cir. 1976) ("We do not think that Congress intended, by fixing a time limitation on agency action and according a right to bring suit when the applicant has not been satisfied within the time limits, to grant an automatic preference by the mere action of filing

a case in United States district court. . . . We believe that Congress intended to guarantee access to Government agency documents on an equal and fair basis.").

Since the Court has already issued its ruling on the sample *Vaughn* index, Defendants will not rehash the issue. But Defendants will state, however, in response to Plaintiffs' opposition, that it was more than reasonable, in fact, the best course of action under the circumstances to proceed as they have throughout this litigation. As stated above, the first rule of litigation is a "just, speedy, and inexpensive determination of every action," *see* Fed. R. Civ. P. 1, and Defendants are understaffed and under-resourced. And although the Court ruled against Defendants on the motion for a sample *Vaughn* index (which Defendants are not challenging and are not asking the Court to reconsider), there is extensive case law favorable to use of a sample *Vaughn* index. To expend the limited and valuable resources of Defendants to prepare a comprehensive *Vaughn* index of the thousands of pages at issue in this case—when the Court might not have required it—would have been a waste of resources. When Defendants agreed to the schedule in July 2022, Defendants were hoping that Plaintiffs would be reasonable, and would work with Defendants to identify which records or issues they were most concerned with, as occurs in many FOIA cases. Regrettably, Plaintiffs refused. *See Ctr. for Immigr. Stud. v. U.S. Citizenship & Immigr. Servs.*, Civ. A. No. 22-0117 (TNM), 2022 WL 4289561, at *3 (D.D.C. Sept. 16, 2022) ("FOIA's requester-friendly fee shifting provisions encourage requesters (particularly nonprofit ones) to submit broader and broader requests with taxpayers picking up the tab. These 'mismatched incentives' only add burdens on agencies, and requesters often leverage those burdens." (citation omitted)); *Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 84 (D.D.C. 2021) ("With no fees forcing a nonprofit to internalize the cost of its request, it would have little reason not to request a broader universe of documents.").

Defendants proceeded on course with a plan that made the most sense under the totality of the circumstances: be prepared to execute a sample *Vaughn* index of approximately 388 pages by January 25, 2023. Because of Defendants' limited resources, the extensive favorable case law concerning sample *Vaughn* indices, the risk of wasting resources performing tasks that would not be needed, and Defendants' efforts to confer with Plaintiffs, this was the best path to take, and was not "unwarranted," "unreasonable," or "planned poorly." *See* Pls.' Mot. at 4.

Defendants are working on their Motion for Summary Judgment and supporting documentation. But to "secure the just, speedy, and inexpensive determination" of this FOIA action, Defendants need to be afforded a realistic time frame to comply. The lack of resources that Defendants have and the unwillingness of Plaintiffs to confer provide good cause to grant Defendants' motion.

Defendants seek a three-month extension from when the Court rules on this motion, and if not, at least three months from the date that they file this Reply, which would be Wednesday, May 3, 2023.

* * *

## CONCLUSION

For the foregoing reasons, the Court should extend by three months, from the date that the Court rules on this motion, the deadline for Defendants' summary judgment motion and supporting documentation. And if not, Defendants request that the Court extend the deadline by at least three months from the date that Defendants file this Reply, which would be Wednesday, May 3, 2023.

Date:   February 3, 2023                                Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   */s/ Sam Escher*
SAM ESCHER, D.C. Bar #1655538
Assistant United States Attorney
601 D Street N.W.
Washington, D.C. 20530
(202) 252-2531
Sam.Escher@usdoj.gov

*Counsel for Defendant*