# Enforcement and Removal Records

| Bates Stamp Page Number | Withholding | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2018-ICFO-42786- 001-003<br>2018-ICFO-42786- 094 | Partial | **Description of the Record**: EARM records and EARM screen shots pertaining to Emilio Gutierrez-Soto and Oscar Gutierrez-Soto<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, initials, phone numbers, email addresses and other contact information for ICE employees, such as: Deportation Officers "DO"<br><br>**Reasons for Redactions:**<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>**Description of the Information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, Person Identification numbers, Subject Identification numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.<br><br>**Reasons for Redactions:** Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |

| | | individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system. Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
|---|---|---|---|
| 2018-ICFO-42786- 004- 007<br>2018-ICFO-42786- 008- 013<br>2018-ICFO-42786- 014- 017<br>2018-ICFO-42786- 022- 025;<br>2018-ICFO-42786- 027- 028;<br>2018-ICFO-42786- 073<br>2018-ICFO-42786- 075- 076<br>2018-ICFO-42786- 077- 078<br>2018-ICFO-42786- 079- 084<br>2018-ICFO-42786- 085- 086<br>2018-ICFO-42786- 087<br>2018-ICFO-42786- 088- 089<br>2018-ICFO-42786- 092<br>2018-ICFO-42786- 094<br>2018-ICFO-42786- 096- 101<br>2018-ICFO-42786- 102- 103<br>2018-ICFO-42786- 106<br>2018-ICFO-42786- 107<br>2018-ICFO-42786- 108<br>2018-ICFO-42786- 109<br>2018-ICFO-42786- 110- 115<br>2018-ICFO-42786- 122- 124<br>2018-ICFO-42786- 125- 126<br>2018-ICFO-42786- 127- 129<br>2018-ICFO-42786- 130<br>2018-ICFO-42786- 142-146<br>2018-ICFO-42786- 147- 153<br>2018-ICFO-42786- 154- 155<br>2018-ICFO-42786- 156<br>2018-ICFO-42786- 157- 159<br>2018-ICFO-42786- 160- 161<br>2018-ICFO-42786- 162- 164 | Partial | **Description of the Records:** All e-mails and corresponding attachments concerning Emilio Gutierrez-Soto and Oscar Gutierrez-Soto. This is inclusive of internal ICE e-mail communications between ICE employees and third parties (such as reporters, Congressional offices, non-governmental organizations and private bar counsel) concerning:<br>• queries for interviews/visits with Emilio and/or Oscar Gutierrez-Soto (includes interview request form attachments)<br>• BIA Orders (includes screen shots of the Risk Classification Assessment)<br>• media queries for ICE's comment/response to questions<br>• ERO responses Congressional inquiries<br>• queries for news conferences<br>• emergency stay of removal<br>• missing case action<br>• requests for Humanitarian Parole<br>• Emilio and Oscar Gutierrez-Soto's Writ of Habeas Corpus<br>• ICE Deputy Director Tom Homan to Speak to National Press Club,<br>• Emilio and Oscar Gutierrez-Soto's asylum hearing/application<br>• queries concerning Emilio Gutierrez-Soto's health<br>• Immigration Court's Expedited Motion for Stay, a Motion to Reopen, and Notice of Appearances<br>• Email correspondence about Emilio & Oscar Gutierrez-Soto's immigration proceedings<br>• ICE Daily Briefing<br>• FOIA 2018-ICFO-42786<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, addresses, direct telephone numbers, initials, signatures and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys, IHSC employees). Likewise, names, e-mail addresses, physical addresses, and direct telephone numbers of third-party individuals such as reporters and contractors.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |

| | | | |
|---|---|---|---|
| 2018-ICFO-42786- 165- 168<br>2018-ICFO-42786- 169<br>2018-ICFO-42786- 170- 176<br>2018-ICFO-42786- 183- 185<br>2018-ICFO-42786- 194- 196<br>2018-ICFO-42786- 197- 202<br>2018-ICFO- 42786- 211- 212<br>2018-ICFO-42786- 213- 214<br>2018-ICFO-42786- 215- 220<br>2018-ICFO-42786- 234- 235<br>2018-ICFO-42786- 236<br>2018-ICFO-42786- 237- 244<br>2018-ICFO-42786- 245- 246<br>2018-ICFO-42786- 249- 251<br>2018-ICFO-42786- 254- 294<br>2018-ICFO-42786- 295- 299<br>2018-ICFO-42786- 300- 304<br>2018-ICFO-42786- 305- 309<br>2018-ICFO-42786- 310- 313<br>2018-ICFO-42786- 314- 315<br>2018-ICFO-42786- 316- 317<br>2018-ICFO-42786- 318- 343<br>2018-ICFO-42786- 344- 350<br>2018-ICFO-42786- 351<br>2018-ICFO-42786- 355<br>2018-ICFO-42786- 362-365<br>2018-ICFO-42786- 366- 368<br>2018-ICFO-42786- 369- 370<br>2018-ICFO-42786- 384- 388<br>2018-ICFO-42786- 389- 390<br>2018-ICFO-42786- 439<br>2018-ICFO-42786- 445- 449<br>2018-ICFO-42786- 458- 460<br>2018-ICFO-42786- 461- 462<br>2018-ICFO-42786- 463- 464<br>2018-ICFO-42786- 465- 466<br>2018-ICFO-42786- 467- 473<br>2018-ICFO-42786- 474- 476<br>2018-ICFO-42786- 481- 482 | | constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>**Description of the Information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) on constitutes law enforcement sensitive information such as case numbers, the FBI number, FIN numbers, Person Identification numbers, Subject Identification numbers, names of investigatory operations, event numbers, URLs, and names of law enforcement databases queried.<br><br>**Reasons for Redactions:**  Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, FIN number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.  Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |

3

| | | | |
|---|---|---|---|
| 2018-ICFO-42786- 483 | | | |
| 2018-ICFO-42786- 484- 486 | | | |
| 2018-ICFO-42786- 487- 488 | | | |
| 2018-ICFO-42786- 489- 495 | | | |
| 2018-ICFO-42786- 501- 504 | | | |
| 2018-ICFO-42786- 506A, 507, 508, 509, 510A, 511A | | | |
| 2018-ICFO-42786- 512- 520 | | | |
| 2018-ICFO-42786- 521- 525 | | | |
| 2018-ICFO-42586- 526- 528 | | | |
| 2018-ICFO-42786- 529- 533 | | | |
| 2018-ICFO-42786- 534- 535 | | | |
| 2018-ICFO-42786- 543- 547 | | | |
| 2018-ICFO-42786- 548- 550 | | | |
| 2018-ICFO-42786- 557- 567 | | | |
| 2018-ICFO-42786- 568 – 572 | | | |
| 2018-ICFO-42786- 573- 574 | | | |
| 2018-ICFO-42786- 575- 577 | | | |
| 2018-ICFO-42786- 580- 591 | | | |
| 2018-ICFO-42786- 592- 596 | | | |
| 2018-ICFO-42786- 597- 601 | | | |
| 2018-ICFO-42786- 602- 604 | | | |
| 2018-ICFO-42786- 605- 608 | | | |
| 2018-ICFO-42786- 609 | | | |
| 2018-ICFO-42786- 610 | | | |
| 2018-ICFO-42786- 611- 615 | | | |
| 2018-ICFO-42786- 629- 630 | | | |
| 2018-ICFO-42786- 690- 693 | | | |
| 2018-ICFO-42786- 694- 696 | | | |
| 2018-ICFO-42786- 697- 698 | | | |
| 2018-ICFO-42786- 703- 704A | | | |
| | | | |
| 2019-ICLI-00014- 20 | | | |
| 2019-ICLI-00014- 625A, 626A, 627 | | | |
| 2019-ICLI-00014- 628A, 629A, 630, 631A, 632A, 633A, 634 | | | |
| 2019-ICLI-00014- 635A, 636A, 637A, 638 | | | |

| | | |
|---|---|---|
| 2019-ICLI-00014- 639, 640A, 641A, 642<br>2019-ICLI-00014- 784A- 786A<br>2019-ICLI-00014- 787A- 790A<br>2019-ICLI-00014- 791A-794A<br>2019-ICLI-00014- 795A-798A<br><br>2019-ICLI-00014B- 001A- 002A<br>2019-ICLI-00014B- 003A- 007A<br>2019-ICLI-00014B- 008A- 051A<br>2019-ICLI-00014B- 056A- 061A<br>2019-ICLI-00014B- 062A- 067A<br>2019-ICLI-00014B- 068A- 072A<br>2019-ICLI-00014B- 073A- 077A<br>2019-ICLI-00014B- 078A- 086A<br>2019-ICLI-00014B- 153A- 154A<br>2019-ICLI-00014B- 155A- 157A<br>2019-ICLI-00014B- 158A- 161A<br>2019-ICLI-00014B- 162A- 164A<br>2019-ICLI-00014B- 165A- 167A<br>2019-ICLI-00014B- 168A- 173A<br>2019-ICLI-00014B- 174A- 175A<br>2019-ICLI-00014B- 180A - 182A<br>2019-ICLI-00014B- 187A- 189A<br>2019-ICLI-00014B- 192A- 194A<br>2019-ICLI-00014B- 202A- 206A<br>2019-ICLI-00014B- 209A- 210A<br>2019-ICLI-00014B- 214A- 219A<br>2019-ICLI-00014B- 220A- 222A<br>2019-ICLI-00014B- 225A- 228A<br>2019-ICLI-00014B- 233A- 237A<br>2019-ICLI-00014B- 239A- 242A<br>2019-ICLI-00014B- 345A<br>2019-ICLI-00014B- 346A – 349A<br>2019-ICLI-00014B- 356A – 358A<br>2019-ICLI-00014B- 365A – 371A<br>2019-ICLI-00014B- 376A- 381A<br>2019-ICLI-00014B- 395A – 400A<br>2019-ICLI-00014B- 401A – 402A | | |

| | | | |
|---|---|---|---|
| 2019-ICLI-00014B- 403A- 409A | | | |
| 2019-ICLI-00014B- 416A- 422A | | | |
| 2019-ICLI-00014B- 429A – 430A | | | |
| 2019-ICLI-00014B- 431A – 437A | | | |
| 2019-ICLI-00014B- 438A –439A | | | |
| 2019-ICLI-00014B- 441A- 447A | | | |
| 2019-ICLI-00014B- 448A – 465A | | | |
| 2019-ICLI-00014B- 466A- 468A | | | |
| 2019-ICLI-00014B- 499A- 504A | | | |
| | | | |
| 2019-ICLI-00014B- 511- 513 | | | |
| 2019-ICLI-00014B- 523 -525A | | | |
| 2019-ICLI-00014B- 528- 530A | | | |
| 2019-ICLI-00014B- 532, 533A, 534A, 535 | | | |
| 2019-ICLI-00014B- 536 – 537A | | | |
| 2019-ICLI-00014B- 558, 559A, 560 | | | |
| 2019-ICLI-00014B- 561 - 565 | | | |
| 2019-ICLI-00014B- 566 - 571 | | | |
| 2019-ICLI-00014B- 572, 573, 574A, 575, 576 | | | |
| 2019-ICLI-00014B- 601 - 655 | | | |
| 2019-ICLI-00014B- 657 | | | |
| 2019-ICLI-00014B- 661 | | | |
| 2019-ICLI-00014B- 662 | | | |
| 2019-ICLI-00014B- 663 | | | |
| 2019-ICLI-00014B- 664 - 666 | | | |
| 2019-ICLI-00014B- 667 - 669 | | | |
| 2019-ICLI-00014B- 673A, 674A, 675-677-679 | | | |
| 2019-ICLI-00014B – 680, 681A, 682, 683 | | | |
| 2019-ICLI-00014B- 684A, 685A, 686- 688 | | | |
| 2019-ICLI-00014B- 689A, 690A, 691, 692 | | | |
| 2019-ICLI-00014B- 693A, 694-696 | | | |

| | | | |
|---|---|---|---|
| 2019-ICLI-00014B- 697<br>2019-ICLI-00014B- 703 – 704A<br>2019-ICLI-00014B- 705A, 706-708<br>2019-ICLI-00014B- 709A, 710 -712<br>2019-ICLI-00014B- 717 - 719<br>2019-ICLI-00014B- 722 - 723<br>2019-ICLI-00014B- 724 - 725<br>2019-ICLI-00014B- 726 - 727<br><br>2019-ICLI-00014B-731- 732<br>2019-ICLI-00014B- 733<br>2019-ICLI-00014B- 734<br>2019-ICLI-00014B- 735<br>2019-ICLI-00014B- 736 - 737<br>2019-ICLI-00014B- 755A, 756, 757A-759A, 760, 761<br>2019-ICLI-00014B- 762, 763A, 764, 765<br>2019-ICLI-00014B- 766A, 767A, 768- 770<br>2019-ICLI-00014B- 771, 772A, 773A<br>2019-ICLI-00014B- 774A, 775A,776,777,778A,779A<br>2019-ICLI-00014B 796A- 797<br>2019-ICLI-00014B- 798- 799<br>2019-ICLI-00014B- 813,814A, 815A, 816<br>2019-ICLI-00014B- 826- 827<br>2019-ICLI-00014B- 828- 830<br>2019-ICLI-00014B- 834- 836<br>2019-ICLI-00014B- 837- 841<br>2019-ICLI-00014B- 842<br>2019-ICLI-00014B- 847- 856<br>2019-ICLI-00014B- 865A, 866<br>2019-ICLI-00014B- 867- 868 | | | |

| | | | |
|---|---|---|---|
| 2019-ICLI-00014B-869A, 870-874<br>2019-ICLI-00014B- 875, 876A, 877-879<br><br>2019-ICLI-00014B- 918 – 929<br>2019-ICLI-00014B- 937, 938, 939A, 940<br>2019-ICLI-00014B- 941A, 942A, 943A<br>2019-ICLI-00014B- 944A, 945A, 946<br>2019-ICLI-00014B- 968A, 969A, 970, 971<br>2019-ICLI-00014B- 972A, 973-982<br>2019-ICLI-00014B- 1004<br>2019-ICLI-00014B- 1015- 1019<br>2019-ICLI-00014B- 1021A, 1022, 1023<br>2019-ICLI-00014B- 1024- 1027<br>2019-ICLI-00014B- 1028- 1031<br>2019-ICLI-00014B- 1038A, 1039A, 1040<br>2019-ICLI-00014B- 1043A, 1044, 1045, 1046A, 1047, 1048<br>2019-ICLI-00014B- 1068- 1071<br>2019-ICLI-00014B- 1072- 1073<br>2019-ICLI-00014B- 1080- 1084, 1085A, 1086A<br>2019-ICLI-00014B- 1087- 1088<br>2019-ICLI-00014B- 1089A, 1090-1093<br>2019-ICLI-00014B- 1096 – 1098<br>2019-ICLI-00014B- 1113, 1114A, 1115A, 1116A, 1117- 1122<br>2019-ICLI-00014B- 1123A, 1124-1179 | | | |

| | | | |
|---|---|---|---|
| 2019-ICLI-00014B- 1180A, 1181, 1182<br>2019-ICLI-00014B- 1189- 1194<br>2019-ICLI-00014B- 1195- 1196<br>2019-ICLI-00014B- 1197A, 1198<br>2019-ICLI-00014B- 1199<br>2019-ICLI-00014B- 1200A, 1201, 1202<br>2019-ICLI-00014B- 1203A<br>2019-ICLI-00014B- 1205- 1207<br>2019- ICLI-00014B- 1208- 1209<br>2019-ICLI-00014B- 1220A<br>2019-ICLI-00014B- 1221<br>2019-ICLI-00014B- 1223A, 1224A<br>2019-ICLI-00014B- 1237A, 1238A, 1239<br>2019-ICLI-00014B- 1245<br>2019-ICLI-00014B- 1246<br>2019-ICLI-00014B- 1273- 1302<br>2019-ICLI-00014B- 1320A, 1321<br>2019-ICLI-00014B- 1322A<br>2019-ICLI-00014B- 1323A<br>2019-ICLI-00014B- 1324<br>2019-ICLI-00014B- 1325A, 1326A<br>2019-ICLI-00014B- 1327- 1329<br>2019-ICLI-00014B- 1330- 1336<br>2019-ICLI-00014B- 1337A, 1338A<br>2019-ICLI-00014B- 1339A, 1340A<br>2019-ICLI-00014B- 1342- 1371<br>2019-ICLI-00014B- 1372- 1374<br>2019-ICLI-00014B- 1375A- 1380A<br>2019-ICLI-00014B- 1382A<br>2019-ICLI-00014B- 1385A<br>2019-ICLI-00014B- 1386A | | | |

| | | | |
|---|---|---|---|
| 2019-ICLI-00014B- 1387A<br>2019-ICLI-00013B- 1388A, 1389, 1390<br>2019-ICLI-00014B- 1400- 1402<br>2019-ICLI-00014B- 1403A<br>2019-ICLI-00014B- 1413A, 1414A, 1415A, 1416- 1421<br>2019-ICLI-00014B- 1422- 1424<br>2019-ICLI-00014B- 1425<br>2019-ICLI-00014B- 1426<br>2019-ICLI-00014B- 1427- 1429<br>2019-ICLI-00014B- 1430<br>2019-ICLI-00014B- 1431A, 1432-1434<br>2019-ICLI-00014- 1435, 1436<br>2019-ICLI-00014B- 1453<br>2019-ICLI-00014B- 1488<br>2019-ICLI-00014B- 1489<br>2019-ICLI-00014B- 1511<br>2019-ICLI-00014B- 1512<br>2019-ICLI-00014B- 1601- 1603<br>2019-ICLI-00014B- 1604- 1608<br>2019-ICLI-00014B- 1609 | | | |
| 2018-ICFO-42876- 18A- 21A<br>2018-ICFO-42786- 029-033<br>2018-ICFO-42786- 068<br>2018-ICFO-42786- 118<br>2018-ICFO-42786- 119<br>2018-ICFO-42786- 156<br>2018-ICFO-42786- 231- 233<br>2018-ICFO-42786- 253<br>2018-ICFO-42786- 254- 294<br>2018-ICFO-42786- 376-378<br>2018-ICFO-42786- 450- 452<br>2018-ICFO-42786- 453- 457<br>2018-ICFO-42786- 477- 478<br>2018-ICFO-42786- 479- 480<br>2018-ICFO-42786- 612- 615 | Partial | **<u>Description of the Record:</u>** Immigration Forms and paperwork from Emilio Gutierrez-Soto and Oscar Gutierrez-Soto's A-files including but not limited to:<br><br>• Executive Summary<br>• ICE Background Check Registry<br>• Application for a Stay of Deportation or Removal<br>• Detainee Interview Release Form<br>• Request for Humanitarian Parole<br>• Asylum application<br>• Case Review Worksheet<br>• ICE ATD Participant Chain in Status Form<br>• Order to Detain or Release Alien<br>• Record of Determination/Parole Determination Worksheet<br>• ICE Alternatives to Detention Program ESR Participant Placement Worksheet<br>• Notice to EOIR: Alien Address | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |

| | | |
|---|---|---|
| 2019-ICLI-00014- 1-2<br>2019-ICLI-00014- 3<br>2019-ICLI-00014- 8A<br>2019-ICLI-00014- 9<br>2019-ICLI-00014- 10A- 11A<br>2019-ICLI-00014- 12<br>2019-ICLI-00014- 13<br>2019-ICLI-00014- 14<br>2019-ICLI-00014- 16<br>2019-ICLI-00014- 17<br>2019-ICLI-00014- 18<br>2019-ICLI-00014- 21<br>2019-ICLI-00014- 30A 31<br>2019-ICLI-00014- 32A-33A<br>2019-ICLI-00014- 052-053<br>2019-ICLI-00014- 055- 058<br>2019-ICLI-00014- 067<br>2019-ICLI-00014- 073<br>2019-ICLI-00014- 522<br>2019-ICLI-00014- 539<br>2019-ICLI-00014- 541<br>2019-ICLI-00014- 543<br>2019-ICLI-00014- 546<br>2019-ICLI-00014- 549<br>2019-ICLI-00014- 598 – 599<br>2019-ICLI-00014- 600<br>2019-ICLI-00014- 651<br>2019-ICLI-00014- 777<br>2019-ICLI-00014- 778<br>2019-ICLI-00014- 779<br><br>2019-ICLI-00014B- 052A- 053A<br>2019-ICLI-00014B- 266A<br>2019-ICLI-00014B- 267A<br>2019-ICLI-00014B- 268A<br>2019-ICLI-00014B- 269A – 270A<br>2019-ICLI-00014B- 306A<br>2019-ICLI-00014B- 307A<br>2019-ICLI-00014B - 308A | | • ICE Alternatives to Detention Program Notice to Terminate ESR Participation<br>• Record of Deportable/Inadmissible Alien I-213<br>• ICE Alternatives to Detention Program ISAP Participant Eligibility Enrollment Worksheet<br>• ICE Warrant of Removal/Deportation<br>• Warning to Alien Ordered Removed or Deported<br>• DHS/ICE ATD Participant Changes in Status Form<br>• Notice and Order of Expedited Removal<br>• Notice to Alien Ordered Removed/Departure Verified<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, physical addresses, direct telephone numbers, initials, signatures, and e-mail addresses of ICE/CBP employees (ICE Deportation Officers, CBP Officers).  Likewise, names, e-mail addresses, physical addresses, and direct telephone numbers of third-party individuals such as names of respondent's family members.<br><br>**Reason for Redactions**: Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |

| | | | |
|---|---|---|---|
| 2019-ICLI-00014B - 309A- 310A<br>2019-ICLI-00024B- 746- 747<br>2019-ICLI-00014B- 748- 749<br>2019-ICLI-00014B- 822- 823<br>2019-ICLI-00014B- 824- 825 | | **Description of the information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, FIN number, Person Identification numbers, Subject Identification numbers, names of investigatory operations, event numbers, URLs, and names of law enforcement databases queried.<br><br>**Reasons for Redactions:** Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, Event numbers, and names of law enforcement databases queried and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.   Further, how law enforcement officers access a database is a law enforcement technique and procedure that is not commonly known.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2018-ICFO-42786- 025- 026<br>2018-ICFO-42786- 090A<br>2018-ICFO-42786- 093A<br>2018-ICFO-42786- 095A<br><br>2019-ICLI-00014B- 385A – 388A<br><br>2019-ICLI-00014B- 742A - 743 | Partial | **Description of Records**:  E-mail communications with corresponding attachments between an ERO personnel (an Assistant Field Operations Director and a Supervisory Deportation Officer) and an OPLA attorney pertaining to the BIA's interim order in Emilio Gutierrez's immigration removal hearing.<br><br>**Description of Information being withheld under (b)(5):** The information being withheld under (b)(5) constitutes attorney client privileged information.  This e-mail communication is from an OPLA attorney explaining the BIA's interim order and how it impacts Emilio Gutierrez-Soto's detention to an ERO Assistant Field Operations Director.<br><br>**Reason for Redaction**: The attorney-client privilege information was withheld under FOIA exemption (b)(5) which protects communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Interim BIA's order as it impacts continued detention of Emilio Gutierrez-Soto. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor.  The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E), (b)(5) |

lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.

**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, addresses, direct telephone numbers and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys).  Likewise, names, e-mail addresses, physical addresses, and direct telephone numbers of third-party individuals such as reporters.

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.  In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

**Description of the information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, Person Identification numbers, Subject Identification numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.

**Reasons for Redactions:**  Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.   Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not

| | | commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
|---|---|---|---|
| 2018-ICFO-42786-034 - 036<br>2018-ICFO-42786-043- 057<br>2018-ICFO-42786-059- 062<br>2018-ICFO-42786-064;<br>2018-ICFO-42786-066<br><br>2019-ICLI-00014B – 271A- 304A<br>2019-ICLI-00014B - 311A – 344A | Partial | **Description of the Record:** The written decision of the immigration judge in the matter of Emilio Gutierrez-Soto and Oscar Gutierrez-Soto pertaining to the respondent's application for: Asylum, Withholding of Removal and Protection under Article 3 of the United Nations Convention Against Torture.<br><br>**Description of the Information being withheld under (b)(6), (b)(7)(C):** Names, addresses, direct telephone numbers and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys). Likewise, names, e-mail addresses, physical addresses, signatures, and direct telephone numbers of third-party individuals such as private bar attorneys and witnesses.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2018-ICFO-42786- 067<br>2018-ICFO-42786- 071- 072<br>2018-ICFO-42786- 201-202<br>2018-ICFO-42786- 210 | Partial | **Description of the Record:** U.S. Department of Justice Executive Office for Immigration Review's Board of Immigration Appeals (BIA) records pertaining to Emilio Gutierrez Soto's immigration case.<br><br>**Description of Redactions:** The information being withheld are the names of third parties as well as | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| 2019-ICLI-00014B- 382A -384A<br>2019-ICLI-00014B- 488A- 489A<br>2019-ICLI-00014B 750- 752 | | names, addresses, direct telephone numbers and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers) and third parties (such as witnesses and former attorneys).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2018-ICFO-42786- 104A, 105<br>2018-ICFO-42786- 186, 187A, 188<br>2018-ICFO-42786- 190, 191, 192A, 193<br>2018-ICFO-42786- 203A- 204<br><br>2019-ICLI-00014B- 305A<br><br>2019-ICLI-00014B- 519A-522A<br>2019-ICLI-00014B- 526A-527A<br>2019-ICLI-00014B- 531A<br>2019-ICLI-00014B- 538A- 539A | Partial | **Description of the Record:** E-mail communications between ICE employees, to include an ERO Assistant Field Office Director, an ERO Deportation Officers and an ICE Public Affairs Officer discussing the status of Emilio Gutierrez's immigration case and contemplating whether information in the immigration judge's order could be released to the press.<br><br>**Description of the Information being withheld under (b)(5):** specific findings from the Immigrations Judge's opinion in Emilio Gutierrez's removal hearing might not be suitable for ICE to include in a press release. On pages 2018-ICFO-42786- 104, 2018-ICFO-42786- 187, 2018-ICFO-42786- 192 and 2018-ICFO-42786- 203 some (b)(5) information was inadvertently disclosed in a production released in January 2023, for consistency these pages have been corrected and reprocessed with this Vaughn Index as pages 2018-ICFO-42786- 104A, 2018-ICFO-42786- 187A, 2018-ICFO-42786-192A and 2018-ICFO-42786- 203A.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | |
|---|---|---|
| 2019-ICLI-00014B- 598A, 599A, 600<br>2019-ICLI-00014B- 658A, 659A, 660<br>2019-ICLI-00014B- 738, 739A, 740A, 741A | | deliberative.  These emails between ICE PA and ERO contemplate whether certain information from the Immigration Judge's in opinion from an active immigration removal hearing concerning the denial of Mr. Gutierrez's asylum application should be disclosed in an ICE Press Release. The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the Information being withheld under (b)(6),(b)(7)(c):** Names, direct telephone numbers and e-mail addresses of ICE employees (ICE deportation Officers and an Assistant Field Officers).  Likewise, names, e-mail addresses, and direct telephone numbers of third-party individuals such as reporters.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations.   The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public | |

| | | | |
|---|---|---|---|
| | | benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2018-ICFO-42786- 116 -117<br>2018-ICFO-42786- 365<br><br>2019-ICLI-00014-19<br><br>2019-ICLI-00014B- 137A- 139A<br><br>2019-ICLI-00014B- 577- 586<br><br>2019-ICLI-00014B- 781-788<br><br>2019-ICLI-00014B- 1265- 1268<br>2019-ICLI-00014B- 1269 | Partial | **Description of the Records:** ICE Document Routing Form and subject attachments pertaining to Emilio and Oscar Gutierrez-Soto.<br><br>**Description of the Information being withheld under (b)(5):** On page 2019-ICLI-00014B- 139A and 2019-ICLI-00014B 781 the SDDO's and DO's comments are withheld because this information is pre-decisional and deliberative.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. The emails exchanged between ERO officers contemplate whether Emilio Gutierrez-Soto's request for Parole should be granted. The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions. The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the information being withheld under (b)(6), (b)(7)(c):** The information being withheld contains personally identifiable information ("PII") of ICE employees (including their names and contact information such as phone number, signature, and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |

| | | | |
|---|---|---|---|
| | | responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>**Description of the information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case Identification Numbers.<br><br>**Reasons for Redactions:** Exemption (b)(7)(E) was applied to the case number, the release of which could reasonably be expected to risk circumvention of the law.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2018-ICFO-42786- 118<br>2018-ICFO-42786- 120- 121<br>2018-ICFO-42786- 131- 136<br>2018-ICFO-42786- 137- 141<br>2018-ICFO-42786- 189<br>2018-ICFO-42786- 231- 233<br>2018-ICFO-42786- 252- 253<br>2018-ICFO-42786- 479- 480<br><br>2019-ICLI-00014- 054<br>2019-ICLI-00014- 516 - 518<br>2019-ICLI-00014- 519- 520<br>2019-ICLI-00014- 523<br>2019-ICLI-00014- 524- 525<br>2019-ICLI-00014- 526- 527<br>2019-ICLI-00014- 528<br>2019-ICLI-00014- 529- 530<br>2019-ICLI-00014- 531- 532<br>2019-ICLI-00014- 533- 535<br>2019-ICLI-00014- 544A- 545<br>2019-ICLI-00014- 574- 576<br>2019-ICLI-00014- 577<br>2019-ICLI-00014- 578<br>2019-ICLI-00014- 579<br>2019-ICLI-00014- 580<br>2019-ICLI-00014- 581- 582<br>2019-ICLI-00014- 583 | | **Description of the Records:** All letter correspondence, accompanying attachments and mailing envelopes concerning Emilio Gutierrez-Soto and Oscar Gutierrez-Soto's immigration case status to include: Congressional requests with memorandums and privacy waivers, ERO's response relating to Emilio Gutierrez-Soto's application for stay of deportation, Emilio Gutierrez-Soto's Request for Parole, Request for the release of Mr. Emilio Gutierrez-Soto, ICE's response to Emilio Gutierrez-Soto's request for Parole<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, addresses, direct telephone numbers, initials, signatures and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys, IHSC employees).  Likewise, names, e-mail addresses, physical addresses, and direct telephone numbers of third-party individuals such as reporters and contractors.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| 2019-ICLI-00014- 584- 585<br>2019-ICLI-00014- 586<br>2019-ICLI-00014- 587- 588<br>2019-ICLI-00014- 591- 592<br>2019-ICLI-00014- 620, 621A, 622<br>2019-ICLI-00014- 623- 624<br>2019-ICLI-00014- 643- 644A<br>2019-ICLI-00014- 645- 647<br>2019-ICLI-00014- 648- 649<br>2019-ICLI-00014- 652- 653<br>2019-ICLI-00014- 654<br>2019-ICLI-00014- 655- 656<br>2019-ICLI-00014- 658- 659<br>2019-ICLI-00014- 761- 763<br>2019-ICLI-00014- 764- 766<br>2019-ICLI-00014- 767- 768<br>2019-ICLI-00014- 769- 770<br>2019-ICLI-00014- 771- 774<br>2019-ICLI-00014- 775- 776<br>2019-ICLI-00014- 780- 783<br><br>2019-ICLI-00014B- 054- 055<br>2019-ICLI-00014B- 190 - 191<br>2019-ICLI-00014B- 195- 200<br>2019-ICLI-00014B- 350A - 355A<br>2019-ICLI-00014B- 359A - 364A<br>2019-ICLI-00014B- 372A – 375A<br>2019-ICLI-00014B- 389A- 394A<br>2019-ICLI-00014B- 410A- 415A<br>2019-ICLI-00014B- 423A -428A<br>2019-ICLI-00014B- 474- 479<br>2019-ICLI-00014B- 498<br>2019-ICLI-00014B- 591- 592 | | The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2018-ICFO-42786- 177- 182<br><br>2019-ICLI-00014B- 229A- 232A<br><br>2019-ICLI-00014B- 1408A, 1409, 1410A, 1411, 1412 | Partial | **Description of the Records:** E-mail communication between ICE employees, more specifically between an ERO Assistant Field Office Director and an OPLA attorney discussing whether to respond and how to respond to a media outlet executive who accused ICE employees of trying to suppress freedom of the press during an interview with Emilio Gutierrez-Soto. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

19

**Description of Information being withheld under (b)(5):** The information being withheld under (b)(5) constitutes attorney client privileged information.  These e-mail communications are between an ERO Assistant Field Office Director, ERO personnel, ICE Public Affairs Officers and an OPLA attorney discussing whether to respond and how to respond to a reporter who accused ICE of denying him a meeting with Emilio Gutierrez-Soto's.

**Reason for Redaction**: The attorney-client privilege information was withheld to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Interim BIA's order as it impacts continued detention of Emilio Gutierrez-Soto. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.

**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, direct telephone numbers, and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys, IHSC employees).  Likewise, names of third-party individuals such as reporters.

**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

| | | The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
|---|---|---|---|
| 2018-ICFO-42786- 205, 206A, 207, 208<br>2018-ICFO-42786- 356 -361<br>2018-ICFO-42786- 371- 383<br>2018-ICFO-42786- 440- 444 | Partial | **Description of the Records:** E-mail communication between ICE employees, more specifically, the discussion is between ERO Assistant Field Office Directors (AFODs), Matthew Albence (ERO's Executive Associate Director), ICE Public Affairs Officers and an OPLA attorney with proposed draft responses to a reporter's query about Emilio Gutierrez based on documents from his A-files.<br><br>**Description of Information being withheld under (b)(5):** The information being withheld under (b)(5) constitutes attorney client privileged information because the ERO AFOD sent his draft responses to a media outlet's query concerning Emilio and Oscar Gutierrez-Soto for the attorney and the public affairs officer to review/edits.<br><br>**Reason for Redaction:** The attorney-client privileged information was withheld under FOIA exemption (b)(5) to protect communications from clients to their attorneys made for the purpose of securing legal advice or services. The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Interim BIA's order as it impacts continued detention of Emilio Gutierrez-Soto. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client. If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.<br><br>Additionally, FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. These emails between ICE PA, ERO and OPLA personnel contemplate whether certain information from the Immigration Judge's in opinion from an active immigration removal hearing concerning the denial of Mr. Gutierrez's asylum application should be disclosed in an ICE Press Release. The email contains recommendations for agency action, and such pre-decisional and deliberative information is | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions. The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys, IHSC employees). Likewise, names of third-party individuals such as reporters.

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

| 2018-ICFO-42786- 209<br>2019-ICLI-00014- 049- 051<br>2019-ICLI-00014- 595<br><br>2019-ICLI-00014B- 251A- 258A<br>2019-ICLI-00014B- 259A – 265A | Partial | **Description of the Records:** ICE Fax Transmission and/or ICE Tasking Cover Page and corresponding records that were faxed or e-mailed relevant to the tasking which pertain to Emilio and/or Oscar Gutierrez-Soto.<br><br>**Description of Redactions:** The information being withheld contains personally identifiable information ("PII") of ICE employees (including their names and contact information such as direct phone number and/or signature). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2018-ICFO-42786- 217, 218, 219A, 220, 221, 222, 223,224,225<br><br>2019-ICLI-00014B- 480 A - 486 A<br><br>2019-ICLI-00014B- 540 -552, 553A, 554A, 555A, 556A, 557A | Partial/ Full | **Description of the Records:** Congressional inquiry email from Congressman Beto O'Rourke requesting ICE allow ICE detainee Emilio Gutierrez-Soto to meet with a licensed clinical psychologist to evaluate his well-being and mental health. The request included the psychologist's Curriculum Vitae.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** On page 2019-ICLI-00014B-480A and on pages 2019-ICLI-00014B 540-550 there are partial (b)(6), (b)(7)(c) withholdings applied to the names, email addresses, direct phone numbers of ICE employees and third parties. On pages 2019-ICLI-00014B-480A- 2019-ICLI-00014B- 486A and 2019-ICLI-00014B-553A- 557A a psychologist's Curriculum Vitae (which was inadvertently released during the December 2020 production) has been reprocessed as withheld in full because it contains extensive PII including the psychologist's address, license number, direct telephone number, e-mail address, education history, dates and places of employment and qualifications.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2018-ICFO-42786- 247- 248<br>2018-ICFO-42786- 496- 497<br>2018-ICFO-42786- 552- 554<br>2018-ICFO-42786- 555- 556<br><br>2019-ICLI-00014B 912, 913A | Partial | **Description of the Records:** E-mail communication between ICE employees, more specifically from OPLA attorneys to an ERO Assistant Field Office Director (AFOD) and copying other AFODs and ICE Public Affairs Officers recommending coordinating with the AUSA on ERO actions concerning Emilio Gutierrez.<br><br>**Description of Information being withheld under (b)(5):**  The information being withheld under (b)(5) on 2018-ICFO-42786- 247 constitutes attorney client privileged information wherein an OPLA attorney advises and ERO AFOD concerning litigation pertaining to Emilio Gutierrez-Soto.  The information being withheld under (b)(5) on 2018-ICFO-42786- 248, 2018-ICFO-42786- 496, 2018-ICFO-42786- 552, and 2018-ICFO-42786- 555 constitutes attorney client privileged information wherein the AFOD proposes a coordinated ICE action concerning Emilio Gutierrez-Soto to the OPLA attorney, ICE Public Affairs Officer and ERO colleagues.<br><br>**Reason for Redaction:** The attorney-client privileged information was withheld in these pages to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Interim BIA's order as it impacts continued detention of Emilio Gutierrez-Soto. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys, IHSC employees).  Likewise, names of third-party individuals such as reporters.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2018-ICFO-42786- 352- 354<br>2018-ICFO-42786- 381- 383<br>2019-ICLI-00014B- 914- 916<br>2019-ICLI-00014B- 917 | Partial | **Description of the Records:** E-mail communication between ICE employees, more specifically from an ERO Assistant Field Office Director (AFOD) to other ERO AFODs, ICE Public Affairs Officers and an OPLA attorney pertaining to whether information concerning Emilio Gutierrez's removal hearing can be disclosed to media outlets.<br><br>**Description of Information being withheld under (b)(5):** The information being withheld under (b)(5) constitutes attorney client privileged information because the ERO AFOD proposed how to address the media outlet's query and comments concerning Emilio Gutierrez-Soto.<br><br>**Reason for Redaction**: The attorney-client privileged information was withheld to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Interim BIA's order as it impacts continued detention of Emilio Gutierrez-Soto. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, direct telephone numbers, and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys, IHSC employees).  Likewise, names of third-party individuals such as reporters.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2018-ICFO-42786- 391- 393<br>2018-ICFO-42786- 699- 702<br><br>2019-ICLI-00014B- 656A<br>2019-ICLI-00014B- 1183A, 1184A, 1185 | Partial | **Description of the Records:** E-mail communication with attachment (immigration court filing/ BIA decision).  The e-mail is an internal communication between ICE employees, more specifically, several ERO Assistant Field Office Directors (AFODs), an ERO Detention Officer (DO), an ERO Supervisory Detention and Deportation Officer (SDDO) and an ICE Public Affairs Officer discussing the current status of Emilio Gutierrez-Soto's immigration proceedings and how to address the case with the media. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

Case 1:18-cv-02932-RC   Document 52-4   Filed 05/03/23   Page 27 of 167

| 2019-ICLI-00014B- 1186A, 1187A<br>2019-ICLI-00014B- 1188A<br>2019-ICLI-00014B- 1217A, 2018A | | **Description of the Information being withheld under (b)(5):** Following a summary of the current status of Emilio Gutierrez-Soto's immigration proceedings an AFOD suggests how ERO should proceed in the case and how to address media attention.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  These emails between ICE PA and ERO contemplate whether certain information from the Immigration Judge's in opinion from an active immigration removal hearing concerning the denial of Mr. Gutierrez's asylum application should be disclosed in an ICE Press Release. The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of the ICE ERO Officers as well as third party PII.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |

| | | | |
|---|---|---|---|
| | | Additionally, FOIA exemptions (b)(6) and (b)(7)(C) was applied to withhold third-party PII which could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2018-ICFO-42786- 394- 438<br>2018-ICFO-42786- 631- 638<br>2018-ICFO-42786- 645<br>2018-ICFO-42786- 652<br>2018-ICFO-42786- 672<br>2018-ICFO-42786- 681-683<br><br>2019-ICLI-00014-069- 071<br>2019-ICLI-00014-074- 086<br>2019-ICLI-00014-112<br>2019-ICLI-00014-173<br>2019-ICLI-00014-178- 180<br>2019-ICLI-00014-207<br>2019-ICLI-00014-277<br>2019-ICLI-00014- 281- 282<br>2019-ICLI-00014- 949<br>2019-ICLI-00014- 536- 537<br>2019-ICLI-00014- 551<br>2019-ICLI-00014- 553- 554<br>2019-ICLI-00014- 601<br>2019-ICLI-00014- 612- 613<br>2019-ICLI-00014- 614<br>2019-ICLI-00014- 617- 618<br>2019-ICLI-00014- 660<br>2019-ICLI-00014- 663<br>2019-ICLI-00014- 744<br>2019-ICLI-00014- 746<br>2019-ICLI-00014- 748- 749<br>2019-ICLI-00014- 750- 751<br>2019-ICLI-00014- 753- 755 | Partial | **Description of the Record:** Filings submitted to the Immigration Court Judge and the District Court Judge in the matters of Emilio Gutierrez-Soto and Oscar Gutierrez-Soto.<br><br>**Description of the Information being withheld under (b)(6), (b)(7)(C):** Names, addresses, direct telephone numbers, signatures, and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys). Likewise, names, e-mail addresses, physical addresses, signatures, and direct telephone numbers of third-party individuals such as the immigration judge, private bar attorneys and witnesses.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>FOIA exemptions (b)(6) and (b)(7)(C), The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| 2019-ICLI-00014B- 1513- 1598 | | | |
|---|---|---|---|
| 2018-ICFO-42786- 498- 500<br>2019-ICLI-00014B- 671, 672A<br>2019-ICLI-00014B- 701A, 702<br>2019-ICLI-00014B- 713A, 714<br>2019-ICLI-00014B- 715 - 716<br>2019-ICLI-00014B- 753, 754A<br>2019-ICLI-00014B- 819, 820A | Partial | | **Description of the Record:** E-mail communications between an Acting ERO Assistant Field Office Director and an ERO Officer in Charge discussing the date for Emilio Gutierrez-Soto's immigration hearing and contemplating ERO's potential actions with respect to his further detention.<br><br>**Description of the Information being withheld under (b)(5):** This e-mail communication contemplates ERO's "next steps" in Emilio Gutierrez-Soto's immigration proceedings and how it impacts his detention.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  The email proposes ERO take certain action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the Information being withheld under (b)(6),(b)(7)(c):** Names, direct telephone numbers and e-mail addresses of ICE employees (ICE deportation Officers and an Assistant Field Officers).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations.   The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
|---|---|---|---|
| 2018-ICFO-42786- 536- 538<br>2018-ICFO-42786- 539- 542<br>2019-ICLI-00014B- 831A, 832A, 833A<br>2019-ICLI-00014B 1041, 1042A | Partial | **Description of the Records:** E-mail communications between ICE employees, specifically an ERO Assistant Field Office Director (AFOD) to other ERO AFODs, subordinate ERO officers and an OPLA attorney.<br><br>**Description of Information being withheld under (b)(5):** The information being withheld under (b)(5) constitutes deliberative process because the AFODs are assessing the request and discussing how to address the allegations raised in the congressional inquiry.<br><br>**Reason for Redaction**: FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  These emails between ERO officers and an OPLA attorney contemplate whether certain information from the Immigration Judge's in opinion from an active immigration removal hearing concerning the denial of Mr. Gutierrez's asylum application should be disclosed in an ICE Press Release. The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, direct telephone numbers, and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys, IHSC employees).  Likewise, names of third-party individuals such as reporters.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2018-ICFO-42786- 616- 619 | | **Description of the Records:** E-mail communications between ICE employees, more specifically between several ERO Assistant Field Office Directors (AFOD) and OPLA attorneys collectively responding to questions posed by the OPLA attorney about an ICE policy for the AUSA litigating Emilio Gutierrez's federal hearing.<br><br>**Description of Information being withheld under (b)(5):** The information being withheld under (b)(5) constitutes attorney client privileged information because the ERO AFOD proposed how to address the media outlet's query and comments concerning Emilio Gutierrez-Soto.<br><br>**Reason for Redaction**: The attorney-client privileged information was withheld to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Interim BIA's order as it impacts continued detention of Emilio Gutierrez-Soto. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

<table>
<tr><td></td><td></td><td>privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.

<u>**Description of the information being withheld under (b)(6) and (b)(7)(C)**</u>: Names, direct telephone numbers, and e-mail addresses of ICE employees (ERO deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, and OPLA Attorneys).

<u>**Reasons for Redactions:**</u> Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.</td><td></td></tr>
<tr><td>2018-ICFO-42786- 620- 625<br>2019-ICLI-00014B- 1074- 1079</td><td>Partial</td><td><u>**Description of the Record:**</u> E-mail communications between several ERO Assistant Field Office Directors and an ERO Officer in Charge, an OPLA attorney and an ICE Public Affairs Officer discussing a short notice visit Mr. Beckett is arranging for his detained client, Emilio Gutierrez-Soto.

<u>**Description of the Information being withheld under (b)(5):**</u> On page 2018-ICFO-42786- 621A, the information being withheld under (b)(5) constitutes attorney client privileged information contemplating the potential consequences for imposing the process requirements for requesting detainee visitations.

<u>**Reasons for Redactions:**</u> FOIA exemption (b)(5) protects attorney-client privilege information which</td><td>Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C)</td></tr>
</table>

is withheld to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Interim BIA's order as it impacts continued detention of Emilio Gutierrez-Soto. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.

**Description of the Information being withheld under (b)(6),(b)(7)(c):** Names, addresses, direct telephone numbers, initials, signatures and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, and ICE Attorneys). Likewise, names, e-mail addresses, physical addresses, and direct telephone numbers of third-party individuals such as reporters.

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations.   The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory

| | | responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
|---|---|---|---|
| 2018-ICFO-42786- 626- 628<br>2019-ICLI-00014B- 728- 730 | Partial | **Description of the Records:** E-mail communication between ICE employees, more specifically, the discussion is between ERO Assistant Field Office Directors (AFODs) and an OPLA attorney.  The AFOD responds to an OPLA attorney's request for ICE records pertaining to Emilio Gutierrez-Soto's Habeas case and includes a brief summary.<br><br>**Description of Information being withheld under (b)(5):** The information being withheld under (b)(5) on pages 2019-ICLI-00014B- 626 and 2019-ICLI-00014B 728 constitute attorney client privileged information because the ERO AFOD sent records relevant to Emilio Gutierrez-Soto's habeas case and a brief explanation of the records to the OPLA attorney.  The information withheld under (b)(5) on pages 2019-ICLI-00014B- 628 and 2019-ICLI-00014B 729 constitute attorney client privileged information because the OPLA attorney is relaying the AUSA's litigation strategy in the Emilio Gutierrez-Soto Habeas case.<br><br>**Reason for Redaction**: The attorney-client privileged information was withheld to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Interim BIA's order as it impacts continued detention of Emilio Gutierrez-Soto. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of ICE employees (ERO deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, and OPLA Attorneys).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2018-ICFO-42786- 639- 641<br>2018-ICFO-42786- 642- 684<br><br>2019-ICLI-00014B- 1303- 1310<br>2019-ICLI-00014B- 1311- 1319 | Partial 639-641, 674, 679, 680-681, 1303, 1311<br><br>Full 675-678, 1304-1310, 1312-1319 | **Description of the Records:** E-mail communication with attachments exchanged between ICE employees, more specifically between several ERO Assistant Field Office Directors (AFOD) and OPLA attorneys concerning ICE filings in support of a Motion to Dismiss or in the alternative a Motion for Summary Judgment in the District Court for the Western District of Texas in response to a Petition for Habeas Corpus filed by Emilio Gutierrez-Soto and Oscar Gutierrez-Soto.<br><br>**Description of Information being withheld under (b)(5):** The information being withheld on page 2018-ICFO-42786- 640 and 2018-ICFO-42786- 674- 680 constitute attorney work product and attorney client privileged information. The declarations and filings are attorney work products which were drafted based on the facts provided by an ICE/ERO Officer in Charge to the Assistant United States Attorney. The information being withheld under (b)(5) in the email communications constitute attorney client privileged information because the ERO AFOD and OPLA attorney are discussing specific edits to the draft filing in response to Emilio Gutierrez-Soto's Petition for Habeas Corpus.<br><br>**Reason for Redaction**: ICE applied FOIA Exemption (b)(5) based on the attorney work product privilege which protects documents and other memoranda prepared by an attorney in contemplation of litigation. Here, these draft documents are protected from disclosure because they were prepared by attorneys in anticipation of litigation in response to the Habeas Corpus Petition filed by Emilio and Oscar Gutierrez-Soto. The information withheld consisted of communications involving an agency employee, the ICE Officer in Charge, to the AUSA representing ICE in federal court (habeas). | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

FOIA Exemption (b)(5) was also applied to withhold attorney-client privileged information that was shared between an Assistant United States Attorney (AUSA) and ICE/ERO Officer in Charge. Specifically, the ICE/ERO officer in charge provided detailed information concerning Emilio and Oscar Gutierrez-Soto's immigration history and removal proceedings.  The content of the declaration is protected from disclosure pursuant to the attorney-client privilege, to include the facts as framed by the AUSA in the declaration in opposition of the Habeas Petition. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.

**Description of the information being withheld under (b)(6) and (b)(7)(C)**: The e-mail communications contain names, direct telephone numbers, and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys). The draft declaration pages 2018-ICFO-42786 676- 677 contain personally identifiable information ("PII") which were withheld under FOIA exemptions (b)(6) and (b)(7)(C).

**Reasons for Redactions:** ICE applied FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

Additionally, ICE applied (b)(6) and (b)(7)(C) to prevent disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

| 2018-ICFO-42786- 686- 689

2019-ICLI-00014B- 587A, 588A, 589, 590

2019-ICLI-00014B- 780A
2019-ICLI-00014B- 789- 795 | Partial | **Description of the Records:** E-mail communication between ICE ERO Officer in Charge and an OPLA attorney regarding an immigration form to be shared with the AUSA who was preparing a court filing in response to the Habeas litigation filed by Emilio and Oscar Gutierrez.

**Description of Information being withheld under (b)(5):** The information being withheld under (b)(5) constitutes attorney client privileged information on 2018-ICFO-42786- 686, the OPLA attorney explains how information in the immigration form is applicable to AUSA's legal strategy. The e-mail from the ERO Officer in Charge to the OPLA attorney on 2018-ICFO-42786- 687 is an inquiry as to whether specific records are needed to legally justify ICE's actions based on the OPLA attorney's original request for records at the bottom of 2018-ICFO-42786- 688.

**Reason for Redaction**: The attorney-client privileged information was withheld in these pages to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Interim BIA's order as it impacts continued detention of Emilio Gutierrez-Soto. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.

**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names and e-mail addresses of ICE employees (ICE deportation Officers, Officers in Charge, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys).

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
|---|---|---|---|
| 2019-ICLI-00014- 4 | Partial | **Description of the Record:** Hand-written notes taken by an OPLA attorney pertaining to Emilio and Oscar Gutierrez-Soto's immigration removal hearing.<br><br>**Description of Redactions:** The information being withheld constitutes attorney work product.  The handwritten information recorded by an OPLA immigration trial attorney memorializes what transpired during Emilio and Oscar Gutierrez-Soto's removal hearing.<br><br>**Reasons for Redactions:** FOIA Exemption (b)(5) was applied to withhold information that constitutes that attorney work product.  The attorney work product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. Here, the handwritten note is protected from disclosure because it was prepared by an ICE attorney in anticipation of Emilio and Oscar Gutierrez-Soto's removal hearing. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 2019-ICLI-00014- 5 | Partial | **Description of the Record:** printouts from ICE's former case tracking system called General Counsel Electronic Management System (GEMS).<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number and e-mail address of a DHS employee.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 6- 7 | Full | **Description of the Record:** Office of Chief Counsel Roster which includes names of ICE employees and contractors with corresponding home, blackberry, office and cell phone numbers as well as government e-mail addresses. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | **Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number and e-mail address of ICE employees who work at the Office of Chief Counsel.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014- 27- 29<br>2019-ICLI-00014B- 1491- 1510 | Full/<br>Partial | **Description of the Records:** All draft letter correspondence, accompanying attachments and mailing envelopes concerning Emilio Gutierrez-Soto and Oscar Gutierrez-Soto's immigration case status to include: Congressional requests with memorandums and privacy waivers, ERO's response relating to Emilio Gutierrez-Soto's application for stay of deportation, Emilio Gutierrez-Soto's Request for Parole, Request for the release of Mr. Emilio Gutierrez-Soto, ICE's response to Emilio Gutierrez-Soto's request for Parole<br><br>**Description of the information being withheld under (b)(5):** The information being withheld under (b)(5) constitutes deliberative and pre-decisional information. The AFOD was presented with two draft template responses to the congressional inquiry for Emilio Gutierrez-Soto. The final version of 2019-ICLI-00014 -27 is on page 2019-ICLI-00014- 29. There is no final version of page 2019-ICLI-00014- 28.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. The draft template letter is pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions. The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |

resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, addresses, direct telephone numbers, initials, signatures and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys, IHSC employees). Likewise, names, e-mail addresses, physical addresses, and direct telephone numbers of third-party individuals such as reporters and contractors.

**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

**Description of the Information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, Person Identification numbers, Subject Identification numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.

| | | **Reasons for Redactions:**  Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.  Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2019-ICLI-00014- 34-35<br>2019-ICLI-00014- 38-39<br>2019-ICLI-00014- 060-063<br>2019-ICLI-00014- 065-066<br>2019-ICLI-00014- 756- 759 | Partial | **Description of the Record:** attorney worksheet printouts from ICE's former case tracking system called General Counsel Electronic Management System (GEMS).<br><br>**Description of the information being withheld under (b)(5):** The information being withheld are OPLA trial attorney case notes concerning Emilio and Oscar Gutierrez-Soto's immigration proceedings and special interest items specific to Emilio and Oscar Gutierrez-Soto's immigration proceedings.<br><br>**Reasons for Redactions:** FOIA Exemption (b)(5) was applied to withhold information in the attorney worksheet that constitutes attorney work product.  The attorney work product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. Here, the case notes and special interest items are protected from disclosure because this information was annotated by an ICE attorney in anticipation of Emilio and Oscar Gutierrez-Soto's immigration removal hearing.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number and e-mail address of a DHS employee.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014- 37 2019-ICLI-00014- 40 2019-ICLI-00014- 064 2019-ICLI-00014- 068 | Partial | **Description of the Record:** DHS Attorney Record of Action form is an ICE trial attorney's handwritten log documenting the date, Immigration Judge, Assistant Chief Counsel ICE Attorney, action taken and the disposition of the case.<br><br>**Description of the information being withheld under (b)(5):** The information being withheld are OPLA trial attorney case notes concerning Emilio and Oscar Gutierrez-Soto's immigration proceedings and special interest items specific to Emilio and Oscar Gutierrez-Soto's immigration proceedings.<br><br>**Reasons for Redactions:** FOIA Exemption (b)(5) was applied to withhold information in the attorney worksheet that constitutes attorney work product.  The attorney work product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. Here, the case notes and special interest items are protected from disclosure because this information was annotated by an ICE attorney in anticipation of Emilio and Oscar Gutierrez-Soto's immigration removal hearing.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names and initials of ICE employees.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| 2019-ICLI-00014- 41 | Partial | **Description of the Record:** E-mail correspondence between assistant chief counsel immigration trial attorney and ERO officer concerning Oscar Gutierrez-Soto's immigration proceedings.<br><br>**Description of the information being withheld under (b)(5):** The information being withheld is the exchange between an assistant chief counsel and an ERO officer about litigation strategy and corresponding logistics concerning Oscar Gutierrez-Soto's immigration proceedings.<br><br>**Reasons for (b)(5) Redactions:** The attorney-client privileged information was withheld to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel. Here, the assistant chief counsel is consulting with an ERO Officer about moving Oscar Gutierrez-Soto's removal proceedings forward and properly annotating the legal rationale in GEMS.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names of ICE employees.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| 2019-ICLI-00014-42A | Partial | **Description of the Record:** E-mail correspondence between assistant chief counsel immigration trial attorney and an ERO officer concerning Oscar Gutierrez-Soto's immigration proceedings.<br><br>**Description of the information being withheld under (b)(5):** The information being withheld is the exchange between an assistant chief counsel and an ERO officer about litigation strategy concerning Oscar Gutierrez-Soto's immigration proceedings.<br><br>**Reasons for Redactions:** The attorney-client privileged information was withheld to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.<br>Here, the assistant chief counsel is consulting with an ERO Officer about the status of Oscar Gutierrez-Soto's removal proceedings.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names of ICE employees, third party PII and information that is specifically exempted from disclosure bylaw.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | Additionally, ICE applied (b)(6) and (b)(7)(C) to prevent disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
|---|---|---|---|
| 2019-ICLI-00014- 43A | Partial | **Description of the Record:** E-mail correspondence between an assistant chief counsel, ERO officers and an a USCIS asylum officer concerning the consolidating Emilio Gutierrez-Soto's and Oscar Gutierrez-Soto's immigration proceedings.<br><br>**Description of the information being withheld under (b)(5):** The information being withheld is the exchange between an assistant chief counsel, ERO Officers and an USCIS asylum officer about coordinating the logistics of joining Oscar and Emilio Gutierrez-Soto's immigration proceedings so they can be heard together.<br><br>**Reasons for Redactions:** The attorney-client privileged information was withheld to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.<br>Here, the assistant chief counsel is consulting with an ERO Officer and the USCIS asylum officer about the status of Oscar Gutierrez-Soto's removal proceedings and joining them with his father's removal proceedings.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names of ICE employees and USCIS employees and direct telephone numbers.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014- 44A, 45A- 46 | Partial | **Description of the Record:** E-mail correspondence between several ERO officers and an a USCIS asylum officer about the status of Oscar Gutierrez-Soto's immigration case and the logistics of joining his case with Emilio Gutierrez-Soto's case in immigration proceedings.<br><br>**Description of the information being withheld under (b)(5):** The information being withheld is the exchange between the ERO Officers and the USCIS asylum officer about how to coordinate the logistics of joining Oscar and Emilio Gutierrez-Soto's immigration proceedings so they can be heard together.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, desk phone numbers, cell phone numbers of DHS employees, and a third party's alien number.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>Additionally, ICE applied (b)(6) and (b)(7)(C) to prevent disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2019-ICLI-00014- 47A | Partial | **Description of the Record:** A printed e-mail between an ERO officer and an assistant chief counsel which includes a handwritten note between two assistant chief counsels concerning how to document Emilio Gutierrez-Soto's immigration proceedings in GEMS.<br><br>**Description of the information being withheld under (b)(5):** The information being withheld is the exchange between an assistant chief counsel and an ERO Officer about transferring Emilio Gutierrez-Soto's A-file and tracking his immigration proceedings is withheld based on attorney-client privilege.<br><br>**Reasons for Redactions:** The attorney-client privileged information was withheld to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.
Here, the assistant chief counsel is consulting with an ERO Officer to track his immigration proceedings.

**Description of the information being withheld under (b)(5):** The information being withheld are the handwritten notes exchanged between the two assistant chief counsel regarding how to properly document the Emilio Gutierrez-Soto's immigration proceedings in GEMS.

**Reasons for Redactions:** FOIA Exemption (b)(5) was applied to withhold information in the attorney worksheet that constitutes attorney work product.  The attorney work product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. Here, the case notes and special interest items are protected from disclosure because this information was annotated by an ICE attorney in anticipation of Emilio and Oscar Gutierrez-Soto's immigration removal hearing.

**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names of ICE employees.

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

| | | | |
|---|---|---|---|
| 2019-ICLI-00014- 48<br>2019-ICLI-00014- 589 | Partial | **Description of the Record:** EAGLE screen shot of biographical data pertaining to Oscar Gutierrez-Gutierrez-Soto<br><br>**Description of the Information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, Person Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried. | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(E) |

| | | | |
|---|---|---|---|
| | | **Reasons for Redactions:**  Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.  Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| Forms 2019-ICLI-00014- 059 | Partial | **Description of the Record:** DACs Case Summary Printout records and EARM screen shots pertaining to Emilio Gutierrez-Soto and Oscar Gutierrez-Soto  <br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, initials, phone numbers, usernames, email addresses and other contact information for ICE employees, such as: Deportation Officers "DO."  <br>**Reasons for Redactions:**  <br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.  <br><br>**Description of the Information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, Person Identification numbers, Subject Identification numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.  <br><br>**Reasons for Redactions:**  Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |

| | | URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.   Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
|---|---|---|---|
| 2019-ICLI-00014- 590<br>2019-ICLI-00014- 596<br>2019-ICLI-00014- 597 | Partial | **Description of the Record:** PACER screen shot of "no records found" in response to a search of all courts for cases concerning Oscar Gutierrez-Soto and Oscar Gutierrez-Soto.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** ICE employee's Pacer username.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) simply minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (6)(6), (b)(7)(C) |
| 2019-ICLI-00014B- 087A- 134A<br>2019-ICLI-00014B- 1225A, 1226A,1227A, 1228, 1229A<br>2019-ICLI-00014B- 1230, 1231, 1232A, 1234- 1236<br>2019-ICLI-00014B- 1240A, 1241- 1244 | Partial | **Description of the Records:** E-mail communications and attached records exchanged between several ERO AFODs, an Officer in Charge, an SDDO, a and a DO discussing potential next steps concerning Emilio Gutierrez-Soto's immigration proceedings and detention.<br><br>**Description of the Information being withheld under (b)(5):** The AFOD relays to his subordinates that he is meeting with ICE Chief Counsel regarding how to proceed in the Gutierrez-Soto immigration case.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

deliberative.  The emails exchanged between ERO officers contemplate whether Emilio Gutierrez-Soto's request for Stay will be granted and potential ERO actions if the court denies the Stay.  The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, direct telephone numbers, and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, and OPLA Attorneys).  Likewise, names of third-party individuals such as reporters, plaintiff's attorney.
**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory

| | | | |
|---|---|---|---|
| | | responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2019-ICLI-00014B- 140A- 146A 2019-ICLI-00014B- 183A- 186A 2019-ICLI-00014B- 593, 594, 595A, 596A, 597 | Partial | **Description of the Records:** E-mail communications between ERO AFODs and ICE Public Affairs Officers concerning Emilio and Oscar Gutierrez-Soto's Emergency Stay at the BIA and releasing information to the media.<br><br>**Description of the Information being withheld under (b)(5):** On page 2019-ICLI-00014B- 142 and the ICE Public Affairs officers are discussing information disclosure limitations with respect to Emilio Gutierrez-Soto's ongoing immigration proceedings.  On page 2019-ICLI-00014B- 140A-144A and 2019-ICLI-00014B 595A-596A the ERO Officers and ICE Public Affairs Officers are pre-coordinating information releases to the media based on updates regarding the status of Emilio Gutierrez-Soto's immigration proceedings.<br><br>**Reasons for Redactions:**  FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  The emails exchanged between ERO officers and ICE Public Affairs officers contemplate whether Emilio and Oscar Gutierrez-Soto's request for Stays will be granted by the BIA and potential subsequent ERO actions.  The email contains considerations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description information being withheld under (b)(6), (b)(7)(c):** The information being withheld are the names of third parties as well as names, addresses, direct telephone numbers and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers) and third parties (such as reporters).<br><br>**Reasons for Redactions:**  Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Additionally, (b)(6), (b)(7)(C) was applied to withhold the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014B- 176A- 179A<br>2019-ICLI-00014B- 469A – 473A<br>2019-ICLI-00014B- 1005- 1014<br>2019-ICLI-00014B- 1054- 1058<br>2019-ICLI-00014B- 1062, 1063, 1064A, 1065<br>2019-ICLI-00014B- 1260A, 1261-1264<br>2019-ICLI-00014B- 1381<br>2019-ICLI-00014B- 1383- 1384 | Partial | **Description of the Records:** E-mail communications between ERO AFODs, a DO, an OIC, an SDDO, an ICE Public Affairs Officer, and an OPLA Attorney drafting responses to questions about Emilio Gutierrez-Soto posed by a media outlet.<br><br>**Description of the Information being withheld under (b)(5)**: ERO edited draft responses to questions posed by the reporter about Emilio Gutierrez-Soto.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  These emails between ICE PA and ERO contemplate whether certain information from the Immigration Judge's in opinion from an active immigration removal hearing concerning the denial of Mr. Gutierrez's asylum application should be disclosed in an ICE Press Release.  The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document | Freedom of Information Act 5 U.S.C. § 552 (b)(5),(b)(6), (b)(7)(C) |

contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

FOIA exemption (b)(5) was also applied to withhold attorney-client privileged information. Attorney-client privilege protects communications from clients to their attorneys made for the purpose of securing legal advice or services. The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Interim BIA's order as it impacts continued detention of Emilio Gutierrez-Soto. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client. If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.

**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of the ICE ERO Officers as well as third party names, telephone numbers, and e-mail addresses.

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

Additionally, FOIA exemptions (b)(6) and (b)(7)(C) was applied to withhold third-party PII which could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how

| | | | |
|---|---|---|---|
| | | communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2019-ICLI-00014B- 243A – 250A<br>2019-ICLI-00014B- 1330- 1332, 1333A, 1334A, 1335, 1336<br>2019-ICLI-00014B- 1404, 1405A, 1406, 1407 | Partial | **Description of the Records:** E-mail communications (with attached signed privacy waivers from Emilio Gutierrez-Soto) between ICE employees, more specifically from an ERO Assistant Field Office Director (AFOD) to other ERO AFODs, ICE Public Affairs Officers and an OPLA attorney pertaining to whether information concerning Emilio Gutierrez's removal hearing can be disclosed to media outlets.<br><br>**Description of Information being withheld under (b)(5):** The information being withheld under (b)(5) on pages 2019-ICLI-00014B- 243A and 2019-ICLI-00014B -245A, constitutes attorney-client communications because the public affairs officer is consulting with an OPLA attorney whether it would be appropriate to include more specific information in the press release.  Additionally, the information withheld under (b)(5) on pages 2019-ICLI-00014B 247A- 249A constitute deliberative, pre-decisional and draft information.  This email exchange is between ERO AFODs who are making edits to the ICE public affairs officer's draft statement concerning Emilio Gutierrez-Soto's immigration history.<br><br>**Reason for Redaction**: FOIA exemption (b)(5) protects attorney-client privileged information which are communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ICE Public Affairs Officer is an explanation of Emilio Gutierrez-Soto's requested immigration relief.  This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor.  The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.<br><br>Additionally, FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. These emails between ICE PA, ERO and OPLA personnel contemplate whether certain information pertaining to Mr. Gutierrez-Soto's immigration proceedings should be disclosed in an ICE press release. The email contains a draft press release which is pre-decisional and deliberative because it is subject to revision.  The draft press release is expressly protected by FOIA Exemption (b)(5), which is | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions. The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions. The release of this internal information would discourage the expression of free and candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys, IHSC employees). Likewise, names of third-party individuals such as reporters.

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) simply minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

| 2019-ICLI-00014B- 490A- 493A<br>2019-ICLI-00014B- 514A, 515A, 517, 518<br>2019-ICLI-00014B- 930, 931A, 932-936 | Partial | **Description of the Records:** E-mail communication with attachment (immigration court filing/ BIA decision). The e-mail is an internal communication between ICE employees, more specifically, several ERO Assistant Field Office Directors (AFODs), an ERO Detention Officer (DO), an ERO Supervisory Detention and Deportation Officer (SDDO), an OPLA attorney and an ICE Public Affairs Officer discussing the status of Emilio Gutierrez-Soto's appeal at the BIA.<br><br>**Description of the Information being withheld under (b)(5):** The AFOD clarifies the procedural history Emilio Gutierrez-Soto's request for asylum as it relates to his detention status and suggests information that should be included in future press releases.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. These emails between ICE PA and ERO contemplate whether certain information from the Immigration Judge's in opinion from an active immigration removal hearing concerning the denial of Mr. Gutierrez's asylum application should be disclosed in an ICE Press Release. The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions. The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>Additionally, (b)(5) was applied to attorney-client privileged information which protects communications from clients to their attorneys made for the purpose of securing legal advice or services. The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ICE Public Affairs Officer is an explanation of Emilio Gutierrez-Soto's requested immigration relief. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client. If these | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of the ICE ERO Officers as well as third party PII.<br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>Additionally, FOIA exemptions (b)(6) and (b)(7)(C) was applied to withhold third-party PII which could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2019-ICLI-00014B- 503B, 504, 505-508, 509A- 510<br>2019-ICLI-00014B- 987A, 988A, 989-994 | Partial | **Description of the Records:** E-mail communication and attachments (consisting of congressional correspondence) between an ERO Assistant Field Office Director (AFOD), other AFODs, an ERO Officer in Charge, ERO detention officers and ERO Supervisory Detention Officers as well as an OPLA Attorney about Emilio Gutierrez-Soto's health during his detention which corresponds to a congressional inquiry submitted by Congressman Beto O'Rourke.<br><br>*ICE reprocessed pages 2019-ICLI-00014B 503-504 because during the rolling production these pages where given duplicate bates stamps. The reprocessed pages have been re-numbered 2019-ICLI-00014B 503B- 504B.<br><br>**Description of Information being withheld under (b)(5):** The information being withheld under (b)(5) on 2019-ICLI-00014B 509 A constitutes attorney client privileged information wherein the | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

ERO AFOD relays on what grounds Mr. Gutierrez-Soto's health information was disclosed or withheld.  The information is also subject to (b)(5) withholding based on deliberative process since the ERO AFOD expresses his opinion as to Mr. Gutierrez-Soto's health status.

**Reason for Redaction**: The attorney-client privileged information was withheld in these pages to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Interim BIA's order as it impacts continued detention of Emilio Gutierrez-Soto. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.

**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, direct telephone numbers, and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, and ICE Attorneys.  Likewise, names of third-party individuals, their phone numbers and e-mail addresses.

<table>
<tr><td></td><td></td><td><strong>Reasons for Redactions:</strong> Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.</td><td></td></tr>
<tr><td>2019-ICLI-00014B- 744A - 745<br>2019-ICLI-00014B- 1099, 1100, 1101A, 1102A, 1103<br>2019-ICLI-00014B- 1107, 1108A, 1109</td><td>Partial</td><td><strong>Description of the Records:</strong> E-mail communication between ICE employees, more specifically, the discussion is between ERO Assistant Field Office Directors (AFODs) and OPLA attorneys.  The OPLA Attorneys' in concert with the AUSA sought records from the AFODs pursuant to a court order in Emilio Gutierrez-Soto's Habeas case.<br><br><strong>Description of Information being withheld under (b)(5):</strong> The information being withheld under (b)(5) on pages 2019-ICLI-00014B- 744 and 2019-ICLI-00014B 1099- 1101A, and 2019-ICLI-00014B- 1107-1108 constitutes attorney client privileged information because the OPLA attorneys consult with ERO about specific records that are relevant to court order in the Emilio Gutierrez-Soto's habeas case.<br><br><strong>Reason for Redaction:</strong> The attorney-client privileged information was withheld to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation</td><td>Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C)</td></tr>
</table>

of the Interim BIA's order as it impacts continued detention of Emilio Gutierrez-Soto. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client. If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.

**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of ICE employees (ERO deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, and OPLA Attorneys).

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

| | | | |
|---|---|---|---|
| 2019-ICLI-00014B- 698A, 699A, 700<br>2019-ICLI-00014B- 720A- 721<br>2019-ICLI-00014B- 800, 801A, 802 | Partial | **Description of the Records:** E-mail communication between ICE employees, more specifically between several ERO Assistant Field Office Directors (AFOD), and ERO Assistant Officer in Charge, an ICE Public Affairs Officer, and an OPLA attorney collectively discussing how to characterize detainee Emilio Gutierrez-Soto's upcoming engagements for purposes of determining the process for approving and scheduling. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| 2019-ICLI-00014B- 821A | | **Description of Information being withheld under (b)(5):** On page 2019-ICLI-00014B- 698 and 2019-ICLI-00019B- 720 the information being withheld under (b)(5) constitutes deliberative process wherein the AFOD differentiates the process for scheduling and approving a detainee media interview verses a detainee visitation.<br><br>**Reason for Redaction**: FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  The email communication between ERO officers is a discussion about the process for approving and scheduling a detainee's media interview verses a detainee's visitation appointment.  The email contains analysis and opinions that are pre-decisional and deliberative.  Pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications.  Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>In addition to being pre-decisional and deliberative, the information withheld under (b)(5) at the bottom of page 2019-ICLI-00014B- 698 and 2019-ICLI-00019B- 720 also constitutes attorney client privileged information because the ERO AFOD provides his assessment on how to characterize detainee Emilio Gutierrez-Soto's upcoming engagements to an OPLA attorney.<br><br>**Reason for Redaction**: The attorney-client privileged information was withheld to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Interim BIA's order as it impacts continued detention of Emilio Gutierrez-Soto. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer | |

| | | being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of ICE employees (ERO deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, and OPLA Attorneys).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2019-ICLI-00014B- 670A<br>2019-ICLI-00014B- 811A- 812<br>2019-ICLI-00014B- 1020A | Partial | **Description of the Records:** E-mail communications and attached records exchanged between an ERO AFOD, an SDDO, and a DO discussing potential next steps concerning Emilio Gutierrez-Soto's immigration proceedings and detention.<br><br>**Description of the Information being withheld under (b)(5):** Advising subordinates how to prepare in anticipation of the BIA's decision in Emilio Gutierrez-Soto's immigration case.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  The emails exchanged between ERO officers contemplate whether Emilio Gutierrez- | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

Soto's request for Stay will be granted and potential ERO actions if the court denies the Stay.  The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, direct telephone numbers, and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, and OPLA Attorneys).  Likewise, names of third-party individuals such as reporters, plaintiff's attorney.

**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory

| | | | |
|---|---|---|---|
| | | responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2019-ICLI-00014B- 803A, 804, 805A, 806- 809 | Partial | **Description of the Records:** E-mail communication between ICE ERO Officer in Charge, an AFOD, and an OPLA attorney regarding parole records that were requested by the AUSA who was preparing a court filing in response to the habeas litigation filed by Emilio and Oscar Gutierrez.

**Description of Information being withheld under (b)(5):** The information being withheld under (b)(5) constitutes attorney client privileged information, the OPLA attorney is requesting ERO provide parole records that will be forwarded to the AUSA for a response in Emilio Gutierrez-Soto's habeas case.

**Reason for Redaction**: The attorney-client privileged information was withheld in these pages to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Interim BIA's order as it impacts continued detention of Emilio Gutierrez-Soto. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.

**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names and e-mail addresses of ICE employees (ICE deportation Officers, Officers in Charge, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorneys).

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
|---|---|---|---|
| 2019-ICLI-00014B- 843A, 844-846 | Partial/Full | **Description of the Records:** E-mail communication between an ICE Senior Attorney and AFOD requesting he complete and sign the attached draft affidavit in preparation of the ICE's response to Emilio Gutierrez-Soto's habeas case.<br><br>**Description of Information being withheld under (b)(5):** The information being withheld on page 2019-ICLI-00014B- 843A under (b)(5) in the email communication constitutes attorney client privileged information because the ERO AFOD and OPLA senior attorney are communicating about a draft affidavit in response to Emilio Gutierrez-Soto's habeas case. The information withheld in full on pages 2019-ICLI-00014B- 844-846 constitutes attorney work product based on attorney-client privileged information. More specifically, the declaration was drafted by an attorney based on facts provided by an ICE/ERO AFOD to address issues raised in Emilio Gutierrez-Soto's habeas case.<br><br>**Reason for Redaction:** FOIA Exemption (b)(5) was applied to withhold attorney-client privileged information that was shared between an ICE OPLA Senior Attorney and an ICE/ERO AFOD. Specifically, the AFOD provided information concerning ERO's search for records subject to discovery. The content of the declaration is protected from disclosure pursuant to the attorney-client privilege, to include the facts as framed by the attorney in the declaration in opposition of the Habeas Petition. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.<br><br>In addition, ICE applied FOIA Exemption (b)(5) based on the attorney work product privilege which protects documents prepared by an attorney in contemplation of litigation. Here, these draft documents are protected from disclosure because they were prepared by an attorney in anticipation of litigation in response to the Habeas Corpus Petition filed by Emilio and Oscar Gutierrez-Soto. The information withheld consisted of communications involving an agency employee, the ERO AFOD, to the attorney representing ICE in federal court.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct phone numbers and e-mail addresses of ICE employees (ICE deportation Officers, AFOD, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorney).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | | | |
|---|---|---|---|---|
| | | enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.  In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014B- 857- 864 | Partial/Full | **Description of the Records:** E-mail communications between ICE OPLA Attorneys (a Deputy Chief Counsel and an Assistant Chief Counsel) and ERO Officers to include (an ERO Officer in Charge, several AFODs) discussing the attached draft stipulation agreement in Emilio Gutierrez-Soto's habeas case.

**Description of Information being withheld under (b)(5):** The information being withheld in e-mails on pages 2019-ICLI-00014B- 857-858 under (b)(5) constitute attorney client privileged information which is also deliberative in nature. The ERO Officers and OPLA attorneys are discussing the merits of the proposed stipulation agreement in Emilio Gutierrez-Soto's habeas case and how it would impact ICE/ERO.  The information withheld in full on pages 2019-ICLI-00014B- 860-864 constitutes attorney work product and it is also information withheld based on deliberative process.  The settlement agreement in draft form is not a final agency record.

**Reason for Redaction**: FOIA Exemption (b)(5) was applied to withhold attorney-client privileged information that is shared between an ICE OPLA attorneys and an ICE/ERO Officers in discussion about the proposed stipulation agreement. Specifically, the ERO officers reviewed the draft agreement asked the attorneys for clarification on some of the terms while commenting on the feasibility of other proposed terms. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.

In addition, ICE applied FOIA Exemption (b)(5) based on the attorney work product privilege which protects documents prepared by an attorney in contemplation of litigation. Here, the draft documents are protected from disclosure because they were prepared by an attorney/edited by an attorney in anticipation of litigation.

Finally, ICE applied FOIA exemption (b)(5) to protect information that is pre-decisional and deliberative.  The draft settlement agreement is pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct phone numbers and e-mail addresses of ICE employees (ICE deportation Officers, AFOD, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorney).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the agency in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014B- 880- 911 | Partial | **Description of the Records:** E-mail communications between ICE OPLA Attorney (Chief Counsel) and ERO Officers to include (an ERO Officer in Charge and several AFODs) the Court's summary judgement order in Emilio Gutierrez-Soto's habeas case.  The court order is an attachment to the e-mail and it is released in full.  The Notice of Electronic filing was also attached to the e-mail an it was withheld in part.<br><br>**Description of Information being withheld under (b)(5):** The information being withheld in the e-mail on page 2019-ICLI-00014B- 880 under (b)(5) constitutes attorney client privileged information.  The OPLA attorney is explaining to his ERO clients the Court's summary judgement decision in Emilio Gutierrez-Soto's habeas case. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

**Reason for Redaction**: The attorney-client privileged information was withheld in these pages to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Court's Summary Judgement order. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor.  The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.

**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, direct phone numbers and e-mail addresses of ICE employees (ICE deportation Officers, AFOD, Supervisory Detention Deportation Officers, Assistant Field Officers, ICE Attorney) as well as names of third parties.

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

Also, under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the

| | | | public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
|---|---|---|---|---|
| 2019-ICLI-00014B- 947A- 951A, 952, 953, 954A, 955 | Partial | | **Description of the Record:** the OPLA attorney requested and received a copy of ERO El Paso's case review worksheet, the application for stay of removal forms, and stay denial letters pertaining to Emilio Gutierrez-Soto.<br><br>**Description of the Information being withheld under (b)(5):** The subordinate ERO officers have made comments, provided analysis, and made recommendations concerning Emilio Gutierrez-Soto's detention and immigration proceedings.<br><br>**Reasons for the Redaction:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  The emails exchanged between ERO officers contemplate whether Emilio Gutierrez-Soto's request for Stay will be granted and potential ERO actions if the court denies the Stay.  The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number and e-mail address of ICE employees from OPLA and ERO.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |

| | | | | |
|---|---|---|---|---|
| | | | outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>**Description of the Information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, Person Identification numbers, Subject Identification numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.<br><br>**Reasons for Redactions:**  Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.   Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2019-ICLI-00014B- 956A- 962A, 963, 964, 965A | | Partial | **Description of the Record:** E-mail communications between the ERO Assistant Director of Field Operations, the El Paso Acting AFOD, the ERO Deputy Chief of Staff, the ERO Chief of Staff and the Acting Director of ICE pre-coordinating possible ERO actions concerning the status of Emilio Gutierrez-Soto's immigration detention.<br><br>**Description of the information being withheld under (b)(5)**: The El Paso field office confirmed ERO Headquarters will be given advance notice of any potential ERO actions concerning Emilio Gutierrez-Soto's detention.<br><br>**Reasons for the Redaction:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  The email requests notice of potential agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, direct telephone numbers, personal cell number and e-mail address of ICE employees from ERO.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014B- 966 | Partial | **Description of the Record**: E-mail communications between an OPLA Chief Counsel and the Acting AFOD discussing Emilio Gutierrez-Soto's immigration proceeding.<br><br>**Description of the information being withheld under (b)(5)**: The OPLA Chief Counsel and Acting AFOD discussed the current posture of Emilio Gutierrez-Soto's immigration case and the way forward as anticipated by the Chief Counsel.<br><br>**Reasons for Redactions:** The attorney-client privileged information was withheld to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Court's Summary Judgement order. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor.  The attorney-client privilege recognizes that | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number and e-mail address of ICE employees from OPLA and ERO.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014B- 967 | Partial | **Description of the Record:** E-mail communications between an Acting Executive Associate Director and the Acting El Paso AFOD concerning the status of Emilio Gutierrez-Soto's immigration proceedings.<br><br>**Description of the information being withheld under (b)(5):** discussion about the pending decision from immigration court and ERO's response to the court decision.<br><br>**Reasons for the Redaction:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  The email requests notice of potential agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications.  Further, since this document contains proposals for agency action, which may not have been adopted, | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, direct telephone numbers, personal cell number and e-mail address of ICE employees from ERO.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014B- 983A, 984-986<br>2019-ICLI-00014B- 1204A | Partial | **Description of the Record**: E-mail communications between an ERO AFOD and an ERO SDDO concerning Emilio Gutierrez-Soto's detention status and his pending request for change of venue based on obtaining a paid fellowship.<br><br>**Description of the information being withheld under (b)(5)**: discussion among ERO officers about whether to ERO should transfer detainee Emilio Gutierrez-Soto to a detention center in Michigan.<br><br>**Reasons for the Redaction:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  This withholding is applied to protect the integrity of the deliberative or decision-making processes within the agency and exempts from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number and e-mail address of ICE employees from ERO and third parties.

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

| 2019-ICLI-00014B- 995A, 997-1000 | Partial | **Description of the Records:** E-mail communication from a senior OPLA attorney to ICE employees in ERO and OPLA who may have records that are responsive to the Emilio Gutierrez-Soto habeas limited discovery order. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |
|---|---|---|---|
| | | **Description of the Information being withheld under (b)(5):** the e-mail on page 2019-ICLI-00014B- 995A instructs how to conduct searches for responsive discovery records that will be processed and turned over to the Court during litigation. The e-mails on pages 2019-ICLI-00014B-997- 998 are exchanges between OPLA attorneys discussing how to conduct and document a proper search for the responsive records. | |
| | | **Reasons for Redactions:** The attorney-client privileged information was withheld in these pages to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Court's Summary Judgement order. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor.  The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel. | |
| | | **Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention Deportation Officers, Assistant Field Officers, and OPLA Attorneys).  Likewise, names of third-party individuals such as reporters, plaintiff's attorney. | |
| | | **Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of | |

| | | | |
|---|---|---|---|
| | | this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014B- 1001A, 1002, 1003<br>2019-ICLI-00014B- 1404, 1405A, 1406A, 1407 | Partial | **Description of the Records:** E-mail communications between an ICE Public Affairs Officer, an ERO AFOD, an ERO Officer in Charge, and multiple OPLA Attorneys reviewing and commenting on a draft public statement pertaining to the status of Emilio Gutierrez-Soto's immigration case.<br><br>**Description of the Information being withheld under (b)(5):** contents of the draft public statement and edits/guidance provided by the OPLA attorney's concerning the draft public statement.<br><br>**Reasons for the Redaction:** The attorney-client privileged information was withheld in these pages to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Court's Summary Judgement order. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor.  The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.<br><br>In addition, FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  This withholding is applied to protect the integrity of the deliberative or decision-making processes within the agency and exempts from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | **Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of ICE employees (ERO Officers and OPLA Attorneys).  In addition, names, contact info, e-mail addresses of third parties, such as reporters.<br><br>**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2019-ICLI-00014B- 1032- 1034 | Partial | **Description of the Records:** E-mail communications between an ICE Public Affairs Officer, an ERO AFOD, and multiple OPLA Attorneys about the status of Emilio Gutierrez-Soto's immigration case.<br><br>**Description of the Information being withheld under (b)(5):** a litigation update and discussion about a potential ICE witness in Emilio Gutierrez-Soto's pending federal litigation.<br><br>**Reasons for the Redaction:** The attorney-client privileged information was withheld in these pages to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

<table>
<tr>
<td></td>
<td></td>
<td>of the Court's Summary Judgement order. This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor.  The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of ICE employees (ERO Officers and OPLA Attorneys).<br><br>**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered</td>
<td></td>
</tr>
<tr>
<td>2019-ICLI-00014B 1035- 1037</td>
<td>Partial</td>
<td>**Description of the Records:** E-mail communications between an ICE Public Affairs Officer, several ERO AFODs, an ERO Officer in Charge and OPLA attorneys in response to inquiries from the National Press Club Journalism Institute and Wall Street Journal about Emilio Gutierrez-Soto's detention and immigration case.<br><br>**Description of the Information being withheld under (b)(5):** discussion about what information can be publicly disclosed to counter statements/allegations made by the media.<br><br>**Reasons for the Redaction:** The attorney-client privileged information was withheld in these pages to protect communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ERO Assistant Field Office Director is an explanation of the Court's Summary Judgement order. This privilege applies to facts that are divulged to the</td>
<td>Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C)</td>
</tr>
</table>

| | | | |
|---|---|---|---|
| | | attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor.  The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.

In addition, FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  This withholding is applied to protect the integrity of the deliberative or decision-making processes within the agency and exempts from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, direct telephone numbers, personal cell number and e-mail address of ICE employees in ERO and OPLA.

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014B- 1049- 1053 | Partial | **Description of the Records:** E-mail communication between ICE employees, more specifically from an ERO Assistant Field Office Director (AFOD) to other ERO AFODs, ICE Public Affairs Officers | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

and an OPLA attorney pertaining to whether information concerning Emilio Gutierrez's removal hearing can be publicly disclosed.

**Description of Information being withheld under (b)(5):** This email contains the ICE public affairs officer's draft statement concerning Emilio Gutierrez-Soto's immigration history.

**Reason for Redaction**: FOIA exemption (b)(5) protects attorney-client privileged information which are communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ICE Public Affairs Officer is an explanation of Emilio Gutierrez-Soto's requested immigration relief.  This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor.  The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.

Additionally, FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. These emails between ICE PA, ERO and OPLA personnel contemplate whether certain information pertaining to Mr. Gutierrez-Soto's immigration proceedings should be disclosed in an ICE press release. The email contains a draft press release which is pre-decisional and deliberative because it is subject to revision.  The draft press release is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of ICE employees (ICE deportation Officers, Supervisory Detention

Deportation Officers, Assistant Field Officers, ICE Attorneys, IHSC employees).  Likewise, names of third-party individuals such as reporters.

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

**Description of the Information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, Person Identification numbers, Subject Identification numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.

**Reasons for Redactions:**  Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of these techniques and practices in navigating the databases could assist those

| | | people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.   Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
|---|---|---|---|
| 2019-ICLI-00014B- 1059- 1061 2019-ICLI-00014B- 1066- 1067 | Partial | **Description of the Records:** E-mail communications between ICE employees, more specifically between ERO Assistant Field Office Directors (AFOD), Officers in Charge, Deportation Officers, ICE Public Affairs Officers and an OPLA attorney who are revising the agency's response to an inquiry from the National Press Club Journalism Institute and the Wall Street Journal.

**Description of Information being withheld under (b)(5):** These emails contain revised draft responses to a question concerning Emilio Gutierrez-Soto's detention.

**Reason for Redaction**: FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  These emails between ICE PA, ERO and OPLA personnel contemplate whether certain information pertaining to Mr. Gutierrez-Soto's immigration proceedings should be disclosed in an ICE press release. The email contains a draft press release which is pre-decisional and deliberative because it is subject to revision.  The draft press release is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

In addition, FOIA exemption (b)(5) protects attorney-client privileged information which are communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ICE Public Affairs Officer is an explanation of Emilio Gutierrez-Soto's requested immigration relief.  This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |

| | | | |
|---|---|---|---|
| | | facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client. If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, direct telephone numbers, and e-mail addresses of ICE employees from ERO, Public Affairs, and OPLA.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2019-ICLI-00014B- 1094- 1095 | Partial | **Description of the Record:** Internal E-mail communications between ICE employees, more specifically between ERO Assistant Field Office Directors (AFODs) discussing and adjudicating duplicative requests from Mr. Beckett and Congressman Beto O'Rourke's Office for psychological evaluation of Emilio Gutierrez-Soto.<br><br>**Description of the information being withheld under (b)(5):** discussion about how to process duplicative requests for psychological evaluation. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

**Reasons for Redactions**: FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  This withholding is applied to protect the integrity of the deliberative or decision-making processes within the agency and exempts from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

**Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, direct telephone numbers, and e-mail addresses of ICE employees from ERO and link to the psychologist's name, photo and biography.

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) simply minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

| 2019-ICLI-00014B- 1104-1106  2019-ICLI-00014B- 1270A, 1271A, 1272 | Partial | **Description of the Record**: Internal e-mail communications between ERO AFODs and OPLA attorneys about traveling and preparing a witness for testimony in Emilio Gutierrez-Soto's habeas case.  **Description of the information being withheld under (b)(5)**:  the AFOD is explaining OPLA attorney is describing the status of Emilio Gutierrez-Soto's habeas case and identifying potential ICE witnesses.  **Reasons for Redactions**: FOIA exemption (b)(5) protects attorney-client privileged information which are communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ICE Public Affairs Officer is an explanation of Emilio Gutierrez-Soto's requested immigration relief.  This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor.  The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.  **Description of the information being withheld under (b)(6) and (b)(7)(C)**: Names, direct telephone numbers, personal cell number and e-mail address of ICE employees who work for ERO and OPLA.  Additionally, applied to names and contact info of third parties, such as the AUSA.  **Reasons for Redactions**: Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |

| | | The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>**Description of the Information being withheld under (b)(7)(E):** FOIA exemption (b)(7)(E) is applied to withhold codes associated with funding official travel.<br><br>**Reasons for Redactions:** Exemption (b)(7)(E) was applied to withhold information that could assist third parties to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system. Disclosure of information relevant to navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2019-ICLI-00014B- 1110- 1112 | Partial | **Description of the Record:** Internal email communications between ERO AFODs, OPLA Attorneys and ICE Public Affairs Officers who are editing a statement pertaining to the status of Emilio Gutierrez-Soto's immigration case.<br><br>**Description of the information being withheld under (b)(5):** edits to the draft statement about an Emilio Gutierrez-Soto's pending immigration case.<br><br>**Reason for Redaction:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. These emails between ICE PA, ERO and OPLA personnel contemplate whether certain information pertaining to Mr. Gutierrez-Soto's immigration proceedings should be disclosed in an ICE press release. The email contains a draft press release which is pre-decisional and deliberative because it is subject to revision. The draft press release is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions. The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

In addition, FOIA exemption (b)(5) protects attorney-client privileged information which are communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ICE Public Affairs Officer is an explanation of the status of Emilio Gutierrez-Soto's pending immigration case.  This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor.  The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.

**<u>Description of the information being withheld under (b)(6) and (b)(7)(C)</u>:** Names, direct telephone numbers, personal cell number and e-mail address of ICE employees who work for ERO, PA and OPLA.

**<u>Reasons for Redactions</u>:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

| 2019-ICLI-00014B- 1210-1212 | Partial/Full | **Description of the Records:** Draft unsigned letter from an ERO AFOD responding to an inquiry dated November 16, 2017 from Senator Heinrich's office concerning the status Emilio Gutierrez-Soto's immigration proceedings.<br><br>**Description of the Information being withheld under (b)(5):** a draft unsigned letter responding to an inquiry from Senator Heinrich's office concerning the status Emilio Gutierrez-Soto's immigration proceedings.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. The email proposes ERO take certain action, such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions. The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the Information being withheld under (b)(6),(b)(7)(c):** Names, direct telephone numbers and e-mail addresses of ICE employees (ICE deportation Officers and an Assistant Field Officers).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| 2019-ICLI-00014B- 1213-1214 | Partial | **Description of the Records:** Email communications between an ICE OPLA attorney, an CBP attorney and an ICE ERO AFOD discussing Emilio Gutierrez-Soto's removal and a potential emergency stay filed by his attorney. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |
|---|---|---|---|
| | | **Description of the Information being withheld under (b)(5):** communications between an ICE OPLA attorney, a CBP attorney and an ICE ERO AFOD concerning Emilio Gutierrez-Soto's removal and a potential emergency stay filed by his attorney. | |
| | | **Reasons for Redactions:** FOIA exemption (b)(5) protects attorney-client privileged information which are communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to an ICE ERO client concerning Emilio Gutierrez-Soto's removal.  This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor.  The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel. | |
| | | **Description of the Information being withheld under (b)(6),(b)(7)(c):** Names, direct telephone numbers and e-mail addresses of ICE and CBP employees (ICE deportation Officers and an Assistant Field Officers). | |
| | | **Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations.   The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |

| 2019-ICLI-00014B- 1215- 1216 | Partial | **Description of the Records:** Email communications between ERO officers to include two AFODs and a Deportation Officer regarding the status of Emilio Gutierrez-Soto's immigration case and coordination of potential ERO actions.<br><br>**Description of the Information being withheld under (b)(5):** communications between ERO officers coordinating potential ERO actions concerning Emilio Gutierrez-Soto's immigration proceedings.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  The email proposes ERO take certain action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number and e-mail address of ICE employees who work for ERO.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| 2019-ICLI-00014- 1222A | Partial | **Description of the Records:** Email communications between ERO officers for the purpose of securing detention space for Emilio Gutierrez-Soto.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number, database usernames and e-mail address of ICE employees who work for ERO.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>**Description of the Information being withheld under (b)(7)(E):** username and program software name for a-file tracking database.<br><br>**Reasons for Redactions:**  Exemption (b)(7)(E) was applied to withhold information that could assist third parties to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of information relevant to navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.   Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |
| 2019-ICLI-00014B- 1225A, 1226 | Partial | **Description of the Record:** Email communications between ERO officers (AFODs, SDDOs, and DOs) pertaining to Emilio Gutierrez-Soto's request for stay of removal submitted to the ERO El Paso Field Office while his emergency stay was pending at the BIA. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | **Description of the information being withheld under (b)(5):** pre-coordinating potential ERO action in advance of the court determining whether to grant Emilio Gutierrez-Soto's emergency stay of removal.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  The email proposes ERO take certain action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number and e-mail address of ICE employees who work for ERO.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014B-1246- 1248, 1249A, 1250- 1253, 1254A- 1258A, 1259 | Partial/Full | **Description of the Records:** Email with multiple attachments including ICE Forms and two draft unsigned letters from an ERO AFOD responding to a request from Emilio Gutierrez-Soto's attorney for a Stay of Deportation or Removal filed with ICE on or about November 16, 2017. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |

**Description of the Information being withheld under (b)(5):** two draft unsigned letters responding to a request from Emilio Gutierrez-Soto's attorney for a Stay of Deportation or Removal.

**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. The draft unsigned letters were withheld in full because they contain pre-decisional and deliberative information. FOIA Exemption (b)(5) is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions. The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

**Description of the Information being withheld under (b)(6),(b)(7)(c):** Names, direct telephone numbers and e-mail addresses of ICE employees (ICE deportation Officers and an Assistant Field Officers) and names and contact information of third parties.

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public

| | | | |
|---|---|---|---|
| | | benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>**Description of the Information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, Person Identification numbers, Subject Identification numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.<br><br>**Reasons for Redactions:** Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.   Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2019-ICLI-00014B- 1341A<br>2019-ICLI-00014B- 1391A, 1392<br>2019-ICLI-00014B- 1393- 1395<br>2019-ICLI-00014B- 1396A, 1397-1399 | Partial | **Description of the Record:** Email communications between an ERO AFOD and two ICE Health Service Corp officers consulting on a congressional inquiry pertaining to Emilio Gutierrez-Soto's immigration health status while detained.<br><br>**Description of the information being withheld under (b)(5):** the AFOD's explanation as to how the requested medical information is necessary and applicable to the underlying congressional inquiry.<br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  The draft unsigned letters were withheld in full because they contain pre-decisional and deliberative information.  FOIA Exemption (b)(5) is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the Information being withheld under (b)(6),(b)(7)(c):** Names, direct telephone numbers and e-mail addresses of ICE employees (ICE deportation Officers and an Assistant Field Officers) and names and contact information of third parties.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations.   The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014B- 1437, 1438<br>2019-ICLI-00014B- 1439, 1440 | Partial | **Description of the Record:** Internal email communications between an ICE Public Affairs Officer an OPLA Attorney concerning whether ICE has a comment about an article concerning Emilio Gutierrez-Soto.<br><br>**Description of the information being withheld under (b)(5):** the ICE Public Affairs Officer is seeking guidance on how to respond to a media inquiry concerning Emilio Gutierrez-Soto's immigration proceedings.<br><br>**Reason for Redaction:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  These emails between ICE PA, ERO and OPLA personnel contemplate whether certain information pertaining to Mr. Gutierrez-Soto's immigration proceedings be disclosed in an ICE press release. The email contains a draft press release which is pre-decisional and deliberative because it is subject to revision.  The draft press release is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

In addition, FOIA exemption (b)(5) protects attorney-client privileged information which are communications from clients to their attorneys made for the purpose of securing legal advice or services.  The privilege also protects communications from attorneys to their clients if the communications "rest on confidential information obtained from the client." In the governmental context, the client may be the agency and the attorney may be an agency lawyer. This email communication from OPLA attorney to client ICE Public Affairs Officer is an explanation of the status of Emilio Gutierrez-Soto's pending immigration case.  This privilege applies to facts that are divulged to the attorney and encompasses the opinion given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and his legal advisor.  The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client.  If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal counsel.

**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number and e-mail address of ICE employees who work for ERO, PA and OPLA.  Additionally, this withholding was applied to names, direct telephone numbers, personal cell numbers and e-mail addresses of third parties.

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

In addition, this withholding was applied to prevent disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to

| | | | |
|---|---|---|---|
| | | constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2019-ICLI-00014B- 1441-1452 2019-ICLI-00014B- 1454- 1487 2019-ICLI-00014B- 1490 | No withholdings-pages were released in full | Not applicable | Not applicable |
| 2019-ICLI-00014B- 1599A, 1600A | | **Description of the Record:** ICE Records of Determination/Parole Determination Worksheet which is assessment tool used to identify whether Emilio Gutierrez-Soto is a flight risk or a danger to the community which is forwarded up through the ERO chain of command to the deciding official.<br><br>**Description of the Information being withheld under (b)(5):**  Subordinate ERO officers review Emilio Gutierrez-Soto's assessed flight risk and threat to community to make recommendations as to whether Emilio Gutierrez-Soto's should be detained.<br><br>**Reasons for the Redaction:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  The form is incomplete or in draft form provides recommendations of subordinate ERO officers' recommendations as to whether Emilio Gutierrez-Soto should be detained.  The form contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The officers and/or employees are making recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | **Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number and e-mail address of ICE employees from OPLA and ERO.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |

## Office of Congressional Relations Records

| Bates Stamp Page Number | Withholding | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2019-ICLI-00014B- 1610 | Partial | **Description of the Record:** an internal e-mail from a Special Assistant in the ICE Office of Congressional Relations to a colleague in the same office.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number and e-mail address of ICE employees who work in the ICE Office of Congressional Relations.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | | In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
|---|---|---|---|---|
| 2019-ICLI-00014B- 1611, 1612A<br>2019-ICLI-00014B- 1613, 1614A | Partial | | **Description of the Record:** An internal email sent by ICE-Congressional Relations which refences a Quick Look Chart.  The corresponding attached chart is used to track the process of Private Immigration Relief Bills (116th Congress).  The responsive entry in the chart reflects the bill "HR 1751" was sponsored by "Dingell (D-MI/12)" which benefits "Emilio Gutierrez Soto and Oscar Emilio Gutierrez-Soto" it was introduced on "13 Mar 19".  Additionally, the chart reflects "n/a" for the date the report was requested, the date the stay expires, the date it passed the House, the date it passed the Senate and the date enacted.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number and e-mail address of ICE employees who work in the ICE Office of Congressional Relations.  Additionally, names of third parties were withheld.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.  In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>In addition, this withholding was applied to prevent disclosure of third-party PII names which could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Excel titled 19-14.0001_Pending Assignments- REDACTED revised 4.28.23 | Partial | **Description of the Record:** An excel document used to tracking pending assignments in the Office of Congressional Relations.  The excel columns are titled: Date Received, Staff First and Last Name, Member/Committee (HOR), Member/Committee (Senate), Issue/Overview. The excel has 9719 rows and each row describes an assignment pending in the Office of Congressional Relations.  See rows: 3589, 3879-3881, and 3899 for information pertaining to Emilio Gutierrez-Soto.<br><br>**Description of the information being withheld under (b)(5):** the status updates of the ICE Office of Congressional Relation's pending assignments.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative.  The email proposes ERO take certain action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number and e-mail address of ICE employees who work in the ICE Office of Congressional Relations.  Additionally, names and e-mail addresses of third parties were withheld.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>In addition, this withholding was applied to prevent disclosure of third-party names which could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| Excel titled 19-14.0004_COVID-19 inquires-SJC-Redacted revised 4.28.23 | Partial | **Description of the Record:** An excel document used to tracking pending assignments in the Office of Congressional Relations. The excel columns are titled: ID, OCR Staff, Date Received, Staff First & Last Name, Member/Committee (HOR), Member/Committee (Senate), Issue/Overview, Call Log Type, OCR call Log Backup, Division, Status, ICATT Number, Item Type, and Path. The excel has 10537 rows and each row describes an inquiry from a Congressional member or committee pertaining to COVID-19 which is assigned to Office of Congressional Relations staff for research and response. See rows: 4394, 4682, 4688, 4689, 4701 for information pertaining to Emilio Gutierrez-Soto.<br><br>**Description of the information being withheld under (b)(5):** the status updates of the ICE Office of Congressional Relation's pending assignments.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. The email proposes ERO take certain action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions. The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, personal cell number and e-mail address of ICE employees who work in the ICE | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |

Office of Congressional Relations.  Additionally, names and e-mail addresses of third parties were withheld.

**Reasons for Redactions:**  Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

In addition, this withholding was applied to prevent disclosure of third-party names which could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

**Description of the Information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, event numbers, URLs, and names of law enforcement databases queried.

**Reasons for Redactions:**  Exemption (b)(7)(E) was applied to case numbers, event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.  Further, how law enforcement officers access a database constitutes a law enforcement

| | | technique and procedure that is not commonly known.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |

# Office of the Chief Information Officer Records

| Bates Stamp Page Number | Withholding | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2019-ICLI-00014- 1976-1982<br>2019-ICLI-00014- 1984-1985<br>2019-ICLI-00014- 2022<br>2019-ICLI-00014- 2026<br>2019-ICLI-00014- 2033-2034<br>2019-ICLI-00014- 2056<br>2019-ICLI-00014- 2058<br>2019-ICLI-00014- 2071<br>2019-ICLI-00014- 2111<br>2019-ICLI-00014- 2115<br>2019-ICLI-00014- 2507<br>2019-ICLI-00014- 2509 | Partial | **Description of the Record:** Emails containing communications between an ICE OPLA Chief Counsel, Deputy Chief Counsel, Assistant Chief Counsel, AUSA, and legal support staff in El Paso, TX pertaining to Emilio Gutierrez-Soto and Oscar Gutierrez-Soto case files.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:**<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.<br><br>**Description of the Information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, Person | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |

| | | Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.<br><br>**Reasons for Redactions:**  Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system. Disclosure of these techniques and practices in navigating the databases could assist those seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2019-ICLI-00014-1983A | Partial | **Description of the Record:** E-mail communications between Chief Counsel, Assistant Chief Counsel, and Associate Legal Advisor discussing the ICE "record of worksheet" as referenced in the ICE Credible Fear Policy. The communication includes name and email addresses of ICE OPLA attorneys.<br><br>**Description of the Information being withheld under (b)(6),(b)(7)(c):** The information being withheld contains personally identifiable information ("PII") of employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations.   The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| 2019-ICLI-00014-2025<br>2019-ICLI-00014-2035A | Partial | **Description of the Record:** E-mail communications between Assistant Chief Counsel and AUSA prepping the MTD and MSJ documents and contemplating case strategy.<br><br>**Description of the Information being withheld under (b)(5):** The information being withheld under (b)(5) constitutes deliberative and pre-decisional information. This e-mail communication contemplates OPLA's "next steps" in Emilio Gutierrez-Soto's immigration proceedings.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. These internal emails between OPLA attorneys discuss the attorney's strategy for the hearing, spectator involvement, whether privacy waivers will be issued during the asylum hearing, and the Immigration Judge's remarks on whether the asylum case hearing should be open to the public. The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the Information being withheld under (b)(6),(b)(7)(c):** The information being withheld contains personally identifiable information ("PII") of employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations.   The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
|---|---|---|---|
| 2019-ICLI-00014- 2239<br>2019-ICLI-00014- 2248-2285<br>2019-ICLI-00014- 2333 | Unredacted pages (documents fully released)<br><br>Bates page number 2333 is blank | N/A | N/A |
| 2019-ICLI-00014- 2240-2247<br>2019-ICLI-00014- 2302-2304 | Partial | **Description of the Record:** Letters from the Rutgers University Law School *pro hac vice* counsel (representing the Gutierrez-Sotos' in their legal cases) to U.S. District Court, which also contains unsigned orders for the judge to consider and sign, as well as a letter requesting a telephone conference.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of DOJ and ICE employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Third party information, including the names of third-party individuals and attorneys, their contact information and bar number, were redacted because the third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| 2019-ICLI-00014- 2286-2297 | Partial | **Description of the Record:** Emails containing communications between an ICE attorneys and other legal staff in El Paso, TX, including a DOJ legal assistant, pertaining to the Emilio Gutierrez-Soto cases and accompanying habeas petition.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of ICE and DOJ employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>Third party information, including the names of third-party attorneys and their contact information, were redacted because the third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.<br><br>**Description of the information being withheld under (b)(5):** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reasons for Redactions:** This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege.  The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(5) |

| | | | |
|---|---|---|---|
| | | undertaken to aid agency decision making.  The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions.  In this email exchange between OPLA lawyers, they are discussing how what to do with this case that has been remanded back from the Board of Immigration Appeals.  Release of this material would serve to profoundly chill the decision-making process across ICE and between ICE attorneys, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel, and also ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 2019-ICLI-00014- 2298-2301 | Partial | **Description of the Record:** Petitions for telephone status conferences.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of ICE and DOJ employees, and third-party attorneys (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>Third party information, including the names of third-party attorneys and their contact information, were redacted because the third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
|---|---|---|---|
| 2019-ICLI-00014- 2305-2312 | Partial | **Description of the Record:** Affidavit of *pro hac vice* counsel and attached exhibits.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of ICE employees and a third-party attorney (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>Third party information, including the names of third-party attorneys and their contact information, were redacted because the third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 2313-2315 | Partial | **Description of the Record:** Affidavit to the court opposing respondents' request for an extension of time to file their brief in the petitioners' habeas corpus motions.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of an ICE employee and AUSA (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C). | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | **Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014- 2316-2317 | Partial | **Description of the Record:** Order setting hearing in case on habeas corpus motions from petitioners.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of an ICE employee (to include his name). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 2318-2330 | Full | **Description of the Record:** Draft order for the judge to consider, and adopt, as written by the respondent government. Included are the government's arguments and attached exhibits, as offered by the government for the court's consideration to adopt. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(5) |

**<u>Description of the information being withheld under (b)(6) and (b)(7)(C)</u>:** The information being withheld contains personally identifiable information ("PII") of ICE and DOJ employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).

**<u>Reasons for Redactions:</u>** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

Third party information, including the names of third-party attorneys and their contact information, were redacted because the third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.

**<u>Description of the information being withheld under (b)(5):</u>** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.

**<u>Reasons for Redactions:</u>** This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege.  The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making.  The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions.  In this email exchange between OPLA lawyers, they are discussing how what to do with this case that has been remanded back from the Board of Immigration Appeals.  Release of this material would serve to profoundly

| | | chill the decision-making process across ICE and between ICE attorneys, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel, and also ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
|---|---|---|---|
| 2019-ICLI-00014- 2331-2332 | Partial | **Description of the Record:** Email chain between ICE attorneys and AUSAs regarding the petitioners' case, and habeas motions, that includes discussions of applicable precedent decisions for the case at hand.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of ICE and DOJ employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>**Description of the information being withheld under (b)(5):** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold attorney client privileged information between ICE attorneys and Assistant U.S. attorneys at the Department of Justice.<br><br>**Reasons for Redactions:** The information redacted on these pages also constitutes attorney-client privileged information because ICE attorneys are speaking to Department of Justice attorneys about the case, and applicable legal precedent, in the context of the DOJ representing ICE in the habeas corpus motions before the U.S. district court. The attorney-client privilege protects confidential | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(5) |

| | | | |
|---|---|---|---|
| | | communications between attorneys and their clients relating to a legal matter for which the client has sought professional advice. The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. The attorney-client privilege applies in this instance because the redacted portion constitutes and/or reflect opinions and analysis of the ICE attorneys, to the DOJ attorneys representing them in district court, in the habeas corpus motions filed by the Gutierrez-Sotos' attorney. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and its legal advisor.  If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| 2019-ICLI-00014- 2334-2344 | Partial | **Description of the Record:** Email correspondence between ICE-OPLA and opposing counsel for the National Press Club pertaining to filing an extension and the Board of Immigration Appeals (BIA)'s decision in this matter in the Gutierrez-Soto case.<br><br>**Description of the Information being withheld under (b)(6),(b)(7)(c):** The information being withheld contains personally identifiable information ("PII") of employees (including their names, emails, addresses, and phone numbers). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations.   The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014-2345 | Partial | **Description of the Records:** Memo from National Press Club to the Board of Immigration Appeals (BIA) requesting an extension for the filing of the amici curiae brief in support of Emilio and Oscar Gutierrez-Soto.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** This correspondence includes names, emails, phone numbers for ICE OPLA and BIA court clerk employees. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | **Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2019-ICLI-00014- 1986-1990<br>2019-ICLI-00014- 1991-1993<br>2019-ICLI-00014- 2024<br>2019-ICLI-00014- 2027-2028<br>2019-ICLI-00014- 2031<br>2019-ICLI-00014- 2096<br>2019-ICLI-00014- 2101<br>2019-ICLI-00014- 2103-2110<br>2019-ICLI-00014- 2114<br>2019-ICLI-00014- 2117<br>2019-ICLI-00014- 2165-2166 | Partial | **Description of the Record:** Email communications between Chief Counsel, Assistant Chief Counsel, Senior Attorney, and AUSA preparing and editing the response to the BIA in the case; including ICE Declaration and FOD Declaration.

**Description of the Information being withheld under (b)(5):** The information being withheld under (b)(5) constitutes deliberative and attorney work product. This e-mail communication outlines OPLA's analysis of the latest order in the habeas corpus litigation.

**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. These internal emails between OPLA attorneys discuss the case strategy. The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | non-final agency decisions. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):**<br>The documents contain names, initials, phone numbers, usernames, email addresses, signatures, and other contact information for ICE and DOJ employees.<br><br>**Reasons for Redactions:**<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014- 2346-2360<br>2019-ICLI-00014- 2379-2381 | Partial | **Description of Records:** Emails containing communication between an ICE OPLA Chief Counsel, Deputy Chief Counsel, Assistant Chief Counsel, AUSA, and legal support staff in El Paso, TX pertaining to the master hearing date in the matter of Emilio Gutierrez-Soto and Oscar Gutierrez-Soto's case.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, initials, phone numbers, group and individual email addresses and other contact information for ICE and DOJ employees.<br><br>**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |

and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

**Description of the information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, Person Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.

**Reasons for Redactions:**  Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system. Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.   Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

| 2019-ICLI-00014- 2361-2374<br>2019-ICLI-00014- 3052-3054<br>2019-ICLI-00014- 3056-3065 | Partial | **Description of the Record:** Internal email communications and memorandum between Chief Counsel, Deputy Chief Counsel, and Senior Attorney regarding the draft litigation report and press release in the Gutierrez-Soto case.<br><br>**Description of Information being withheld under (b)(5):** The information being withheld under (b)(5) constitutes attorney work product and deliberative material. This communication includes deliberation between attorneys about case strategy and draft language for the case briefing.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.<br><br>**Description of the Information being withheld under (b)(6),(b)(7)(c):** The information being withheld contains personally identifiable information ("PII") of employees (including their names, email addresses, phone numbers, and employee identification numbers). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reason for Redactions**: FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |

| | | free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>**Description of the information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, Person Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.<br><br>**Reasons for Redactions:** Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system. Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2019-ICLI-00014- 2375-2378 | Partial | **Description of the Records:** Email correspondence between ICE Chief Counsel and Assistant Chief Counsel unrelated to the Gutierrez-Soto case. This email contains an exchange regarding the employees commute to work.<br><br>**Description of the Information being withheld under (b)(6),(b)(7)(c):** The information being withheld contains personally identifiable information ("PII") of employees (including their names, email addresses, phone numbers, and employee identification numbers). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014- 2382-2385 | Partial | **Description of the Record:** Email communication between ICE Chief Counsel, Assistant Chief Counsel, and the Immigration Law Division regarding the status of amicus curiae brief and coordination of a follow-up phone conference to discuss the details.<br><br>**Description of the Information being withheld under (b)(6),(b)(7)(c):** The information being withheld contains personally identifiable information ("PII") of employees (including their names, email addresses, phone numbers, and employee identification numbers). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.<br><br>**Description of the information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, Person Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.<br><br>**Reasons for Redactions:** Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, Event numbers, and names of law enforcement databases queried and URLs, the release of | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |

| | | which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain such access to the system. Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
|---|---|---|---|
| 2019-ICLI-00014- 2386-2389 | Partial | **Description of the Record:** Email communication from counsel representing National Press Club requesting the government's consent to an extension to submit the amicus brief to the BIA.<br><br>**Description of the Information being withheld under (b)(6),(b)(7)(c):** The information being withheld contains personally identifiable information ("PII") of employees (including their names, email addresses, phone numbers, and employee identification numbers). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.<br><br>**Description of the information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, Person Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |

<table>
<tr><td></td><td></td><td><strong>Reasons for Redactions:</strong> Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system. Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.</td><td></td></tr>
<tr><td>2019-ICLI-00014- 2390-2395</td><td>Partial</td><td><strong>Description of the Records:</strong> Internal ICE email correspondence between Associate Legal Advisor and Assistant Chief Counsel discussing the amicus brief and the BIA's decision.<br><br><strong>Description of the Information being withheld under (b)(5)</strong>: This email includes pre-decisional and deliberative information. The email correspondence contemplates potential positions that may be argued, edits, comments, and revisions to the amicus brief. This email also includes a detailed analysis of the BIA's decision.<br><br><strong>Reasons for Redactions:</strong> FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.<br><br><strong>Description of the information being withheld under (b)(6), (b)(7)(c)</strong>: The information being withheld contains personally identifiable information ("PII") of ICE employees (including their names and contact information such as phone number, signature, and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br><strong>Reasons for Redactions:</strong> Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their</td><td>Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E)</td></tr>
</table>

<table>
<tr>
<td></td>
<td></td>
<td>private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.<br><br>**Description of the information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, Person Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.<br><br>**Reasons for Redactions:** Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system. Disclosure of these techniques and practices in navigating the databases could assist those navigating people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.</td>
<td></td>
</tr>
<tr>
<td>2019-ICLI-00014- 2396-2399<br>2019-ICLI-00014- 2413-2414<br>2019-ICLI-00014- 2783-2785<br>2019-ICLI-00014- 3066-3067</td>
<td>Partial</td>
<td>**Description of the Records:** Federal litigation report and Record of Deportable/Inadmissible Alien report for Gutierrez-Soto case.<br><br>**Description information being withheld under (b)(6), (b)(7)(c):** The information being withheld in this motion are the names of employees, addresses, direct telephone numbers, employee identification numbers, and e-mail addresses of ICE employees and third parties (such as doctors).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue</td>
<td>Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E)</td>
</tr>
</table>

public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

Additionally, (b)(6), (b)(7)(C) was applied to withhold the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge law enforcement personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.

**Description of the information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, Person Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.

**Reasons for Redactions:**  Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system. Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

| 2019-ICLI-00014- 2400-2406<br>2019-ICLI-00014- 2408-2412 | Partial | **Description of the Records:** Email and attachments from the Assistant Chief Counsel discussing the asylum petition, motion to show cause, deficiency notice, immigration docket calendar, and context surrounding the case and media attention. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |
|---|---|---|---|
| | | **Description of the Information being withheld under (b)(5)**: This email includes pre-decisional and deliberative information. The email correspondence contemplates potential positions that may be argued, edits, comments, and revisions to the pending asylum petition. | |
| | | **Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions. | |
| | | **Description information being withheld under (b)(6), (b)(7)(c):** The information being withheld in this memo are the names of third parties as well as names, addresses, direct telephone numbers, employee identification numbers, and e-mail addresses of ICE employees and third parties. | |
| | | **Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| | | Additionally, (b)(6), (b)(7)(C) was applied to withhold the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of | |

| | | | |
|---|---|---|---|
| | | this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.<br><br>**Description of the information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, Person Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.<br><br>**Reasons for Redactions:**  Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system. Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2019-ICLI-00014- 2417-2421<br>2019-ICLI-00014- 2424-2428 | Partial | **Description of the Records:** Emergency Motion to Stay Removal, Affidavit, and Motion for Substitution of Counsel.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of ICE employees. Likewise, names of third-party individuals such as respondent's former attorney, law firm and, professor, and associates of Mr. Gutierrez-Soto.<br><br>**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

<table>
<tr><td></td><td></td><td>interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.</td><td></td></tr>
<tr><td>2019-ICLI-00014- 2432-2433<br>2019-ICLI-00014- 2444-2445<br>2019-ICLI-00014- 2454<br>2019-ICLI-00014- 2457<br>2019-ICLI-00014- 3128-3129<br>2019-ICLI-00014- 3140-3141<br>2019-ICLI-00014- 3149-3165</td><td>Partial</td><td><u>**Description of the Records:**</u> I-589 Application for Asylum and for Withholding Removal and Certification of Translation.<br><br><u>**Description of the Information being withheld under (b)(6),(b)(7)(c):**</u> Names, direct telephone numbers, and e-mail addresses of ICE employees. Likewise, names of third-party individuals such as respondent's former attorney, military Colonel, military General, teachers, former boss, translator, and associates of Mr. Gutierrez-Soto. This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br><u>**Reasons for Redactions:**</u> Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals'</td><td>Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C)</td></tr>
</table>

| | | | |
|---|---|---|---|
| | | personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2019-ICLI-00014- 2459-2469 | Partial | **Description of the Records:** E-mail communication from a professor and journalist along with other character letters submitted in support of Emilio Gutierrez-Soto.<br><br>**Description of the Information being withheld under (b)(6),(b)(7)(c):** Names, direct telephone numbers, and e-mail addresses of third-party individuals such as (respondent's former attorney, military Colonel, military General, and associates of Mr. Gutierrez-Soto). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>**Description of the information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, Person Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.<br><br>**Reasons for Redactions:** Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |

| | | | |
|---|---|---|---|
| | | individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system. Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2019-ICLI-00014- 2470-2471<br>2019-ICLI-00014- 2474-2475<br>2019-ICLI-00014- 2478-2479<br>2019-ICLI-00014- 2484<br>2019-ICLI-00014- 3170-3171<br>2019-ICLI-00014- 3174-3175 | Partial | **Description of the Records:** EOIR cover letter for the decision of the immigration judge and Motion to Reopen Based on Matter of Lozada.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of third-party individuals such as respondent's former attorney, military Colonel, military General, and associates of Mr. Gutierrez-Soto. This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| 2019-ICLI-00014- 2485-2488 2019-ICLI-00014- 2490-2493 2019-ICLI-00014- 2502-2504 2019-ICLI-00014- 3181-3184 2019-ICLI-00014- 3186-3188 | Partial | **Description of the Records:** DHS's Motion to Accept Late Filing, Opposition to Motion to Reopen Based on Matter of Lozada, and Respondent's Request for Extension of Time to File Appellate Brief.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names of ICE employees along with names, direct telephone numbers, and e-mail addresses of third-party individuals such as respondent's former attorney, military Colonel, military General, and associates of Mr. Gutierrez-Soto. This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** FOIA exemptions (b)(6) and (b)(7)(C): Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 2508 2019-ICLI-00014- 2510-2515 2019-ICLI-00014- 2532-2533 2019-ICLI-00014- 2535 2019-ICLI-00014- 2540-2541 2019-ICLI-00014- 2586-2587 2019-ICLI-00014- 3205 | Partial | **Description of the Records:** Email correspondence and attachments between ICE Chief Counsel and Assistant Chief Counsel containing the Petition for Writ of Habeas Corpus.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names of ICE attorneys, ERO Field Office Director, AUSA, along with names, direct telephone numbers, and e-mail addresses of third-party individuals such as (respondent's former attorney, military Colonel, military | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| 2019-ICLI-00014- 3208<br>2019-ICLI-00014- 3213-3216<br>2019-ICLI-00014- 3223-3224<br>2019-ICLI-00014- 3226<br>2019-ICLI-00014- 3231-3232<br>2019-ICLI-00014- 3237<br>2019-ICLI-00014- 3253 | | General, clinical psychologist, newsperson, and associates of Mr. Gutierrez-Soto). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2019-ICLI-00014- 2589-2592<br>2019-ICLI-00014- 2594-2599<br>2019-ICLI-00014- 2615-2620<br>2019-ICLI-00014- 2722 | Partial | **Description of the Records:** Email correspondence between ICE Director, Chief of Staff, ERO Field Office Director, and OPLA regarding a visit to the National Press Club, Motion to Consolidate, along with brief discussion of the case.<br><br>**Description of the Information being withheld under (b)(5)**: This email includes pre-decisional and deliberative information. The email correspondence contemplates potential positions and actions that ICE should take in advance of the press release.<br><br>**Reasons for Redactions:** FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. The email contains recommendations for agency action, and such deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

<table>
<tr><td></td><td></td><td>disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.

<u>**Description of the information being withheld under (b)(6) and (b)(7)(C):**</u>  Names of ICE employees along with names, direct telephone numbers, and e-mail addresses along with names, direct telephone numbers, and e-mail addresses of other individuals such as the National Press Club President and other reporters.

<u>**Reasons for Redactions:**</u> FOIA exemptions (b)(6) and (b)(7)(C): The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.</td><td></td></tr>
<tr><td>2019-ICLI-00014- 2602-2612<br>2019-ICLI-00014- 2723-2745<br>2019-ICLI-00014- 2747-2757<br>2019-ICLI-00014- 2772-2782</td><td>Partial</td><td><u>**Description of the Record:**</u> ICE OPA Close of Business Report/Non-Responsive record and DHS Bulletin Report.

<u>**Description of the Information being withheld under (b)(5):**</u> The information being withheld under (b)(5) constitutes deliberative and attorney work product. This e-mail communication and record outlines OPLA's draft of the ICE OPA Business Report to include edits and comments. The record also includes the released ICE OPA Close of Business Report with names of third parties, including other ICE detainees in unrelated cases.

<u>**Reasons for Redactions:**</u> FOIA exemption (b)(5) protects information that is pre-decisional and deliberative. These internal emails between OPLA attorneys discuss the attorney's work product. The email contains recommendations for agency action, and such pre-decisional and deliberative information is expressly protected by FOIA Exemption (b)(5), which is applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations involving a draft document which contains non-final agency decisions.  The agency contractors, officers and/or employees are making editorial comments, recommendations, or judgments, such as decisions to insert or delete material, and have a vested authority in their job duties and are in the chain of command of the parties involved in making the suggestions. The release of this internal information would discourage the expression of candid</td><td>Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E)</td></tr>
</table>

opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. Further, since this document contains proposals for agency action, which may not have been adopted, release of this document may create confusion regarding what positions have been adopted by the agency.

**Description of the information being withheld under (b)(6) and (b)(7)(C):** The documents contain names, initials, phone numbers, usernames, email addresses, signatures, and other contact information for ICE employees and other third parties, including other ICE detainees in unrelated cases.

**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.

The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

**Description of the information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, Person Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.

| | | **Reasons for Redactions:** Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system. Disclosure of these techniques and practices in navigating the databases could assist those navigating people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
|---|---|---|---|
| 2019-ICLI-00014- 2806<br>2019-ICLI-00014- 2809-2821<br>2019-ICLI-00014- 2860<br>2019-ICLI-00014- 3277 | Partial | **Description of the Record:** Brief in Support of Petition for Writ of Habeas Corpus for Oscar Gutierrez-Soto.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The record contains the names of the previous Pro Hac Vice Counsel for the Petitioner.<br><br>**Reasons for Redactions:**  Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 2861<br>2019-ICLI-00014- 2865<br>2019-ICLI-00014- 3278<br>2019-ICLI-00014- 3282 | Partial | **Description of the Record:** Department of Homeland Security Motion for Summary Affirmance.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The record contains the name, signature, and address for the of ICE Assistant Chief Counsel assigned to the Gutierrez-Soto case. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | **Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014- 2868<br>2019-ICLI-00014- 2871-2873<br>2019-ICLI-00014- 2883<br>2019-ICLI-00014- 2887<br>2019-ICLI-00014- 2894<br>2019-ICLI-00014- 2897-2899<br>2019-ICLI-00014- 2901-2902<br>2019-ICLI-00014- 2904-2908<br>2019-ICLI-00014- 2910<br>2019-ICLI-00014- 2912<br>2019-ICLI-00014- 2917-2918<br>2019-ICLI-00014- 2921<br>2019-ICLI-00014- 3285<br>2019-ICLI-00014- 3288-3290<br>2019-ICLI-00014- 3300<br>2019-ICLI-00014- 3304-3311<br>2019-ICLI-00014- 3314-3319<br>2019-ICLI-00014- 3321-3325<br>2019-ICLI-00014- 3327<br>2019-ICLI-00014- 3329<br>2019-ICLI-00014- 3334-3335<br>2019-ICLI-00014- 3338<br>2019-ICLI-00014- 3491<br>2019-ICLI-00014- 3497<br>2019-ICLI-00014- 3503 | Partial | **Description of the Record:** Respondents Appeal Brief to the Board of Immigration Appeals (BIA).<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** Names, direct telephone numbers, and e-mail addresses of ICE employees. The record also contains names of third-party individuals such as respondent's former attorney, military Colonel, military General, teachers, former boss, professor, news journalist, special reporters, physician, and associates of Mr. Gutierrez-Soto.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.<br><br>The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
|---|---|---|---|
| 2019-ICLI-00014- 2922-2924<br>2019-ICLI-00014- 2931-2932<br>2019-ICLI-00014- 2936<br>2019-ICLI-00014- 2938-2942<br>2019-ICLI-00014- 2955-2957<br>2019-ICLI-00014- 2959-2962<br>2019-ICLI-00014- 2966<br>2019-ICLI-00014- 2969 | Partial | **Description of the Record:** Request of Journalist Organization to Appear as Amici Curiae.<br><br>**Description of the information being withheld under (b)(3)):** The record contains names of third-party individuals such other Mexican journalists who were granted asylum in unrelated cases.<br><br>**Reasons for Redactions:** FOIA exemption 3 provides for the withholding of information prohibited from disclosure by another federal statute if that "statute . . . establishes particular criteria for withholding or refers to particular types of matters to be withheld. Under FOIA exemptions (b)(3), the disclosure of any information received during an investigation that that the disclosure of that information might jeopardize public safety. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The record contains names of third-party individuals such as respondent's former attorney, military Colonel, military General, teachers, former boss, professor, news journalist, and associates of Mr. Gutierrez-Soto.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(3), (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 3068-3071<br>2019-ICLI-00014- 3078-3092<br>2019-ICLI-00014- 3094-3097<br>2019-ICLI-00014- 3099 | Partial | **Description of the Record:** Written Decision and Order of the Immigration Judge in the Gutierrez-Soto removal proceedings. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| 2019-ICLI-00014- 3101<br>2019-ICLI-00014- 3110-3111<br>2019-ICLI-00014- 3166-3167 | | **Description of the information being withheld under (b)(6) and (b)(7)(C)**: The record contains names, direct telephone numbers, and e-mail addresses of ICE employees. Likewise, names of third-party individuals such as respondent's former attorney, military Colonel, military General, teachers, former boss, court clerk, and associates of Mr. Gutierrez-Soto.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2019-ICLI-00014- 3103-3109 | Partial | **Description of the Record:** Notice of Appeal from a Decision of an Immigration Judge and Fee Waiver Request.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: The record contains names, direct telephone numbers, and e-mail addresses of third-party individuals such as respondent's former attorney, professor, court clerk and other associates of Mr. Gutierrez-Soto.<br><br>**Reasons for Redactions:**  Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 3112-3124<br>2019-ICLI-00014- 3189-3192 | Partial | **Description of the Record:** Emergency Motion to Stay Removal and fax cover letter for copy of Stay Request Decision. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | **Description of the information being withheld under (b)(6) and (b)(7)(C):**  The record contains names, direct telephone numbers, and e-mail addresses of the Detention Officer. The record also contains the name, signature, and address of third-party individuals such as respondent's former attorney and court clerk.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2019-ICLI-00014- 3193-3194<br>2019-ICLI-00014- 3197-3202 | Partial | **Description of the Record:** Notice of the BIA's briefing schedule, Request for Extension of Time to File Appellate Brief, and Notice of Briefing Extension Granted.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The record contains names, direct telephone numbers, and e-mail addresses of the ICE Chief Counsel. The record also contains the name, signature, and address of third-party individuals such as respondent's former attorney and court clerk.<br><br>**Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII, and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | The disclosure of third-party PII, such as names, e-mail addresses, physical addresses and direct phone numbers could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |

# Office of the Principal Legal Advisor Records

| 2019-ICLI-00014- 3629-3633 | Partial | **Description of the Record:** Email chain between ICE attorneys and AUSAs regarding the petitioners' case and communication to Congressman Beto O'Rourke, who has inquired about the case pending in immigration and US district court.  (Titled Federal Litigation Report for Gutierrez Soto (father and son)).<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of ICE and DOJ employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:**<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(5) |

| | | Third party information, including the names of third-party attorneys and their contact information, were redacted because the third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.<br><br>**<u>Description of the information being withheld under (b)(5):</u>** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold attorney client privileged information between ICE attorneys and Assistant U.S. attorneys at the Department of Justice.<br><br>**<u>Reasons for Redactions:</u>**<br>The information redacted on these pages also constitutes attorney-client privileged information because ICE attorneys are speaking to Department of Justice attorneys about the case in the context of the DOJ representing ICE in the habeas corpus motions before the U.S. district court and also in responding to a congressional inquiry from Congressman Beto O'Rourke. The attorney-client privilege protects confidential communications between attorneys and their clients relating to a legal matter for which the client has sought professional advice. The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. The attorney-client privilege applies in this instance because the redacted portion constitutes and/or reflect opinions and analysis of the ICE attorneys, to the DOJ attorneys representing them in district court, in the habeas corpus motions filed by the Gutierrez-Sotos' attorney and the related issues surrounding the case that DHS and DOJ are currently litigating. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and its legal advisor. If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| 2019-ICLI-00014- 3634-3636 | Partial | **<u>Description of the Record:</u>** Official letters to Congressman Beto O'Rourke and attorney Eduardo Beckett regarding the Gutierrez Soto cases from ICE, responding to their inquiries, including the plaintiffs' request for humanitarian parole.<br><br>**<u>Description of the information being withheld under (b)(6) and (b)(7)(C)</u>**: The information being withheld contains personally identifiable information ("PII") of ICE employees. This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C). | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | **Reasons for Redactions:**<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
|---|---|---|---|
| 2019-ICLI-00014- 3638-3640 | Partial | **Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of ICE employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:**<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>**Description of the information being withheld under (b)(5):** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold attorney client privileged information between ICE attorneys and ERO at ICE, who is considered a 'client' of ICE OPLA.<br><br>**Reasons for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(5) |

| | | The information redacted on these pages also constitutes attorney-client privileged information because ERO employees are speaking to the Chief Counsel in El Paso about the Gutierrez-Sotos' requests for humanitarian parole.  The attorney-client privilege protects confidential communications between attorneys and their clients relating to a legal matter for which the client has sought professional advice.  The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. The attorney-client privilege applies in this instance because the redacted portion constitutes and/or reflect opinions and analysis of the ICE attorneys to its ERO client on a part of the Gutierrez-Sotos' case. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and its legal advisor.  If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| --- | --- | --- | --- |
| 2019-ICLI-00014- 3641-3653 2019-ICLI-00014- 4591-4598 | Partial | **Description of the Record:** This is an email chain between ICE Assistant Chief Counsels, Associate Legal Advisors, and Chief Counsel regarding the Gutierrez-Soto case, that includes a discussion of the case facts, possible legal strategy, and applicable BIA precedent.  Also included is the recitation of applicable background of the case with the recommendation and analysis being discussed between the ICE attorneys, which is being done in order to further deliberate on their overall legal strategy.<br><br>• Email chain between ICE employees on interview questions from the National Press Journalism club about the Gutierrez-Soto cases, privacy waiver forms, and how to respond to a particular congressional inquiry from Congressman Beto O'Rourke's office (pages 4591-4598).<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: The information being withheld contains personally identifiable information ("PII") of ICE employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:**<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(5) |

| | | | |
|---|---|---|---|
| | | responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>**Description of the information being withheld under (b)(5):**<br>Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reasons for Redactions:**<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege.  The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making.  The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions.  In this email exchange between OPLA lawyers, they are discussing what to do next, in their legal strategy, with the case at hand.  Release of this material would serve to profoundly chill the decision-making process across ICE and between ICE attorneys, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel, and also ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 2019-ICLI-00014- 3654 | Partial | **Description of the Record:** This is an email exchange between the Chief Counsel and one of his Assistant Chief Counsels regarding a local news report he had just seen on the Gutierrez-Soto case.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of ICE employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:**<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
|---|---|---|---|
| 2019-ICLI-00014- 3655<br>2019-ICLI-00014- 3735 | Partial | **Description of the Record:** Email chain between ICE attorneys and AUSAs regarding the petitioners' case with the title "Federal Litigation report…."<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of ICE employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:**<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 3656-3662 | Partial | **Description of the Record:** Emergency motion to stay removal filed by plaintiffs' attorney.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of ICE employees and third-party individuals who have not signed privacy waivers in this case (including their names and contact | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C). | |
|---|---|---|---|
| | | **Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. Third party information, including the names of third-party attorneys and their contact information, were redacted because the third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2019-ICLI-00014- 3663-3668 | Partial | **Description of the Record:** Order for motion of substitution of counsel, its table of contents, affidavit from Emilio Gutierrez-Soto, and other affidavits from third-party individuals. **Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of ICE employees and third-party individuals who have not signed privacy waivers in this case (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C). **Reasons for Redactions:** Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>Third party information, including the names of third-party attorneys and their contact information, were redacted because the third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2019-ICLI-00014- 3669-3692 | Partial | **Description of the Record**: I-589s of the Gutierrez-Sotos' and the accompanying documents submitted with the applications.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: The information being withheld contains personally identifiable information ("PII") third-party individuals who have not signed privacy waivers in this case (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions**:<br>Third party information was redacted because the third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 3693-3698 | Partial | **Description of the Record**: Article about Mr. Gutierrez-Soto in Spanish and its accompanying English translation. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | **Description of the information being withheld under (b)(6) and (b)(7)(C)**: The information being withheld contains personally identifiable individuals information ("PII") of third-party individuals who have not signed a privacy waiver in this case.  This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions**:<br>Third party information was redacted because the third party identified in the records has not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2019-ICLI-00014- 3699-3700 | Partial | **Description of the Record:** Email about Gutierrez-Soto articles, from Mexico, in support of both the father and son from a university professor.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: The information being withheld contains personally identifiable information ("PII") of a third-party individual who has not signed a privacy waiver in this case.  This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions**:<br>Third party information was redacted because the third party identified in the records has not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 3701-3709 | Partial | **Description of the Record:** Attestations from third-party individuals written in support of the Gutierrez-Sotos.'<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: The information being withheld contains personally identifiable information ("PII") of third-party individuals who have not signed a privacy waiver in this case.  This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C). | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | **Reasons for Redactions:** Third party information was redacted because the third party identified in the records has not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2019-ICLI-00014- 3710-3711 | Partial | **Description of the Record:** Immigration Judge order.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of a third-party individual who has not signed a privacy waiver in this case.  This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Third party information was redacted because the third party identified in the records has not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 3713-3724<br>2019-ICLI-00014- 4828-4845 | Partial | **Description of the Record:** Motion to Reopen case, filed by plaintiffs' counsel, based on *Matter of Lozada*.<br><br>• Motion to Reopen based on *Matter of Lozada* (pages 4828-4845).<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of third-party individuals who have not signed a privacy waiver in this case.  This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | Third party information was redacted because the third party identified in the records has not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2019-ICLI-00014- 3725-3733<br>2019-ICLI-00014- 3734<br>2019-ICLI-00014- 3736-3737<br>2019-ICLI-00014- 3738-3739<br>2019-ICLI-00014- 3740-3743<br>2019-ICLI-00014- 3744-3747 | Partial | **Description of the Record:** Motion to Accept a Late Filed Brief and its fax transmission cover sheet. Additionally, a BIA order in the case is on page 3734.  Pages 3736-3737: BIA Order.  Pages 3738-3739: Notice of Briefing Schedule from the BIA.  Pages 3740-3743: Respondents' Request for Extension of Time to File a Brief.  Pages 3744-3747: BIA Notices for Briefing Schedule(s).<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of third-party individuals who have not signed a privacy waiver in this case.  This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:**<br>Third party information was redacted because the third party identified in the records has not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 3748<br>2019-ICLI-00014- 4519-4520<br>2019-ICLI-00014- 4529-4530<br>2019-ICLI-00014- 4601-4602<br>2019-ICLI-00014- 4731-4732<br>2019-ICLI-00014- 4757-4761 | Partial | **Description of the Record:** Email sent by ICE to the U.S. Attorney's Office regarding federal litigation documents to be sent to the AUSA for the Gutierrez-Soto case.<br><br>**Additionally:**<br>• BIA Order from 12/22/2017 and its cover sheet (pages 4519-4520)<br>• BIA Order from 12/22/2017 and its cover sheet (pages 4529-4530)<br>• BIA Order and its cover sheet (pages 4601-4602).<br>• BIA Order (4731-4732).<br>• Report of Deportable/ Inadmissible Alien (4757-4761) | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

**Description of the information being withheld under (b)(6) and (b)(7)(C)**: The information being withheld contains personally identifiable information ("PII") of ICE and DOJ employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).

**Reasons for Redactions:**
Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

**Description of the Information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, Person Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.

**Reasons for Redactions:** Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system. Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

| 2019-ICLI-00014- 3749-3753 | Partial | **Description of the Record:** Department of Homeland Security's Motion for Summary Affirmance in the case.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of ICE employees and third-party individuals who have not signed privacy waivers in this case (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:**<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>Third party information, including the names of third-party attorneys and their contact information, were redacted because the third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 3754-3809 | Partial | **Description of the Record:** Respondents' (plaintiffs') Appeal Brief to the BIA.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of third-party individuals who have not signed a privacy waiver in this case.  This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C). | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | **Reasons for Redactions:** Third party information was redacted because the third party identified in the records has not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
|---|---|---|---|
| 2019-ICLI-00014- 3810-4109 | Partial | **Description of the Record:** Cover sheets, official Request of journalists to appear as amici curiae, the brief of the amici curiae, and appendix to amici curiae brief, with accompanying documents and print-outs included in the appendix sections.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of third-party individuals who have not signed a privacy waiver in this case.  This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:** Third party information was redacted because the third party identified in the records has not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 4110-4123 | Fully unredacted | N/A | N/A |
| 2019-ICLI-00014- 4124-4381 | Fully unredacted | N/A (Continued appendix pages/ print-outs from previous month's production- January 2022) | N/A |
| 2019-ICLI-00014- 4382-4383<br>2019-ICLI-00014- 4472-4497<br>2019-ICLI-00014- 4563-4572<br>2019-ICLI-00014- 4576-4582 | Partial | **Description of the Record:** Judge's Order Granting Motion to Consolidate. (Pages 4382-4383).<br>• Order from Judge in district court habeas corpus case involving the Gutierrez-Sotos' (pages 4472-4497).<br>• Order Granting Motion to Show Cause (pages 4498-4499). | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | | |
|---|---|---|---|
| | | • Continued email chain between ICE officials about the Gutierrez-Soto case (pages 4563-4572).<br>• Email chain between ICE officials about the Gutierrez-Soto case (pages 4576-4582).<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: The information being withheld contains personally identifiable information ("PII") of an ICE employee (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions**:<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered. | |
| 2019-ICLI-00014- 4384<br>2019-ICLI-00014- 4583-4590 | Partial | **Description of the Record:** Email from the Chief Counsel to Assistant U.S. Attorneys on federal litigation report documents in the Gutierrez-Sotos' cases.<br><br>• Continued email chain between ICE officials about the Gutierrez-Soto case (pages 4563-4571).<br>• Email regarding interview request forms (page 4572).<br>• Email chain between ICE officials about the Gutierrez-Soto case and a draft statement made by ERO, and deliberation about the case between officials, on the procedural history and analysis of the past events in the case.  The email chain is between ICE attorneys, public affairs officials, and Acting Field Office Director (pages 4583-4590).<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: The information being withheld contains personally identifiable information ("PII") of ICE and DOJ employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C). | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(5) |

**Reasons for Redactions:**
Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

Third party information, including the names of third-party attorneys and their contact information, were redacted because the third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.

**Description of the information being withheld under (b)(5):** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold attorney client privileged information between the ICE Chief Counsel and Assistant U.S. Attorneys.

**Reasons for Redactions:**
The information redacted on these pages also constitutes attorney-client privileged information because the Chief Counsel is communicating to AUSA's about information regarding the Gutierrez-Soto case in which ICE and DOJ are involved.  The attorney-client privilege protects confidential communications between attorneys and their clients relating to a legal matter for which the client has sought professional advice.  The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. Attorney-client communications are shielded from disclosure in order to encourage a full and frank discussion between the client and its legal advisor.  If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel.

| 2019-ICLI-00014- 4385-4420<br>2019-ICLI-00014- 4454-4463 | Partial | **Description of the Record:** I-213 of Emilio Gutierrez-Soto; cover sheet of EOIR IJ order; IJ order in the case. (Pages 4385-4420).<br><br>• Order of Release on Recognizance from July 26, 2018 (Pages 4454-4463).<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of ICE and DOJ employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:**<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>Third party information, including the names of third-party attorneys and their contact information, were redacted because the third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.<br><br>**Description of the Information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, Person Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |

| | | | |
|---|---|---|---|
| | | **Reasons for Redactions:** Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.   Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2019-ICLI-00014- 4421-4424 | Partial | **Description of the Record:** Notice of Appeal to the BIA from the prior IJ decision.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of third-party individuals who have not signed a privacy waiver in this case.  This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:**<br>Third party information was redacted because the third party identified in the records has not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2019-ICLI-00014- 4425-4427 | Partial | **Description of the Record:** Notice of Entry of Appearance of Attorney before the BIA.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of third-party individuals who have not signed a privacy waiver in this case.  This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C). | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | **Reasons for Redactions:**<br>Third party information was redacted because the third party identified in the records has not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
|---|---|---|---|
| 2019-ICLI-00014- 4428-4432<br>2019-ICLI-00014- 4515<br>2019-ICLI-00014- 4528<br>2019-ICLI-00014- 4531-4533<br>2019-ICLI-00014- 4534-4535<br>2019-ICLI-00014- 4539<br>2019-ICLI-00014- 4541-4544<br>2019-ICLI-00014- 4546-4556<br>2019-ICLI-00014- 4562<br>2019-ICLI-00014- 4573-4574<br>2019-ICLI-00014- 4600<br>2019-ICLI-00014- 4613-4615<br>2019-ICLI-00014- 4616-4617<br>2019-ICLI-00014- 4628-4629<br>2019-ICLI-00014- 4634<br>2019-ICLI-00014- 4711<br>2019-ICLI-00014- 4765-4766<br>2019-ICLI-00014- 4768<br>2019-ICLI-00014- 4775 | Partial | **Description of the Record:** BIA decision, along with cover sheets for the Board decision.<br><br>• Detainee Interview Release Form (page 4515).<br>• Detainee Interview Release Form (page 4528).<br>• Detainee Interview Release Forms (page 4531-4533).<br>• Privacy Waiver Form (page 4534-4535).<br>• Privacy Waiver Forms (pages 4541-4544).<br>• Detainee Interview Release Form (page 4539).<br>• Privacy Waiver Forms and Detainee Interview Request Forms (pages 4546-4556).<br>• Detainee Interview Release Form (page 4562).<br>• Detainee Interview Release Forms (pages 4573-4574).<br>• Privacy Release Form (page 4600; 4768).<br>• Privacy Waiver (pages 4613-4615).<br>• Detainee Interview Release Form (pages 4616-4617).<br>• Privacy Waiver (pages 4628-4629; 4634).<br>• Detainee Interview Release Form (page 4711; 4765-4766; 4775)<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of third-party individuals who have not signed a privacy waiver in this case.  This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:**<br>Third party information was redacted because the third party identified in the records has not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
|---|---|---|---|
| 2019-ICLI-00014- 4433-4437<br>2019-ICLI-00014- 4500-4501<br>2019-ICLI-00014- 4513-4514<br>2019-ICLI-00014- 4545<br>2019-ICLI-00014- 4609-4610<br>2019-ICLI-00014- 4623-4626<br>2019-ICLI-00014- 4630<br>2019-ICLI-00014- 4633<br>2019-ICLI-00014- 4664-4673<br>2019-ICLI-00014- 4698-4703<br>2019-ICLI-00014- 4704-4710<br>2019-ICLI-00014- 4711-4721<br>2019-ICLI-00014- 4722-4728<br>2019-ICLI-00014- 4749-4756<br>2019-ICLI-00014- 4767<br>2019-ICLI-00014- 4770-4774<br>2019-ICLI-00014- 4825<br>2019-ICLI-00014- 4826-4827<br>2019-ICLI-00014- 4846-4847<br>2019-ICLI-00014- 4848<br>2019-ICLI-00014- 4850-4853<br>2019-ICLI-00014- 4854-4860<br>2019-ICLI-00014- 4861-4862<br>2019-ICLI-00014- 4868-4875<br>2019-ICLI-00014- 4876-4878<br>2019-ICLI-00014- 4886-4890<br>2019-ICLI-00014- 4973-4993<br>2019-ICLI-00014- 4994-4996 | Partial | **Description of the Record:** Declaration of the Field Office Director and the email the declaration was attached to, sent from an ICE Deputy Chief Counsel to the U.S. Attorney's Office.<br><br>• Email showing Electronic Submission of filing in district court in the Western District of Texas (page 4500-4501)<br>• Constituent Information and Privacy Release Form from Congressman Beto O'Rourke (pages 4513-4514; 4545).<br>• Official Response to Congressman O'Rourke's office (pages 4609-4610).<br>• Email chain between ICE employees and the National Press Journalism Club (pages 4623-4626).<br>• Email between AFOD and Deportation Officer (page 4630)<br>• Email between ICE officials; ICE officials and Congressman Beto O' Rourke's office (page 4633; 4664-4673).<br>• Official Response letters from ICE (pages 4698-4703); (4825)<br>• Continued email chain about the case between ICE employees, including in regards to the interview requests from journalists (pages 4704-4710). Continued email chain on this between ICE employees and a journalist and other ICE officials on the same issue, and on Congressman O'Rourke's inquiry (4711-4721).<br>• Email chain between ICE officials and private counsel (pages 4722-4728).<br>• Email chain between ICE officials about possible site visit by Congressman O'Rourke (4749-4756).<br>• Email chain about ICE setting up a conference with the National Press Club (4762-4764; 4767).<br>• Email chain between ICE officials (4770-4774).<br>• Email chain between ICE officials (4776-4887).<br>• Application for stay of removal and accompanying email sent from within ICE (4826-4827).<br>• Email from GEO to ICE ERO (pages 4846-4847).<br>• IJ Order that redacts DOJ court employee names (4848).<br>• Email between ICE employees about Gutierrez-Soto case congressional inquiry (4850-4853).<br>• Official ICE communication to Eduardo Beckett, Esq. withholding ICE employees' information (4850-4853; 4861; 4862).<br>• Application for Stay of Deportation and accompanying ICE official emails about the application with redacted information of the noted ICE employees (4854-4860). | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

- Email chain between ICE officials, and others, titled "Mexican asylum cases as assigned" and "emilio's statement" (4868-4875); Email chain "Judge hears arguments for Mexican journalist…" between ICE officials (4876-4878).
- Email chain between ICE officials about the case and some questions posed to ICE in regarding an apparent search request to the agency regarding the federal habeas case (4886-4890).
- Email chain amongst ICE employees on a possible expert visit to see Emilio Gutierrez-Soto in ERO custody; email chain amongst ICE employees about follow-up from Congressman O'Rourke's office (4973-4993).
- Email chain amongst ICE employees on stay order from BIA and what action should be taken next (4994-4996).

**Description of the information being withheld under (b)(6) and (b)(7)(C)**: The information being withheld contains personally identifiable information ("PII") of ICE and DOJ employees, Congressional employees, and other third-party individuals who did not sign a privacy waiver (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).

**Reasons for Redactions**:
Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

Third party information was redacted because the third party identified in the records has not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.

| | | | |
|---|---|---|---|
| 2019-ICLI-00014- 4438-4453<br>2019-ICLI-00014- 4603-4608<br>2019-ICLI-00014- 4612<br>2019-ICLI-00014- 4788-4791<br>2019-ICLI-00014- 4792-4810<br>2019-ICLI-00014- 4896-4899<br>2019-ICLI-00014- 4999-5007 | Partial | **Description of the Record:** Email chain between ICE attorneys working on the Gutierrez-Soto case, and the attorneys' discussion of the case and possible legal strategy to be done based on the progression of the case through the immigration administrative court system; internal ICE document routing form cover sheet; letter from the Field Office Director to attorney Eduardo Beckett on his request for an Application for Stay of Removal; Application for Stay of Removal and Warrant of Removal/ Deportation; BIA Order from 11/2/17; additional email chain between Assistant Field Office Director and a Deportation Officer, and ICE attorneys.<br><br>Email chain between ICE officials, Congressman O'Rourke's office, and federal health officials about Mr. Gutierrez-Soto, his health conditions, and deliberative discussions of his health conditions while in detention and on how to handle the situation at hand. (Pages 4603-4608; 4612).<br>Email chain between ICE attorneys on the Gutierrez-Sotos' case and how a recent BIA decision affects it, and their deliberation of the case after the decision.  (Pages 4788-4791).  Additionally, there is an email chain regarding research done on the National Press club by an ICE attorney and the discussion emanating from that research relating to the Gutierrez-Soto cases.  Then there is further communication with representatives from media outlets regarding the case (Pages 4792-4810).<br>Email chain by ICE attorneys on a news article about the National Press Journal Club, attached to the email (4896-4899).<br>Email chain between ICE employees about actions being taken in the Gutierrez-Soto case by the agency and about calls from non-profits to stop the actions (4999-5007).<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C):** The information being withheld contains personally identifiable information ("PII") of ICE and DOJ employees, and third-party individuals who have not signed privacy waivers (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:**<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(5) |

| | | | |
|---|---|---|---|
| | | responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>Third party information, including the names of third-party attorneys and their contact information, were redacted because the third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.<br><br>**Description of the information being withheld under (b)(5):**<br>Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reasons for Redactions:**<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege.  The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making.  The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions.  In this email exchange between OPLA lawyers, they are discussing what to do next, in their legal strategy, with the case at hand.  Release of this material would serve to profoundly chill the decision-making process across ICE and between ICE attorneys, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel, and also ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 2019-ICLI-00014- 4464-4468<br>2019-ICLI-00014- 4502-4509<br>2019-ICLI-00014- 4523-4527 | Partial | **Description of the Record:** Titled 'USAO request [blank] as potential witness.' Email chain between ICE attorneys working on the Gutierrez-Soto case on a request for one of their senior attorneys to testify in the habeas corpus case of the Gutierrez-Sotos.' The email chain discusses this development, | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(5) |

| | | |
|---|---|---|
| 2019-ICLI-00014- 4523-4527<br>2019-ICLI-00014- 4557-4561<br>2019-ICLI-00014- 4635-4640<br>2019-ICLI-00014- 4641-4660<br>2019-ICLI-00014- 4674-4688<br>2019-ICLI-00014- 4689-4695<br>2019-ICLI-00014- 4729<br>2019-ICLI-00014- 4733-4736<br>2019-ICLI-00014- 5010-5014 | | how to respond and what may possibly be discussed by the senior attorney at the trial if this person is called as a witness.<br><br>• Email chain between ICE employees, specifically, on a reporter's questions about the Gutierrez-Sotos' cases from a particular press outlet.  The email chain includes explicit deliberation on how to respond during an interview as well as further discussion of the case itself and issues surrounding it legally and in the press. (Pages 4502-4509).<br>• Email chain between ICE employees on 'STAY and ES' for the Gutierrez-Sotos.' (Pages 4523-4527).<br>• Email chain about Gutierrez-Soto, the interview requests for him while in custody, and then also a deliberation between ICE employees about Mr. Gutierrez-Soto and a medical issue he has while he is in ICE custody (pages 4557-4561).<br>• Congressional Inquiry from Congressman Beto O'Rourke addressed to an ICE official.<br>• Email chain between ICE officials from questions posed by the National Press Club and ICE's draft answers to the questions and discussions about the questions posed. (Pages 4635-4640; pages 4641-4660).  Continued email chain between ICE officials and the Congressman's office and ICE officials and the questions being posed by the National Press Club and ICE's deliberation in answering the questions. (Pages 4674-4688).  Also, the continued email chain and deliberation of the article that was published after ICE comment was made to the reporter at the Texas Tribune (pages 4689-4995).<br>• Email between ICE employees on the case on a request for interview from Univision (page 4729; 4733-4736).<br>• Email chain titled "Input: Stay and ES" between ICE employees and steps on what to take next, after the final stay order had been ruled on, as deliberation in what the agency should do next in the case.  (5010-5014).<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: The information being withheld contains personally identifiable information ("PII") of ICE and DOJ employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:**<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite | |

| | | | |
|---|---|---|---|
| | | time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br>**Description of the information being withheld under (b)(5):**<br>Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reasons for Redactions:**<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege.  The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making.  The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions.  In this email exchange between OPLA lawyers, they are discussing what to do in the case if one of the senior ICE attorneys is called to testify in the habeas corpus hearing of the Gutierrez-Sotos' in federal district court.  Additionally, the second set of pages discusses on how to handle the administration of the case regarding the signing of stay denials.  The other sets of pages are discussions between ICE employees on the case and how to handle requests from various legislators and members of the press.  Release of this material would serve to profoundly chill the decision-making process across ICE and between ICE attorneys, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel, and also ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 2019-ICLI-00014- 4516-4518<br>2019-ICLI-00014- 4521-4522<br>2019-ICLI-00014- 4537-4538 | Full | **Description of the Record:** ERO draft document on the background and analysis of the entire procedural history of the Gutierrez-Soto cases; page 4622 appears to be a continuation of this ERO | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6),(b)(7)(C), (b)(7)(E) |

| | | | |
|---|---|---|---|
| 2019-ICLI-00014- 4622<br>2019-ICLI-00014- 4631-4632<br>2019-ICLI-00014- 4661-4663<br>2019-ICLI-00014- 4879-4885<br>2019-ICLI-00014- 4891-4892<br>2019-ICLI-00014- 4900-4901<br>2019-ICLI-00014- 4960-4972<br>2019-ICLI-00014- 4997-4998<br>2019-ICLI-00014- 5008-5009 | | draft document; 4891-4892; 4900-4901 as well.  (4960-4972 appears to be a repeat of the documents described above).  (5008-5009 is a repeat draft ERO document as described above).<br><br>Draft order to the court, drafted by the U.S. Attorney's office (4879-4885).<br><br>4997-4998 is a draft statement/ document of the Gutierrez-Soto case for ERO use.  Email part on 4998 has third-party information redacted, who have not signed privacy waivers.<br><br>**Description of the information being withheld under (b)(6) and (b)(7)(C)**: The information being withheld contains personally identifiable information ("PII") of ICE and DOJ employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>**Reasons for Redactions:**<br>Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names  and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.<br><br><br>**Description of the information being withheld under (b)(5):**<br>Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br><br>**Reasons for Redactions:**<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege.  The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency | |

<table>
<tr><td></td><td></td><td>decision making.  The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions.  This entire memo is a discussion of the Gutierrez-Soto case for ERO employees, which is only a draft copy as well.  Further full redactions cited in this index are fully deliberatively, draft materials made by OPLA and the U.S. Attorney's office in preparation to submit pleadings to the district court.  Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel, and also ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business.<br><br>**Description of the Information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, Person Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.<br><br>**Reasons for Redactions:**  Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.   Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.</td><td></td></tr>
<tr><td>2019-ICLI-00014- 4737-4746<br>2019-ICLI-00014- 4747<br>2019-ICLI-00014- 4811-4821<br>2019-ICLI-00014- 4822<br>2019-ICLI-00014- 4823-4824<br>2019-ICLI-00014- 4863-4867<br>2019-ICLI-00014- 4893-4895<br>2019-ICLI-00014- 4902-4959</td><td>Partial</td><td>**Description of the Record:** Emails between ICE officials containing privileged database information (pages 4737-4746).<br><br>I-213 and case review worksheet; Document Routing Form and recommendation from case review; draft analysis of Gutierrez case from ERO (4811-4821; 4822; 4823-4824).<br><br>Case review worksheet from El Paso and accompanying Document Routing Form (4863-4867).<br><br>ATD email to a deportation officer and accompanying documents (4893-4895).</td><td>Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6),(b)(7)(C), (b)(7(E)</td></tr>
</table>

Email chains between ICE employees about the case, and with third-parties including congressional office employees from Beto O'Rourke's office, and other government health agency officials about the plaintiffs' health in detention and issues surrounding that while the plaintiff was in ERO custody, beginning with the subject line "Missing case actions."(4902-4959).

**Description of the information being withheld under (b)(6) and (b)(7)(C)**: The information being withheld contains personally identifiable information ("PII") of ICE and DOJ employees, and other government employees (including their names and contact information such as phone number and/or email address). This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).

**Reasons for Redactions:**
Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of law enforcement ("LE") personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting law enforcement personnel to harassment and annoyance in conducting their official duties and in their private lives; (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and (3) possibly minimizing their ability to effectively conduct future investigations. The disclosure of this Personally Identifiable Information (PII) serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. In addition, no one consented to the disclosure of their PII and the personal interest of plaintiff is not considered.

**Description of the information being withheld under (b)(5):**
Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.

**Reasons for Redactions:**
This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. The discussions of the case in these cited sections give frank assessments of the case and legal issues involved with the Gutierrez-Soto litigation at large.

Disclosure of the information cited in this section would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel, and also ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business.

**Description of the Information being withheld under (b)(7)(E):** The information being withheld under (b)(7)(E) constitutes law enforcement sensitive information such as case numbers, the FBI number, Person Identification numbers, Subject Identification numbers, Case numbers, names of investigatory operations, event numbers, URLs, names of law enforcement databases queried.

**Reasons for Redactions:** Exemption (b)(7)(E) was applied to case numbers, names of investigatory operations, the FBI number, Event numbers, and names of law enforcement databases queried and URLs, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.   Further, how law enforcement officers access a database constitutes a law enforcement technique and procedure that is not commonly known.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.