**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

**NATIONAL PRESS CLUB JOURNALISM
INSTITUTE, et al.**

Plaintiffs,

v.

**UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT, et al.**

Defendants.

</td><td>

Civil Action No. 18-cv-2932 (RC)

</td></tr>
</table>

**PLAINTIFFS' COMBINED STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE IS NO GENUINE ISSUE AND
<u>RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS</u>**

Pursuant to Local Rule 7(h), Plaintiffs National Press Club Journalism Institute

("NPCJI") and Kathy Kiely ("Kiely") (collectively, "Plaintiffs") hereby submit their combined

statement of material facts as to which there is no genuine issue ("Plaintiffs' SMF") and response

to the statement of material facts submitted by Defendants United States Immigration and

Customs Enforcement ("ICE") and United States Department of Homeland Security ("DHS")

("Defendants' SMF").

**<u>PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS</u>[1]**

1.      Undisputed.[2]

---

[1]      The numbered paragraphs in Plaintiffs' response, below, correspond to those in the Defendants' SMF.

[2]      The [redacted] items a and b consist of phone numbers.

2.      Disputed.  Plaintiffs transmitted their FOIA request to ICE via email on May 18, 2018.  Marshall Decl. Ex. 1.

3.      Undisputed.

4.      Undisputed.

5.      Undisputed.

6.      Undisputed that U.S. Citizenship and Immigration Services ("USCIS") responded to Plaintiffs' administrative appeal by letter dated July 24, 2018.  Undisputed that USCIS's response stated that Plaintiffs' "FOIA request is not subject to administrative appeal at this time, since no specific material has been denied in response to the request."  Compl., ECF No. 1, ¶¶ 47–48, Ex. F; Answer, ECF No. 10, ¶¶ 47–48.

7.      Undisputed.

8.      Undisputed.

9.      Undisputed.

10.     Undisputed.

11.     Disputed in part.  Undisputed that ICE and USCIS have cited FOIA Exemptions 5, 6, 7(C), and 7(E) in responding to Plaintiffs' FOIA request.  Disputed to the extent that Defendants' SMF ¶ 11 purports to contend that the withholding of material under those exemptions is proper or lawful, which is an argument and/or legal conclusion that should be disregarded.[3]

---

[3]      *See* Local Rule 7(h)(1) (stating that a motion for summary judgment "shall be accompanied by a statement of material *facts* as to which the moving party contends there is no genuine issue" (emphasis added)); *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 153 (D.C. Cir. 1996) (rejecting assertion that "relevant facts" section of opposition memorandum satisfied then-applicable Rule 108(h) governing statements of undisputed material facts for, among other things, "repeatedly blending factual assertions with legal argument"); *Robertson v. Am. Airlines, Inc.*, 239 F. Supp. 2d 5, 9 (D.D.C. 2002) (rejecting statement of material facts as

12.    Disputed.  Defendants' SMF ¶ 12 consists entirely of argument and/or legal

conclusions, which should be disregarded.  *See supra* note 3.

### PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

*Plaintiffs' FOIA Request and Commencement of Litigation*

13.    On May 18, 2018, Plaintiffs submitted a FOIA request (the "Request") to ICE for

the following:

> (1) All records, including but not limited to emails, memos, text messages, and other communications, since January 1, 2017, that mention Emilio Gutierrez-Soto (aka Emilio Gutierrez Soto) or his son, Oscar Gutierrez-Soto (aka Oscar Gutierrez Soto);
>
> (2) All records of ICE facilities and/or personnel in El Paso, Texas, including but not limited to communications (e.g., emails, memos, text messages) and any mechanisms used to limit or block phone calls from detainees at ICE's El Paso facilities, since March 1, 2018, that mention or contain any of the following:
>
> a. [redacted phone number[4]];
> b. [redacted phone number];
> c. Eduardo Beckett
> d. Beckett Law Firm.

Marshall Decl. ¶ 2, Ex. 1.

14.    Plaintiffs attached to the Request privacy waivers for the following individuals:

Emilio Gutiérrez-Soto, Oscar Gutiérrez-Soto, and Eduardo Beckett.  *Id.*

15.    ICE acknowledged receiving the Request on or about June 14, 2018.  Compl.,

ECF No. 1, ¶ 39, Ex. B; Answer, ECF No. 10, ¶ 39.

16.    ICE referred a portion of the Request to USCIS.  Compl., ECF No. 1, ¶ 41, Ex. B;

Answer, ECF No. 10, ¶¶ 40–41.

---

complying with this Court's local rules because it incorporated a memo that "liberally mixe[d] facts with argument").

[4]    *See* Fed. R. Civ. P. 5.2.

17.     USCIS acknowledged receiving the referred portion of the Request on or about June 21, 2018.  Compl., ECF No. 1, ¶ 42, Ex. C; Answer, ECF No. 10, ¶¶ 42–43.

18.     Plaintiffs filed an administrative appeal regarding the Request on or about July 17, 2018.  Marshall Decl. ¶ 3, Ex. 2.

19.     In response to Plaintiffs' administrative appeal, ICE remanded the Request for further processing.  Compl., ECF No. 1, ¶¶ 45–46, Ex. E; Answer, ECF No. 10, ¶¶ 45–46.

20.     USCIS denied Plaintiffs' administrative appeal.  Compl., ECF No. 1, ¶¶ 47–48, Ex. F; Answer, ECF No. 10, ¶¶ 47–48.

21.     Defendants did not provide Plaintiffs with any records in response to Plaintiffs' Request before the above-captioned lawsuit was filed.  Compl., ECF No. 1, ¶ 50; Answer, ECF No. 10, ¶ 50.

22.     Plaintiffs filed the above-captioned lawsuit on December 13, 2018.  *See* Compl., ECF No. 1.

### *The Parties' Discussions After Litigation Commenced*

23.     Following commencement of the above-captioned lawsuit, Plaintiffs provided Defendants additional privacy waivers for Emilio Gutiérrez-Soto and Oscar Gutiérrez-Soto. Marshall Decl. ¶ 4, Ex. 3.

24.     In May of 2020, Defendants' counsel sent an email to Plaintiffs' counsel that stated, in part, "ICE believes that its search reasonably encompassed text messages to the extent there was a reasonable basis to believe that any responsive records would be encompassed within that manner of communication."  Marshall Decl. ¶ 18, Ex. 17.

25.     In that same email sent to Plaintiffs' counsel in May of 2020, Defendants' counsel also stated, in part, "As interpreted by ICE, this request sought records of the El Paso field office

concerning any mechanisms used by that office to limit or block phone calls or detainees. If you intended to convey something else in this request, please advise. In an effort to try to resolve any dispute over this issue, ICE will inquire further as to this issue." Marshall Decl. ¶ 18, Ex. 17.

26.    In June of 2020, Defendants' counsel sent an email to Plaintiffs' counsel that stated, in part, "In my email below, I advised that, as interpreted by ICE, this aspect of the request sought records of the El Paso field office concerning any mechanisms used by that office to limit or block phone calls of detainees. I had asked you to let me know if ICE misunderstood this request, and you have not indicated that ICE's understanding is incorrect (we thus assume that ICE's understanding, as stated in my email below, is correct). ICE has made inquiries within the El Paso field office and, from those inquiries, ICE has not identified any mechanisms in that office used to limit or block phone calls of detainees. Accordingly, ICE's position is that there are no responsive records." Marshall Decl. ¶ 19, Ex. 18.

27.    In June of 2020, Plaintiffs' counsel sent an email to Defendants' counsel requesting that ICE search the email accounts and text messages of the following agency personnel:

- William P. Joyce
- Thomas Homan
- Ronald Vitiello
- Stephany Miranda
- Mary B. DeAnda-Ybarra
- Patricia Noga
- Leticia Zamarripa
- Elias Gastelo
- Jesus L. Neriz
- Jaime Diaz
- Donald S. George
- Jose A Renteria
- Jose Tavarez
- Cesar A. Cervantes
- ICE's Congressional Liaison(s)

5

- ICE Health Service Corps' Assistant Health Service Administrator (AHSA) at the El Paso Processing Center

Marshall Decl. ¶ 20, Ex. 19.

28.     In an email in response to that request from Plaintiffs' counsel, Defendants' counsel stated, in part, that ICE would "conduct further searches for text messages and emails using your custodian list and in the manner described in my prior email of June 4, 2020 (i.e., manual searches by custodians still at ICE (applicable to emails and text messages); search by the IT department for those no longer at ICE (emails only)) and subject to the same limitations (for instance, if a custodian no longer is at ICE, then ICE would not be able to have that individual search his or her mobile work phone for text messages)."  Marshall Decl. ¶ 21, Ex. 20.

29.     In June of 2020, Defendants' counsel sent an email to Plaintiffs' counsel that stated, in part, "In terms of item 4 of the request, ICE has advised that it has no responsive records based on its understanding of that request. As previously stated in a prior email, that request is not drafted clearly. ICE has stated its understanding of that request to the best it can discern what you are requesting, and you have not asserted that ICE's understanding incorrect. Based on its understanding of the request, ICE has conducted what it considers to be a reasonable search. If you would like to revise item 4 of the request to make it clearer as to what specific documents you are seeking (for instance, are you seeking production of any written policies that may exist at ICE facilities in El Paso that address the issue of detainee phone calls?), ICE would be willing to consider such a revised request provided it falls within the parameters of the existing scope of item 4."  Marshall Decl. ¶ 21, Ex. 20.

30.     ICE has used mechanisms to block or limit phone calls at its facilities.  Marshall Decl. ¶¶ 22–24, Exs. 21–23.

31.     Defendants produced no text messages in response to Plaintiffs' Request. Musgrave Decl. ¶¶ 2–3.

*Deficiencies in ICE's Declaration and Vaughn Index*

32.     ICE's *Vaughn* index does not address documents that were produced to Plaintiffs in response to their Request without Bates numbers.  *Compare* ICE *Vaughn* Index, ECF No. 52-4, *with* Marshall Decl. ¶¶ 26–27, Exs. 25–26.

33.     ICE's *Vaughn* index does not address U.S. Customs and Border Patrol documents that were produced to Plaintiffs in response to the Request.  *Compare* ICE *Vaughn* Index, ECF No. 52-4, *with* Marshall Decl. ¶ 28, Ex. 27.

34.     ICE produced documents in response to Plaintiffs' Request with duplicate Bates numbers.  Marshall Decl. ¶¶ 29–32, Exs. 28–31.

*Public Interest in ICE's Treatment of Emilio Gutiérrez-Soto
and Oscar Gutiérrez-Soto*

35.     Multiple members of Congress inquired into ICE's treatment of Emilio Gutiérrez-Soto and Oscar Gutiérrez-Soto.  Marshall Decl. ¶¶ 15–17, Exs. 14–16.

36.     Press freedom advocates urged ICE to release Emilio Gutiérrez-Soto and Oscar Gutiérrez-Soto from custody pending resolution of their appeals to the Board of Immigration Appeals.  Marshall Decl. ¶¶ 13–14, Exs. 12–13.

37.     El Paso Bishop Mark J. Seitz urged ICE to release Emilio Gutiérrez-Soto and Oscar Gutiérrez-Soto from custody.  Marshall Decl. ¶ 10, Ex. 9.

*ICE Officials Whose Identities Are Public*

38.     William P. Joyce ("Joyce") previously served as the Acting Field Office Director ("FOD") of the El Paso ICE office.  Marshall Decl. ¶¶ 13, 42–43, Exs. 12, 41–42; *see also*

*Gutierrez-Soto v. Sessions*, 317 F. Supp. 3d 917 (W.D. Tex. 2018) (naming Joyce in his official capacity as Acting FOD).

39.     Defendants redacted Joyce's name from documents produced in response to Plaintiffs' Request.  Marshall Decl. ¶¶ 41, 44–46, Exs. 40, 43–45.

40.     Diane L. Witte ("Witte") previously served as the Deputy Field Office Director and the Acting Field Office Director of the El Paso ICE office.  Marshall Decl. ¶¶ 47–48, 71, Exs. 46–47, 70.

41.     Defendants redacted Witte's name from documents produced in response to Plaintiffs' Request.  Marshall Decl. ¶¶ 49–50, 71, Exs. 48–49, 70.

42.     Elias Gastelo ("Gastelo") is Chief Counsel, Office of the Principal Legal Advisor ("OPLA"), in the El Paso ICE office.  Marshall Decl. ¶¶ 51–52, Exs. 50–51.  *See also Aguilar v. Gastelos*, No. EP-13-CA-141-FM, 2013 WL 12130454 (W.D. Tex. Oct. 16, 2013) (dismissing a complaint filed against Gastelo in his official capacity); *Aguilar v. Gastelo*, No. 13CV0300 JCH/LAM, 2013 WL 12143081 (D.N.M. Apr. 17, 2013) (same).

43.     Defendants redacted Gastelo's name from documents produced in response to Plaintiffs' Request.  Marshall Decl. ¶¶ 53–54, Exs. 52–53.

44.     Jaime Diaz ("Diaz") previously served as Deputy Chief Counsel in the El Paso ICE office and currently serves as an Assistant Immigration Judge.  Marshall Decl. ¶ 55, Ex. 54.

45.     Defendants redacted Diaz's name from documents produced in response to Plaintiffs' Request.  Marshall Decl. ¶¶ 56–59, Exs. 55–58.

46.     Mary De Anda-Ybarra previously served as an Assistant Field Office Director in the El Paso ICE office and currently serves as Field Office Director of the El Paso ICE office. Marshall Decl. ¶ 60, Ex. 59.

47.     Jose Renteria is an Assistant Field Office Director in the El Paso ICE office.  *See Perez-Mendez v. Price*, No. EP-17-CV-00089-DCG, 2017 WL 8181557 (W.D. Tex. Aug. 8, 2017) (dismissing *habeas* petition against Renteria in his official capacity as Assistant Field Office Director).

48.     Carl Rusnok is ICE's Director of Communications for the Central Region. Marshall Decl. ¶ 62, Ex. 61.

49.     Defendants redacted Rusnok's name from documents produced in response to Plaintiffs' Request.  Marshall Decl. ¶¶ 63–64, Exs. 62–63.

50.     Leticia Zamarripa is an ICE spokeswoman based in the El Paso ICE office. Marshall Decl. ¶¶ 65–66, Exs. 64–65.

51.     Patricia Noga is an ICE officer.  Marshall Decl. ¶ 67, Ex. 66.


Dated:  June 23, 2023

                                                Respectfully submitted,

                                                */s/ Katie Townsend*
                                                Katie Townsend
                                                D.C. Bar No. 1026115
                                                Adam A. Marshall
                                                D.C. Bar No. 1029423
                                                Shawn Musgrave
                                                D.C. Bar No. 90002165
                                                REPORTERS COMMITTEE FOR
                                                FREEDOM OF THE PRESS
                                                1156 15th St. NW, Suite 1020
                                                Washington, D.C. 20005
                                                Phone:  202.795.9300
                                                Facsimile:  202.795.9310
                                                Email: ktownsend@rcfp.org
                                                Email: amarshall@rcfp.org
                                                Email: smusgrave@rcfp.org

                                                Charles D. Tobin
                                                D.C. Bar No. 455593

BALLARD SPAHR LLP
1909 K Street, NW 12th Floor
Washington, D.C. 20006-1157
Phone: 202.661.2200
Email: tobinc@ballardspahr.com

*Counsel for Plaintiffs*