UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PRESS CLUB JOURNALISM INSTITUTE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOM ENFORCEMENT, et al., <br><br> Defendants. | Civil Action No. 18-2932 (RC) |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFFS' STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

*Plaintiffs' FOIA Request and Commencement of Litigation*

13. On May 18, 2018, Plaintiffs submitted a FOIA request (the "Request") to ICE for the following:

   (1) All records, including but not limited to emails, memos, text messages, and other communications, since January 1, 2017, that mention Emilio Gutierrez-Soto (aka Emilio Gutierrez Soto) or his son, Oscar Gutierrez-Soto (aka Oscar Gutierrez Soto);

   (2) All records of ICE facilities and/or personnel in El Paso, Texas, including but not limited to communications (e.g., emails, memos, text messages) and any mechanisms used to limit or block phone calls from detainees at ICE's El Paso facilities, since March 1, 2018, that mention or contain any of the following:

   a. [redacted phone number4];

   b. [redacted phone number];

   c. Eduardo Beckett

   d. Beckett Law Firm.

   Marshall Decl. ¶ 2, Ex. 1.

   **Response**: Undisputed.

14. Plaintiffs attached to the Request privacy waivers for the following individuals: Emilio Gutiérrez-Soto, Oscar Gutiérrez-Soto, and Eduardo Beckett. *Id.*

    **Response**: Disputed. *See* ECF No. 1-1 at 4-6.

15. ICE acknowledged receiving the Request on or about June 14, 2018. Compl., ECF No. 1, ¶ 39, Ex. B; Answer, ECF No. 10, ¶ 39.

    **Response**: Undisputed

16. ICE referred a portion of the Request to USCIS. Compl., ECF No. 1, ¶ 41, Ex. B; Answer, ECF No. 10, ¶¶ 40–41.

    **Response**: Undisputed.

17. USCIS acknowledged receiving the referred portion of the Request on or about June 21, 2018. Compl., ECF No. 1, ¶ 42, Ex. C; Answer, ECF No. 10, ¶¶ 42–43.

    **Response**: Undisputed.

18. Plaintiffs filed an administrative appeal regarding the Request on or about July 17, 2018. Marshall Decl. ¶ 3, Ex. 2.

    **Response**: Undisputed.

19. In response to Plaintiffs' administrative appeal, ICE remanded the Request for further processing. Compl., ECF No. 1, ¶¶ 45–46, Ex. E; Answer, ECF No. 10, ¶¶ 45–46.

    **Response**: Undisputed.

20. USCIS denied Plaintiffs' administrative appeal. Compl., ECF No. 1, ¶¶ 47–48, Ex. F; Answer, ECF No. 10, ¶¶ 47–48.

    **Response**: Disputed. *See* ECF No. 1-6 at 2.

21. Defendants did not provide Plaintiffs with any records in response to Plaintiffs' Request before the above-captioned lawsuit was filed. Compl., ECF No. 1, ¶ 50; Answer, ECF No. 10, ¶ 50.

    **Response**: Disputed. *See* ECF No. 10 at 5 ¶ 50.

22. Plaintiffs filed the above-captioned lawsuit on December 13, 2018. *See* Compl., ECF No. 1.

    **Response**: Undisputed.

*The Parties' Discussions After Litigation Commenced*

23. Following commencement of the above-captioned lawsuit, Plaintiffs provided Defendants additional privacy waivers for Emilio Gutiérrez-Soto and Oscar Gutiérrez-Soto. Marshall Decl. ¶ 4, Ex. 3.

    **Response**: Disputed. Plaintiffs provided privacy waivers for the first time dated March 26, 2020. *See* ECF No. 53-4 at 34-35.

24. In May of 2020, Defendants' counsel sent an email to Plaintiffs' counsel that stated, in part, "ICE believes that its search reasonably encompassed text messages to the extent there was a reasonable basis to believe that any responsive records would be encompassed within that manner of communication." Marshall Decl. ¶ 18, Ex. 17.

    **Response**: Undisputed.

25. In that same email sent to Plaintiffs' counsel in May of 2020, Defendants' counsel also stated, in part, "As interpreted by ICE, this request sought records of the El Paso field office concerning any mechanisms used by that office to limit or block phone calls or detainees. If you intended to convey something else in this request, please advise. In an effort to try to resolve any dispute over this issue, ICE will inquire further as to this issue." Marshall Decl. ¶ 18, Ex. 17.

    **Response**: Undisputed.

26. In June of 2020, Defendants' counsel sent an email to Plaintiffs' counsel that stated, in part, "In my email below, I advised that, as interpreted by ICE, this aspect of the request sought records of the El Paso field office concerning any mechanisms used by that office to limit or block phone calls of detainees. I had asked you to let me know if ICE misunderstood this request, and you have not indicated that ICE's understanding is incorrect (we thus assume that ICE's understanding, as stated in my email below, is correct). ICE has made inquiries within the El Paso field office and, from those inquiries, ICE has not identified any mechanisms in that office used to limit or block phone calls of detainees. Accordingly, ICE's position is that there are no responsive records." Marshall Decl. ¶ 19, Ex. 18.

    **Response**: Undisputed.

27. In June of 2020, Plaintiffs' counsel sent an email to Defendants' counsel requesting that ICE search the email accounts and text messages of the following agency personnel:

    - [redacted]
    - [redacted]
    - [redacted]
    - [redacted]
    - [redacted]
    - [redacted]
    - [redacted]

3

- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- ICE's Congressional Liaison(s)
- ICE Health Service Corps' Assistant Health Service Administrator (AHSA) at the El Paso Processing Center

Marshall Decl. ¶ 20, Ex. 19.

**Response**: Undisputed.

28. In an email in response to that request from Plaintiffs' counsel, Defendants' counsel stated, in part, that ICE would "conduct further searches for text messages and emails using your custodian list and in the manner described in my prior email of June 4, 2020 (i.e., manual searches by custodians still at ICE (applicable to emails and text messages); search by the IT department for those no longer at ICE (emails only)) and subject to the same limitations (for instance, if a custodian no longer is at ICE, then ICE would not be able to have that individual search his or her mobile work phone for text messages)." Marshall Decl. ¶ 21, Ex. 20.

**Response**: Undisputed.

29. In June of 2020, Defendants' counsel sent an email to Plaintiffs' counsel that stated, in part, "In terms of item 4 of the request, ICE has advised that it has no responsive records based on its understanding of that request. As previously stated in a prior email, that request is not drafted clearly. ICE has stated its understanding of that request to the best it can discern what you are requesting, and you have not asserted that ICE's understanding incorrect. Based on its understanding of the request, ICE has conducted what it considers to be a reasonable search. If you would like to revise item 4 of the request to make it clearer as to what specific documents you are seeking (for instance, are you seeking production of any written policies that may exist at ICE facilities in El Paso that address the issue of detainee phone calls?), ICE would be willing to consider such a revised request provided it falls within the parameters of the existing scope of item 4." Marshall Decl. ¶ 21, Ex. 20.

**Response**: Undisputed.

30. ICE has used mechanisms to block or limit phone calls at its facilities. Marshall Decl. ¶¶ 22–24, Exs. 21–23.

**Response**: Disputed. The materials Plaintiffs cite do not support the proposition and they cannot support the assertion with admissible evidence. *See* Fed. R. Civ. P. 56(c)(1)(B). The materials Plaintiffs cite speak for themselves. The newspaper article—ECF No. 53-4 at 186-88—is inadmissible hearsay. *See* Fed. R. Civ. P. 56(c)(2).

31. Defendants produced no text messages in response to Plaintiffs' Request. Musgrave Decl. ¶¶ 2–3.

    **Response**: Undisputed.

*Deficiencies in ICE's Declaration and Vaughn Index*

**Response**: Defendants dispute Plaintiffs' characterization that the declarations and *Vaughn* index were "deficient."

32. ICE's Vaughn index does not address documents that were produced to Plaintiffs in response to their Request without Bates numbers. Compare ICE Vaughn Index, ECF No. 52-4, with Marshall Decl. ¶¶ 26–27, Exs. 25–26.

    **Response**: Undisputed.

33. ICE's Vaughn index does not address U.S. Customs and Border Patrol documents that were produced to Plaintiffs in response to the Request. Compare ICE Vaughn Index, ECF No. 52-4, with Marshall Decl. ¶ 28, Ex. 27.

    **Response**: Undisputed.

34. ICE produced documents in response to Plaintiffs' Request with duplicate Bates numbers. Marshall Decl. ¶¶ 29–32, Exs. 28–31.

    **Response**: Undisputed.

*Public Interest in ICE's Treatment of Emilio Gutiérrez-Soto and Oscar Gutiérrez-Soto*

**Response**: Defendants dispute Plaintiffs' characterization in the title.

35. Multiple members of Congress inquired into ICE's treatment of Emilio Gutiérrez-Soto and Oscar Gutiérrez-Soto. Marshall Decl. ¶¶ 15–17, Exs. 14–16.

    **Response**: Undisputed.

36. Press freedom advocates urged ICE to release Emilio Gutiérrez-Soto and Oscar Gutiérrez-Soto from custody pending resolution of their appeals to the Board of Immigration Appeals. Marshall Decl. ¶¶ 13–14, Exs. 12–13.

    **Response**: The materials Plaintiffs cite are inadmissible hearsay.

37. El Paso Bishop Mark J. Seitz urged ICE to release Emilio Gutiérrez-Soto and Oscar Gutiérrez-Soto from custody. Marshall Decl. ¶ 10, Ex. 9.

    **Response**: The materials Plaintiffs cite are inadmissible hearsay.

*ICE Officials Whose Identities Are Public*

    **Response**: Defendants dispute Plaintiffs' characterization in the title.

38. William P. Joyce ("Joyce") previously served as the Acting Field Office Director ("FOD") of the El Paso ICE office. Marshall Decl. ¶¶ 13, 42–43, Exs. 12, 41–42; *see also Gutierrez-Soto v. Sessions*, 317 F. Supp. 3d 917 (W.D. Tex. 2018) (naming Joyce in his official capacity as Acting FOD).

    **Response**: Defendants neither confirm nor deny this assertion. The materials Plaintiffs cite do not meet the burden of the public domain doctrine. *Cf.* Fed. R. Civ. P. 56(c)(1)(B).

39. Defendants redacted Joyce's name from documents produced in response to Plaintiffs' Request. Marshall Decl. ¶¶ 41, 44–46, Exs. 40, 43–45.

    **Response**: Defendants neither confirm nor deny this assertion. The materials Plaintiffs cite do not support the assertion. *See* Fed. R. Civ. P. 56(c)(1)(B).

40. Diane L. Witte ("Witte") previously served as the Deputy Field Office Director and the Acting Field Office Director of the El Paso ICE office. Marshall Decl. ¶¶ 47–48, 71, Exs. 46–47, 70.

    **Response**: Defendants neither confirm nor deny this assertion. The materials Plaintiffs cite do not meet the burden of the public domain doctrine. *Cf.* Fed. R. Civ. P. 56(c)(1)(B).

41. Defendants redacted Witte's name from documents produced in response to Plaintiffs' Request. Marshall Decl. ¶¶ 49–50, 71, Exs. 48–49, 70.

    **Response**: Defendants neither confirm nor deny this assertion. The materials Plaintiffs cite do not support the assertion. *See* Fed. R. Civ. P. 56(c)(1)(B).

42. Elias Gastelo ("Gastelo") is Chief Counsel, Office of the Principal Legal Advisor ("OPLA"), in the El Paso ICE office. Marshall Decl. ¶¶ 51–52, Exs. 50–51. *See also Aguilar v. Gastelos*, No. EP-13-CA-141-FM, 2013 WL 12130454 (W.D. Tex. Oct. 16, 2013) (dismissing a complaint filed against Gastelo in his official capacity); *Aguilar v. Gastelo*, No. 13CV0300 JCH/LAM, 2013 WL 12143081 (D.N.M. Apr. 17, 2013) (same).

    **Response**: Defendants neither confirm nor deny this assertion. The materials Plaintiffs cite do not meet the burden of the public domain doctrine. *Cf.* Fed. R. Civ. P. 56(c)(1)(B).

43. Defendants redacted Gastelo's name from documents produced in response to Plaintiffs' Request. Marshall Decl. ¶¶ 53–54, Exs. 52–53.

    **Response**: Defendants neither confirm nor deny this assertion. The materials Plaintiffs cite do not support the assertion. *See* Fed. R. Civ. P. 56(c)(1)(B).

44. Jaime Diaz ("Diaz") previously served as Deputy Chief Counsel in the El Paso ICE office and currently serves as an Assistant Immigration Judge. Marshall Decl. ¶ 55, Ex. 54.

**Response**: Defendants neither confirm nor deny this assertion. The website Plaintiffs cite—ECF No. 53-6 at 339-349—is inadmissible hearsay.

45. Defendants redacted Diaz's name from documents produced in response to Plaintiffs' Request. Marshall Decl. ¶¶ 56–59, Exs. 55–58.

**Response**: Defendants neither confirm nor deny this assertion. The materials Plaintiffs cite do not support the assertion. *See* Fed. R. Civ. P. 56(c)(1)(B).

46. Mary De Anda-Ybarra previously served as an Assistant Field Office Director in the El Paso ICE office and currently serves as Field Office Director of the El Paso ICE office. Marshall Decl. ¶ 60, Ex. 59.

**Response**: Defendants neither confirm nor deny this assertion. The materials Plaintiffs cite do not meet the burden of the public domain doctrine. *Cf.* Fed. R. Civ. P. 56(c)(1)(B).

47. Jose Renteria is an Assistant Field Office Director in the El Paso ICE office. *See Perez-Mendez v. Price*, No. EP-17-CV-00089-DCG, 2017 WL 8181557 (W.D. Tex. Aug. 8, 2017) (dismissing habeas petition against Renteria in his official capacity as Assistant Field Office Director).

**Response**: Defendants neither confirm nor deny this assertion. The materials Plaintiffs cite do not meet the burden of the public domain doctrine. *Cf.* Fed. R. Civ. P. 56(c)(1)(B).

48. Carl Rusnok is ICE's Director of Communications for the Central Region. Marshall Decl. ¶ 62, Ex. 61.

**Response**: Defendants neither confirm nor deny this assertion. The materials Plaintiffs cite do not support the assertion. *See* Fed. R. Civ. P. 56(c)(1)(B). The newspaper article—ECF No. 53-6 at 368-69—is inadmissible hearsay. *See* Fed. R. Civ. P. 56(c)(2).

49. Defendants redacted Rusnok's name from documents produced in response to Plaintiffs' Request. Marshall Decl. ¶¶ 63–64, Exs. 62–63.

**Response**: Defendants neither confirm nor deny this assertion. The materials Plaintiffs cite do not support the assertion. *See* Fed. R. Civ. P. 56(c)(1)(B).

50. Leticia Zamarripa is an ICE spokeswoman based in the El Paso ICE office. Marshall Decl. ¶¶ 65–66, Exs. 64–65.

**Response**: Undisputed.

51. Patricia Noga is an ICE officer. Marshall Decl. ¶ 67, Ex. 66.

**Response**: Defendants neither confirm nor deny this assertion. The materials Plaintiffs cite do not support the assertion. *See* Fed. R. Civ. P. 56(c)(1)(B). The newspaper article—ECF No. 53-6 at 386-96—is inadmissible hearsay. *See* Fed. R. Civ. P. 56(c)(2).

Date:   July 24, 2023                    Respectfully submitted,

                                            MATTHEW M. GRAVES, D.C. Bar #481052
                                            United States Attorney

                                            BRIAN P. HUDAK
                                            Chief, Civil Division

                                            By:    */s/ Sam Escher*
                                                        SAM ESCHER, D.C. Bar #1655538
                                                        Assistant United States Attorney
                                                        601 D Street N.W.
                                                        Washington, D.C. 20530
                                                        (202) 252-2531
                                                        Sam.Escher@usdoj.gov

                                            *Counsel for United States of America*